# THE BAYARD FIRM
A T T O R N E Y S

222 DELAWARE AVENUE, SUITE 900
P O BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

FILED ELECTRONICALLY
ORIGINAL BY HAND

(302) 429-4208
rkirk@bayardfirm.com

July 14, 2006

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE  19801

      RE:    Sepracor Inc. v. Dey, L.P. and Dey, Inc.,
              C.A. No. 06-113 (KAJ)

Dear Judge Jordan:

      In response to the Court's June 22, 2006 Order (D.I. 15), I am pleased to submit the attached Joint Proposed Discovery Plan on behalf of all parties. Counsel for plaintiff Sepracor Inc. ("Sepracor") and defendants Dey, L.P. and Dey, Inc. ("Dey") conferred on several occasions after receiving the Court's June 22 Order. We made some progress, but we remain far apart on many issues.

      The attached Joint Proposed Discovery Plan contains some competing proposals where the parties could not reach agreement. Those competing proposals are, we hope, clearly marked.

      We look forward to discussing the parties' views with the Court on the teleconference next Wednesday. In the meantime, if the Court has any questions, counsel would be pleased to respond.

                                Respectfully submitted,

                                /s/ Richard D. Kirk (rk0922)

RDK/sb
Enclosure
cc:    Clerk of Court, by hand
        All counsel of record as shown on attached service list

630027v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 14, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on July 14, 2006, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Edgar H. Haug, Esquire
Kimberly J. McGraw, Esquire
Frommer, Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC., <br><br> Plaintiff, <br><br> v. <br><br> DEY, L.P. and DEY, INC., <br><br> Defendants. | C.A. No. 06-113-KAJ |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2, a meeting among counsel was held by telephone conference on July 11, 2006. Counsel for Plaintiff Sepracor Inc. ("Sepracor") – Richard D. Kirk, Jack M. Stover, Susan M. Dadio, and Jayson R. Wolfgang – and Defendants Dey, L.P. and Dey, Inc. (collectively "Dey") – Elizabeth A. Leff and Kimberly J. McGraw – participated in the conference.

The parties have attempted to reach agreement but, after making reasonable efforts, do not agree on many of the particular dates and/or certain formats for the respective events. For those dates and/or events which agreement could not be reached, both parties' proposals are identified herein.

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days of the date of the Court's Scheduling Order**. The parties have reviewed the Court's Default Standard for Discovery of Electronic

Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **September 7, 2006**.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>.

Sepracor proposes that each side is limited to a total of **140 hours** of taking fact testimony by deposition upon oral examination (**not including records depositions**). Sepracor also proposes that use in this case of any deposition transcript from the earlier filed *Sepracor Inc. v. Breath Limited* Paragraph IV action, No. 06-10043-DPW (D. Mass.), or any possible additional Paragraph IV action involving levalbuterol hydrochloride inhalation solutions, shall count against the using party's total deposition hours in an equivalent amount of time for which the entire deposition took in the other action.

Dey proposes that each side is limited to a total of **140 hours** of taking testimony by deposition upon oral examination. The use of a deposition transcript from another case shall not count against the using party's total deposition hours.

    b. <u>Location of Depositions</u>.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court. If after making such reasonable efforts the parties cannot agree, the deposition will be required to

occur at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

    c. <u>Discovery Cut Off</u>.

Sepracor proposes that all fact discovery in this case shall be initiated so that it will be completed on or before **March 23, 2007**, and all expert discovery in this case shall be initiated so that it will be completed on or before **October 31, 2007**.

Dey proposes that all fact discovery in this case shall be initiated so that it will be completed on or before **January 26, 2007**, and all expert discovery in this case shall be initiated so that it will be completed on or before **April 27, 2007**.

Each side may propound a maximum of **50 interrogatories**. The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case. The parties agree that the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    d. <u>Disclosure of Expert Testimony</u>.

Sepracor proposes that the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **May 25, 2007**, and file rebuttal expert reports to contradict or rebut evidence on the same subject matter identified by another party on or before **July 13, 2007**. Further, Sepracor proposes that any supplemental expert reports be filed on or before **August 10, 2007**.

Dey proposes that the parties shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **January 26, 2007**, and

rebuttal expert reports to contradict or rebut evidence on the same subject matter identified by another party on or before **February 27, 2007**. Further, Dey proposes that supplemental expert reports to contradict or rebut evidence on an issue properly identified for the first time in another party's rebuttal expert report be filed on or before **March 13, 2007**.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    e.    Discovery Disputes.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>.

Counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, and thus counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Court's Scheduling Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e, above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Court's Scheduling Order.

7.   Interim Status Report.

Sepracor proposes that on **January 23, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

Dey proposes that on **November 17, 2006**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.   Status Conference.

Sepracor proposes that on **January 30, 2007,** the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 11:00 a.m.

Dey proposes that on **November 28, 2006,** the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ __.m.

Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.   Tutorial Describing the Technology and Matters in Issue.

Sepracor proposes that, if submitted by videotape, the parties shall provide the Court by **February 28, 2008**, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. If the parties choose to present the tutorial in person, then such tutorial will be presented at the time of the claim construction hearing.

Dey proposes that the parties shall provide the Court by **January 17, 2007**, a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. The parties may choose to present the tutorial in person.

In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10. Case Dispositive Motions.

Sepracor proposes that all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed **within 45 days of the Court's final claim construction ruling**. Briefing will be presented pursuant to the Court's Local Rules.

Dey proposes that all case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 23, 2007**. Briefing will be presented pursuant to the Court's Local Rules.

11. Claim Construction Issue Identification.

Sepracor proposes that if the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **November 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **December 10, 2007**.

Dey proposes that if the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **May 9, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **May 23, 2007**.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction</u>.

Sepracor proposes that the parties shall submit to the Court opening briefs on claim construction on or before **December 15, 2007**. Sepracor further proposes that the parties shall submit to the Court responsive briefs on claim construction on or before **January 19, 2008**.

Dey proposes that the parties shall submit to the Court opening briefs on claim construction on or before **May 23, 2007**. Dey further proposes that the parties shall submit to the Court responsive briefs on claim construction on or before **June 13, 2007**.

13. <u>Hearing on Claim Construction</u>.

Sepracor proposes that, subject to the Court's schedule, beginning at 2:00 p.m. on **February 28, 2008**, and continuing to at least February 29, 2008, if necessary, the Court will hear evidence and argument on claim construction.

Dey proposes that, subject to the Court's schedule, beginning at 2:00 p.m. on **July 17, 2007**, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion</u>.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>.

Sepracor proposes that on **September 9, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 9:30 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). Sepracor proposes that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **September 4, 2008**.

Dey proposes that on **September 29, 2007**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at \_\_\_\_\_ \_\_.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the

pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). Sepracor proposes that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **August 30, 2007**.

16. Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Jury Instructions, Voir Dire, and Special Verdict Forms.

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial</u>.

Sepracor proposes that, subject to the Court's schedule, this matter is scheduled for a bench trial beginning at 9:30 a.m. on **October 7, 2008**. Sepracor believes that, for the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 40 hours to present their case.

Dey proposes that, subject to the Court's schedule, this matter is scheduled for a ____ day jury trial beginning at ____ .m. on **October 23, 2007**. Dey believes that, for the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ____ hours to present their case.

July 14, 2006

| ASHBY & GEDDES | THE BAYARD FIRM |
|---|---|
| /s/ John G. Day (jd2403) | /s/ Richard D. Kirk (rk0922) |
| Steven J. Balick (#2114) | Richard D. Kirk (rk0922) |
| John G. Day (#2403) | Ashley B. Stitzer (as3891) |
| Tiffany Geyer Lydon (#3950) | 222 Delaware Avenue, Suite 900 |
| 222 Delaware Avenue, 17th Floor | P.O. Box 25130 |
| P.O. Box 1150 | Wilmington, DE 19899-5130 |
| Wilmington, Delaware 19899 | (302) 655-5000 |
| (302) 654-1888 | rkirk@bayardfirm.com |
| sbalick@ashby-geddes.com | |
| jday@ashby-geddes.com | Attorneys for Plaintiff, |
| tlydon@ashby-geddes.com | SEPRACOR INC. |
| Attorneys for Defendants, | |
| DEY, L.P. and DEY, INC. | |

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Edgar H. Haug<br>Kimberly J. McGraw<br>FROMMER, LAWRENCE & HAUG L.L.P.<br>745 Fifth Avenue<br>New York, New York 10151<br>(212) 588-0800<br>ehaug@flhlaw.com<br>kmcgraw@flhlaw.com | Jack M. Stover<br>Jayson R. Wolfgang<br>BUCHANAN INGERSOLL & ROONEY PC<br>One South Market Square<br>213 Market Street, 3rd Floor<br>Harrisburg, PA 17101-2121<br>(717) 237-4800<br>stoverjm@bipc.com<br>wolfgangjr@bipc.com |
| Elizabeth A. Leff<br>FROMMER, LAWRENCE & HAUG L.L.P.<br>1667 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 292-1530<br>eleff@flhlaw.com | Todd R. Walters<br>Susan M. Dadio<br>BUCHANAN INGERSOLL & ROONEY PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314-2727<br>(703) 836-6620<br>walterstr@bipc.com<br>dadiosm@bipc.com |