# THE BAYARD FIRM
ATTORNEYS

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS

(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY
ORIGINAL BY HAND

July 21, 2006

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10
Wilmington, DE 19801

      RE:   Sepracor Inc. v. Dey, L.P. and Dey, Inc.,
             C.A. No. 06-113 (KAJ)

Dear Judge Jordan:

In follow up to the teleconference held on July 19, 2006, I am pleased to enclose on behalf of all parties a form Rule 16 Scheduling Order. Counsel would all be pleased to respond to any questions the Court may have.

                                            Respectfully submitted,

                                            /s/ Richard D. Kirk (rk0922)

RDK/sb
Enclosure
cc:    Clerk of Court, by hand
        All counsel of record as shown on attached service list

630541v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>     Plaintiff,<br>v.<br><br>DEY, L.P. and DEY, INC.,<br><br>     Defendants. | C.A. No. 06-113-KAJ |

**RULE 16 SCHEDULING ORDER**

This _____ day of July, 2006, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on July 19, 2006, and the parties having determined that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days of the date of this Order**. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **September 7, 2006**.

3. <u>Discovery</u>.

   a. <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of **140 hours** of taking fact testimony by deposition upon oral examination.

   b. <u>Location of Depositions</u>.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court. If after making such reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

   c. <u>Limitation on Number of Interrogatories</u>

Each side may propound a maximum of **50 interrogatories**. The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

   d. <u>Discovery Cut Off</u>.

All discovery in this case shall be initiated so that it will be completed on or before **July 2, 2007.** Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e. <u>Disclosure of Expert Testimony</u>.

The parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety days before the date of the completion of discovery, and file supplemental disclosures to contradict or rebut evidence on the same subject matter identified by another party sixty days before the date for the completion of discovery.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f. <u>Discovery Disputes</u>.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Application to Court for Protective Order</u>.

Counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, and thus counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Court's Scheduling Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3(f,) above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

630370v1

4

7.     Interim Status Report.

On **May 3, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.     Status Conference.

On **May 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel **beginning at 4:30 p.m.** Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.     Tutorial Describing the Technology and Matters in Issue.

By **February 9, 2007**, the parties shall submit a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **February 9, 2007** beginning at 9:30 a.m.

In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10.   Case Dispositive Motions.

All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **August 1, 2007**. Briefing will continue pursuant to the Court's Local Rules.

11.   Claim Construction Issue Identification.

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **June 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **August 1, 2007**.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.   Claim Construction.

The parties shall submit to the Court opening briefs on claim construction on or before **August 1, 2007,** and responsive briefs on claim construction on **August 15, 2007,** to be considered by the Court in connection with the parties' summary judgment motions.

13. <u>Hearing on Claim Construction</u>.

On **October 5, 2007 beginning at 9:30 a.m.**, the Court will hear argument on claim construction and dispositive motions.

14. <u>Applications by Motion</u>.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>.

On **January 16, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel **beginning at 4:30 p.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **December 17, 2007**.

16. <u>Motions *in Limine*</u>.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an

*in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.  Trial.

This matter is scheduled for a bench trial **beginning at 9:30 a.m. on February 25, 2008 and running through March 7, 2008**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **22 hours** to present their case.

_____
United States District Judge

SUBMITTED BY AND AGREED AS TO FORM:

| | |
|---|---|
| ASHBY & GEDDES<br>/s/ John G. Day (jd2403)<br>Steven J. Balick (#2114)<br>John G. Day (#2403)<br>Tiffany Geyer Lydon (#3950)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>(302) 654-1888<br>jday@ashby-geddes.com<br><br>Attorneys for Defendants,<br>DEY, L.P. and DEY, INC.<br><br>OF COUNSEL:<br>Edgar H. Haug<br>Kimberly J. McGraw<br>FROMMER, LAWRENCE & HAUG L.L.P.<br>745 Fifth Avenue<br>New York, New York 10151<br>(212) 588-0800<br><br>Elizabeth A. Leff<br>FROMMER, LAWRENCE & HAUG L.L.P.<br>1667 K Street, N.W.<br>Washington, D.C. 20006<br>(202) 292-1530 | THE BAYARD FIRM<br>/s/ Richard D. Kirk (rk0922)<br>Richard D. Kirk (rk0922)<br>Ashley B. Stitzer (as3891)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899-5130<br>(302) 655-5000<br>rkirk@bayardfirm.com<br><br>Attorneys for Plaintiff,<br>SEPRACOR INC.<br><br>OF COUNSEL:<br>Jack M. Stover<br>Jayson R. Wolfgang<br>BUCHANAN INGERSOLL & ROONEY PC<br>One South Market Square<br>213 Market Street, 3rd Floor<br>Harrisburg, PA 17101-2121<br>(717) 237-4800<br><br>Todd R. Walters<br>Susan M. Dadio<br>BUCHANAN INGERSOLL & ROONEY PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314-2727<br>(703) 836-6620 |

630370v1

9

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 21, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on July 21, 2006, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

| | |
|---|---|
| Edgar H. Haug, Esquire<br>Kimberly J. McGraw, Esquire<br>Frommer, Lawrence & Haug L.L.P.<br>745 Fifth Avenue<br>New York, NY 10151 | Elizabeth A. Leff, Esquire<br>Frommer, Lawrence & Haug L.L.P.<br>1667 K. Street, N.W.<br>Washington, D.C. 20006 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446v1