IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-113-KAJ |
| | ) | |
| DEY, L.P. and DEY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO PHILIP E. HANSEN

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Defendants Dey, L.P. and Dey, Inc. (collectively "Dey") will take the deposition upon oral examination of Philip E. Hansen. The deposition shall take place at the offices of Degraff, Foy, Kunz & Devine, LLP, 90 State Street, Albany, NY 12207, on October 13, 2006, beginning at 9:00 a.m. The deposition will be taken for the purposes of discovery, for use at trial or hearings, and for any other purpose allowed under the orders of the presiding Court and the Federal Rules of Civil Procedure, and will be taken before an officer, notary public or other person authorized to administer oaths. Some or all of the deposition testimony may be recorded by stenographic, audio, audio visual, and/or real-time computer means.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, Dey will serve the attached subpoena upon Philip E. Hansen.

ASHBY & GEDDES

/s/ *John G. Day*

───────────────────────────
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
*Attorneys for Defendants*
*Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500
ehaug@flhlaw.com
kmcgraw@flhlaw.com

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531
eleff@flhlaw.com

Dated: September 7, 2006
172946.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

Sepracor, Inc

V.

Dey, L.P. and Dey, Inc.

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** 06-113 KAJ

TO:    Philip E. Hansen
       Heslin Rothenberg Farley & Mesiti P.C.
       5 Columbia Circle
       Albany, NY 12203

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| DeGraff, Foy, Kunz & Devine, LLP<br>90 State Street<br>Albany, New York 12207<br>United States of America | October 13, 2006<br>9:00 A.M. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A**

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| DeGraff, Foy, Kunz & Devine, LLP<br>90 State Street<br>Albany, New York 12207<br>United States of America | September 27, 2006<br>9:00 A.M. |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>( ATTORNEY FOR DEFENDANT ) | Date:<br>7 September 2006 |
|---|---|

Document5

Issuing Officer's Name, Address, and Phone Number

Elizabeth A. Leff, Esq., Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **EXHIBIT A**

1. All documents and things constituting or relating in any way to the prosecution of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993.

2. All documents constituting or relating in any way to:

   - Great Britain Patent No. 1,298,494
   - Great Britain Patent No. 1,200,886
   - German Patent No. 2,128,258

3. All documents relating in any way to any discussions with Bayer AG relating to Albuterol, its isomers or U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993; or any patent applications relating to those patents.

4. All documents relating to the prior art considered during the prosecution of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993.

5. All documents relating to searches for the prior art considered during the prosecution of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993.

6. All correspondence with the PTO and/or the FDA regarding U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002; and 6,083,993, or the patent applications relating to those patents.

7. Documents sufficient to identify the individual from Bayer AG who brought U.K. Patent No. 1,298,494 and German Patent No. 2,128,258 to the attention of the attorney prosecuting U. S. Patent No. 5,547,994.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2006, the attached **NOTICE OF DEPOSITION AND SUBPOENA DIRECTED TO PHILIP E. HANSEN** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jack M. Stover, Esquire<br>Buchanan Ingersoll & Rooney PC<br>One South Market Square<br>213 Market Street, 3rd Floor<br>Harrisburg, PA 17101-2121 | VIA FEDERAL EXPRESS |
| Todd R. Walters, Esquire<br>Buchanan Ingersoll & Rooney PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314-2727 | VIA FEDERAL EXPRESS |

/s/ John G. Day
_____
John G. Day