IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR, INC. <br><br>    Plaintiff, Counterclaim-Defendant, <br><br>v. <br><br>DEY, L.P. AND DEY, INC. <br><br>    Defendants, Counterclaim-Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-113 KAJ |
| SEPRACOR, INC. <br><br>    Plaintiff, Counterclaim-Defendant, <br><br>v. <br><br>DEY, L.P. AND DEY, INC. <br><br>    Defendants, Counterclaim-Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-604 KAJ |

**DEY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

### I.    PRELIMINARY STATEMENT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants Dey, L.P. and Dey, Inc. (collectively "Dey") respectfully request this Court to consolidate Civil Action No. 06-113 (KAJ) ("the first levalbuterol action") with the action recently filed against Dey, Civil Action No. 06-604 (KAJ) ("the second levalbuterol action").

The issue presented by Dey's motion to consolidate boils down to a straightforward

question of judicial economy. The two infringement actions involve identical parties and patents. The accused products differ only in the concentration of the active ingredient. Because discovery is in the very early stages, consolidation will not cause a need to adjust to the scheduling order in place in Civil Action No. 06-113-KAJ.

## II.    FACTUAL BACKGROUND

Pursuant to the Hatch-Waxman Act, Dey filed ANDA No. 77-800 seeking approval to market its levalbuterol hydrochloride inhalation solutions in three different concentrations: 0.31 mg/3 ml, 0.63 mg/3 ml and 1.25 mg/3 ml ("levalbuterol hydrochloride solutions"). Dey's ANDA contained a paragraph IV certification stating that Dey believes the patents Sepracor listed in the Orange Book as claiming the Sepracor brand levalbuterol hydrochloride solution, known as Xopenex®, are either invalid or not infringed by Dey's levalbuterol hydrochloride solutions. 21 U.S.C. §355(j)(2)(B)(iii). Dey notified Sepracor that it had filed an ANDA with a paragraph IV certification as required under the Hatch-Waxman Act. Sepracor filed this action (suing Dey on 5 of the 6 patents) within 45 days of receiving the certification notice so as to affect a 30 month stay of ANDA approval. 21 U.S.C. §355(j)(5)(B)(iii).

Dey subsequently filed ANDA No. 78-309 seeking approval to market a 1.25 mg/0.5 mg levalbuterol hydrochloride inhalation solution (the "levalbuterol solution concentrate"). As it did previously with ANDA 77-800, Dey certified under paragraph IV that the patents Sepracor listed in the Orange book for Xopenex® are either invalid or not infringed by Dey's levalbuterol hydrochloride concentrate. Dey notified Sepracor that ANDA 78-309 had been filed with a paragraph IV certification. Within 45 days of receiving the notice, Sepracor filed a second

2

action in this court identical to the first[1].

The issues of law and fact are identical in the two actions. Moreover, while discovery in this case began with Dey serving document requests on Sepracor, documents were not produced in this action until last week. Furthermore, Sepracor's responses to interrogatories have been less than complete. Essentially discovery in this case has just begun. Therefore, consolidation of Civil Action No. 06-113 (KAJ) with Civil Action No. 06-604 (KAJ) will not have any effect on the Scheduling Order in C.A. No. 06-113.

### III.   ARGUMENT

#### A.   CONSOLIDATION SHOULD BE ORDERED BECAUSE THE CASES INVOLVE IDENTICAL ISSUES OF FACT AND LAW.

Rule 42(a) requires that a common question of law or fact exist for consolidation. *See Honeywell Int'l Inc. v. Audiovox Communs. Corp.*, No. 04-1337, 2005 U.S. Dist. LEXIS 22933, at *5-6 (D. Del. May 18, 2005). The questions of law and fact raised in the two actions brought by Sepracor against Dey are not only common, they are identical.

First, the allegations pled in the complaints are identical with the exception of the willfulness allegation made in the first levalbuterol action, which Sepracor has stated it is withdrawing.

Second, because the patents-in-suit are identical, the defenses and counterclaims of invalidity that have been pled in both of the actions are identical.

Third, the defenses and counterclaims of non-infringement that have been pled in both cases are identical. The products at issue differ in the concentration of the active ingredient. As

---

[1] The complaints in the two actions differ only in that the complaint in the first levalbuterol action contains an allegation of willfulness whereas the complaint in the second levalbuterol action does not. However, counsel for Sepracor has advised counsel for Dey that it is withdrawing the willfulness allegation in the complaint in the first levalbuterol action.

3

the patents-in-suit claim methods of using the active ingredient, the infringement arguments for each of the patents are the same in both cases.

Finally, because the patents-in-suit are identical, any issues of claim construction will be the same in both actions.

### B. CONSOLIDATION IS IN THE INTEREST OF JUDICIAL ECONOMY AND WILL CAUSE NO PREJUDICE OR DELAY

Where, as here, the existence of a common question is established, "the trial judge, under Rule 42(a), is given the broad authority to 'make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.'" *Blake v. Farrell Lines, Inc.*, 417 F.2d 264, 266 (3d Cir. 1969). "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" *In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1988). There can be no serious dispute that in these two actions, which differ only in the concentration of levalbuterol hydrochloride in the accused ANDA products, the interests of judicial economy, convenience, and expense weigh heavily in favor of consolidation. Indeed there are no considerations weighing against consolidation.

The two levalbuterol actions are in the early stages. In the first levalbuterol action, the first documents were produced last week. The answer and counterclaims in the second levalbuterol case were just filed. No depositions have been taken in either case. Because of the identity of patents and issues in the two actions, there will be substantial overlap if not identity in documents and witnesses. Consolidation will prevent delays, confusion and prejudice while saving the Court and all parties considerable time and resources that would otherwise be spent presiding over duplicative proceedings. *See, e.g., Holland v. N.J. Dep't of Corr.*, Nos. 93-1683, 94-2391, 94-3087, 1994 U.S. Dist. LEXIS 13239, at *19-21 (D.N.J. Sept. 14, 1994) (noting that

4

avoidance of duplicative proceedings and goals of judicial economy and convenience dictated the consolidation of three actions). Accordingly, this Court should exercise its discretion and consolidate the two actions for all purposes.

## IV. CONCLUSION

For the foregoing reason, Dey respectfully requests that this Court consolidate the first levalbuterol action, Civil Action No. 06-113 (KAJ), with the second levalbuterol action, Civil Action No. 06-604 (KAJ), for all purposes, including trial.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edward H. Haug
Kimberly J. McGraw
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG LLP
1667 K Street, N.W.
Washington, D.C. 20006
(202) 292-1530

Dated: October 24, 2006
174457.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2006, the attached **DEY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899 | HAND DELIVERY |
| Jack M. Stover, Esquire<br>Buchanan Ingersoll & Rooney PC<br>One South Market Square<br>213 Market Street, 3rd Floor<br>Harrisburg, PA 17101-2121 | VIA FEDERAL EXPRESS |
| Todd R. Walters, Esquire<br>Buchanan Ingersoll & Rooney PC<br>1737 King Street, Suite 500<br>Alexandria, VA 22314-2727 | VIA FEDERAL EXPRESS |

/s/ *Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon