# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 1, 2006

VIA ELECTRONIC FILING and HAND DELIVERY

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, Delaware 19801

**REDACTED PUBLIC
VERSION**

Re:    *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.,*
        C.A. No. 06-113-KAJ

Dear Judge Jordan:

As part of Defendants Dey, L.P. and Dey, Inc. ("Dey")'s letter submission for the discovery dispute teleconference scheduled for today at 4:00 p.m. (D.I. 61), we inadvertently failed to attach Dey's first set of interrogatories and Sepracor's responses to those interrogatories. We therefore enclose the interrogatories and responses and apologize for any inconvenience.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

TGL: dmf
Attachments
174735.1

c:    Richard D. Kirk, Esquire (by hand delivery; w/attachments)
       Jack M. Stover, Esquire (via electronic mail; w/attachments)
       Todd R. Walters, Esquire (via electronic mail; w/attachments)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 06-113-KAJ |
| | ) |
| DEY, L.P. and DEY, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

In accordance with Federal Rule of Civil Procedure 33, Defendants Dey, L.P., and Dey,

Inc. (collectively "Dey") request that Plaintiff, Sepracor, Inc. ("Sepracor") answer the following

interrogatories within thirty (30) days of service. To the extent that the answer to any of these

interrogatories changes between the time of Sepracor's initial response and the time of trial, Dey

requests pursuant to Federal Rule of Civil Procedure 26(e) that Sepracor amend or supplement

the answers to reflect such changes within a reasonable period of time after such information is

acquired.

## INSTRUCTIONS

A. The form of the responses to Dey's interrogatories shall comply with Rule 33(b) of the

Federal Rules of Civil Procedure.

B. Dey's interrogatories shall be deemed to seek responses as of the date they are served and

to be continuing, requiring Sepracor to serve supplemental responses promptly in

accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional

responsive information, or document, which becomes known to Sepracor, or Sepracor's

counsel, up to and including the time of trial, shall be furnished to Dey within a

reasonable time after such information becomes known. Moreover, if Sepracor, or

Sepracor's counsel acquire any information, documents or things that require an answer to be enlarged, diminished, or otherwise modified, such information, documents or things shall be supplied to Dey within a reasonable time after they are acquired.

C.  These interrogatories are intended to include all things in the possession, custody, or control of Sepracor or Sepracor's counsel, wherever located.

D.  If Sepracor finds the meaning of any term in these requests to be unclear, assume a reasonable meaning, state what meaning you are assuming, and respond on the basis of that meaning.

E.  If Sepracor has a good-faith objection to any interrogatory or any part thereof, it shall state the specific nature of the objection and whether the objection applies to the entire interrogatory or to a part of the interrogatory.  If there is an objection to any part of the interrogatory, then Sepracor shall identify the part objected to and respond to the remaining unobjectionable part.

F.  If Sepracor has a good-faith objection to any interrogatory or any part thereof based on attorney-client privilege, work-product immunity, or any other privilege or immunity, Sepracor shall provide an explanation of the basis therefore, including the specific nature of the privilege or exemption claimed and the detailed grounds for claiming such.  Each interrogatory shall be answered on the basis of Sepracor's entire knowledge after an appropriate and good-faith inquiry has been made.

## DEFINITIONS

A.  The term "Sepracor" refers to and includes Sepracor, Inc. and any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with Sepracor, as well as all

present and former principals, officers, employees, agents, representatives, and consultants of any Sepracor entity.

B.  The term "document" or "documents" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data.  A draft or non-identical copy, including copies or reproductions contain any marking not appearing on the original or are altered from the original, is a separate document within the meaning of this term.

C.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

D.  The term "describe" means to provide a detailed narrative account of the subject matter and to identify all documents and witnesses relating to the subject matter.

E.  The term "identify" when used in these interrogatories in connection with a request to identify a person, means to set forth his or her: (a) full name; (b) title or position; (c) present or last known business or home address; (d) present or last known employer; and (e) for any person identified, if any of the above information was different at the time a particular interrogatory is concerned with or refers to, supply both current information and such different information as applies to the time in question.

F.  The term "identify" when used in these interrogatories in connection with a request to identify a document, means to state: (a) the date; (b) the author and signatories; (c) the type, subject matter, and substance of the document; (d) the names and addresses of all other persons who received copies; (e) the custodian; (f) the present location; and (g) Sepracor's production number.

3

G. "Albuterol" shall mean the chemical compound 2-(hydroxymethyl)-4-(1-hydroxy-2-tert-butylamino-ethyl)-phenol, also known as $\alpha^1$[(tert-Butylamino)methyl]-4-hydroxy-m-xylene-$\alpha$, $\alpha'$-diol, and to any salt or ester thereof.

H. "R(-) isomer" shall mean albuterol which is composed of at least 90% of the R(-) isomer of albuterol and a maximum of 10% of the S(+) isomer of albuterol.

I. "S(+) isomer" shall mean albuterol which is composed of at least 90% of the S(+) isomer of albuterol and a maximum of 10% of the R(-) isomer of albuterol.

J. "The '755 patent" shall mean U.S. Patent No. 5,362,755, and any applications in the chain of applications leading to the '755 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

K. "The '994 patent" shall mean U.S. Patent No. 5,547,994, and any applications in the chain of applications leading to the '994 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

L. "The '090 patent" shall mean U.S. Patent No. 5,760,090, and any applications in the chain of applications leading to the '090 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

M. "The '002 patent" shall mean U.S. Patent No. 5,884,002, and any applications in the chain of applications leading to the '002 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

N. "The '993 patent" shall mean U.S. Patent No. 6,083,993, and any applications in the chain of applications leading to the '993 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

O. "Present Action" shall mean the lawsuit entitled *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*, C.A. No. 06-113-KAJ, pending in the United States District Court for the District of Delaware.

P. "Related Litigation" shall mean any lawsuit filed by or against Sepracor Inc. concerning or relating to the '755 patent, the '994 patent, the '090 patent, the '002 patent, and/or the '993 patent, including but not limited to, the litigation captioned *Sepracor Inc. v. Breath Ltd*, Case No. 1:05-CV-06095 (N.D. Ill) and Sepracor Inc. v. Breath Ltd., Case No. 1:06-CV-10043 (D. Mass.)

Q. The term "patents-in-suit" means any patent asserted by Sepracor in the Present Action to be infringed.

R. "You" or "your" shall mean Sepracor Inc.

S. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

T. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

U. The term "relating to" means referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, concerning, evidencing, recording, or in any way pertaining to the subject, either in whole or in part, and either directly or indirectly.

V. The terms "all" and "each" shall be construed as all and each.

W. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

X.  The use of the singular form of any word includes the plural and vice versa.

Y.  The term "including" means without limitation.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who claim to have or you believe have personal knowledge of any fact pertaining to the claims or defenses of this litigation, and describe the subject matter of the personal knowledge possessed by each such person.

**INTERROGATORY NO. 2:**

Identify each claim of the patents-in-suit that Sepracor asserts Dey, Inc. and/or Dey, L.P. has infringed, is infringing or will infringe, and for each claim, describe in full detail (including in a claim chart) how Sepracor contends each element of each asserted claim should be construed, including, but not limited to:

    a.    identification of all statements in the specification of the patents-in-suit that Sepracor contends support its proposed construction of the claim element, including, but not limited to, citations to column and line numbers of the specification;

    b.    identification of all statements in the prosecution history of the patents-in-suit that Sepracor contends support its proposed construction of the claim, including, but not limited to, citations to document title, date, page numbers and specific statements;

    c.    identification of all other support for Sepracor's proposed claim construction, including any dictionary definitions or other publications;

**INTERROGATORY NO. 3:**

Identify each claim of the patents-in-suit that Sepracor asserts Dey, Inc. and/or Dey, L.P.

infringed, is infringing or will infringe, and for each claim, describe in full detail (including in an

infringement claim chart) the basis for Sepracor's contention that Dey, Inc. and/or Dey, L.P. has

infringed, is infringing or will infringe the patents-in-suit, including, but not limited to:

   a.   a description, element-by-element, of how each limitation of the asserted claim is
        met, with specific citations to documents or any other supporting evidence;

   b.   for each claim element, whether Sepracor contends that the element is satisfied
        literally or by the doctrine of equivalents;

   c.   for each claim element Sepracor contends is infringed under the doctrine of
        equivalents, a full description of the basis for that contention;

   d.   whether Sepracor contends the infringement is direct, contributory or by
        inducement.

**INTERROGATORY NO. 4:**

With respect to each asserted claim of the patents-in-suit, describe in full detail the

conception, development and reduction to practice of the invention claimed or disclosed therein

including, but not limited to:

   a.   the date and a description of circumstances of the alleged conception, including a
        description of where the events occurred and an identification of the persons
        involved;

   b.   the date of and circumstances of the alleged first actual reduction to practice,
        including a description of where the events occurred and the identity of the
        persons involved in such reduction to practice;

   c.   a description of the alleged contributions of each named inventor to the alleged
        conception and/or reduction to practice including identification of all documents
        concerning each alleged contribution;

   d.   any diligence exercised prior to the reduction to practice, including a description
        of the events, relevant dates, and an identification of the persons involved.

**INTERROGATORY NO. 5:**

Describe in detail all research that led to the discovery and development of methods of utilizing R(-) isomer for treating asthma or bronchospasm, including any failed experiments. Your response should identify all persons who participated in said research, and all documents concerning said research.

**INTERROGATORY NO. 6:**

Identify each person or entity who has been consulted, hired, contracted, or contacted by you or on your behalf concerning the development of a product or method for treating asthma or bronchospasm while minimizing the side effects associated with the administration of racemic albuterol, and provide a description of their efforts in such development.

**INTERROGATORY NO. 7:**

For each of the alleged inventions claimed or disclosed in the patents-in-suit Sepracor contends is not obvious, describe in full detail, including each fact that supports, negates or otherwise relates to all secondary considerations.  You should include but not limit your response to contentions that

    a.    the invention satisfied a long felt need in the art to which it pertains;

    b.    the industry failed to solve problems allegedly solved by the invention;

    c.    industry experts expressed skepticism concerning the invention;

    d.    the invention has been a commercial success; including any causal relationship between the patents-in-suit and the commercial success;

    e.    the industry has recognized the significance of the invention;

    f.    the invention has been copied by others in the industry; or

g.    the invention achieved unexpected results.

Your response should identify any documents upon which Sepracor intends to rely, all persons

knowledgeable about the bases for such contentions and a description of the nature and extent of

each person's knowledge.


**INTERROGATORY NO. 8:**

Identify and describe each and every license, contract, agreement, assignment,

distribution agreement or arrangement, or commercial arrangement of any sort (including the

date and parties thereto) that Sepracor has considered entering into, commenced negotiations to

enter into, or has entered into, that would have resulted, or did result, in Sepracor or another

entity transferring or obtaining any rights to any technology or intellectual property related to the

subject matter of the patents-in-suit.  Include in your description the identity of all persons

knowledgeable about, each such license, contract, agreement, assignment, or arrangement.


**INTERROGATORY NO. 9:**

Identify each person or entity who has considered, or provided information, or been

consulted by you or on your behalf, concerning the novelty, patentability, validity or

infringement of any invention involving albuterol, the R(-) isomer or the S(+) isomer, and all

documents relating or referring to such consideration, information or consultation.


**INTERROGATORY NO. 10:**

Identify all opinions of counsel, prepared or obtained relating to the validity,

enforceability or infringement of each of patents-in-suit or to the patentability of any alleged

invention disclosed or claimed in each of the patents-in-suit. Include in your response the date, author(s), addressee, recipient(s) and a brief description of subject matter contained in each opinion.

**INTERROGATORY NO. 11:**

For each of the patents-in-suit, identify what you contend is the art to which the invention claimed in each of the patents pertains and describe the qualifications that you contend were possessed by a person of ordinary skill in such art at the time of each invention claimed in the patents-in-suit.

**INTERROGATORY NO. 12:**

Identify and describe all communications in which any person or entity, was accused of, notified of, or charged with infringing the patents-in-suit, including, but not limited to, demand letters, notice letters, complaints, or administrative filings.

**INTERROGATORY NO. 13:**

Describe in detail the factual and legal basis for the allegations in the Complaint that Dey, Inc. and/or Dey, L.P.'s infringement of the patents-in-suit is willful.

**INTERROGATORY NO. 14:**

Identify and describe all products that Sepracor makes, uses, sells, or offers for sale in the United States, or imports into the United States, which fall within the scope of the claims of the patents-in-suit. Such description should include without limitation, an element-by-element

comparison of how each product incorporates or performs each limitation of any claim, the

identification of the persons most knowledgeable about how each product incorporates each

limitation of any claim, and the identification of each document relied upon or reviewed to

answer this interrogatory.


**INTERROGATORY NO. 15:**

Identify any witness you intend to call to testify at trial, and for each witness, provide a

detailed statement of the testimony that witness is expected to provide.


**INTERROGATORY NO. 16:**

Identify each and every person who was consulted and/or provided information with

regard to Sepracor's responses to Dey's discovery requests, and specify the particular discovery

request(s) for which each such person consulted, provided information, or otherwise participated

in responding to.


**INTERROGATORY NO 17:**

Identify the "potential licensee" who provided UK Patent No. 1,298,494 and German

Patent No. 2,128,258 which references were "brought to the attention of applicants' undersigned

representative" as discussed on page 4 of the Preliminary Amendment, document no. 7 to the file

of U.S. Patent Application No. 08/691,604.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
Telephone:  (302) 654-1888
Fax:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*
*Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500
ehaug@flhlaw.com
kmcgraw@flhlaw.com

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531
eleff@flhlaw.com

Dated:  July 28, 2006

171717.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2006, the attached **DEFENDANTS' FIRST SET OF INTERROGATORIES** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>The Bayard Firm<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899 | **HAND DELIVERY** |
| Jack M. Stover, Esquire<br>Buchanan Ingersoll & Rooney PC<br>One South Market Square<br>213 Market Street, 3rd Floor<br>Harrisburg, PA  17101-2121 | **VIA FEDERAL EXPRESS** |
| Todd R. Walters, Esquire<br>Buchanan Ingersoll & Rooney PC<br>1737 King Street, Suite 500<br>Alexandria, VA  22314-2727 | **VIA FEDERAL EXPRESS** |

/s/ *John G. Day*

_____

John G. Day

# REDACTED