# THE BAYARD FIRM
A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE

www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395

WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

October 31, 2006

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street, Lockbox 10         REDACTED PUBLIC VERSION
Wilmington, DE  19801

RE:  Sepracor Inc. v. Dey, L.P. and Dey, Inc.,
     C.A. No. 06-113 (KAJ)

Dear Judge Jordan:

Sepracor herein responds to the letter to the Court of October 30, 2006 (D.I. 61), by Dey L.P. and Dey, Inc. ("Dey").

Summary of Response

Contrary to the accusatory tone and accusations made by Dey, Sepracor has timely responded to each and every document request and interrogatory served by Dey. Dey may disagree with Sepracor on the issues, but in no way is Sepracor's conduct a cause of delay. Moreover, Sepracor has produced a significant collection of meaningful documents. Rather than review the documents it has received and produce the documents that it should produce, Dey persists in diverting its own resources, as well as those of Sepracor to respond to complaints which Dey itself has not met or admits are premature.

Sepracor's Document Production

A fact that Dey fails to state in its letter is that the parties agreed to a rolling production of documents. *See, e.g.,* Dey Ex. 2, at 2; Dey Ex. 9. In honoring that agreement, Sepracor has far out-paced Dey in its meaningful collection, review, and production of documents.

**REDACTED MATTER**

Another fact that Dey fails to state in its letter is that its document requests cover a span of approximately sixteen years of documentation of one of Sepracor's most successful products. The enormous collection of documents to be reviewed and produced are not only in the custody of many people, but also in many places, both on and off-site, and in many forms which are

630541v1

THE BAYARD FIRM

The Honorable Kent A. Jordan
October 31, 2006
Page 2

difficult to collect and scan.  **REDACTED MATTER**

Dey complains that the parties agreed to "meaningful production" on October 17 and that Sepracor failed to provide a meaningful production.

### REDACTED MATTER

This sum of paper is hardly less than meaningful, and if Dey did not want these documents, they should not have requested them in the first instance.

Dey complains that Sepracor has refused to state when it will produce additional documents.  Again, Dey mischaracterizes Sepracor's statements.  As stated above, the parties agreed to a rolling production of documents.  *See, e.g.,* Dey Ex. 2, at 2; Dey Ex. 9.  Sepracor never agreed with Dey that it would produce documents in a particular order.  Sepracor is more than willing to work with Dey to cut down Dey's overly broad document requests.

### REDACTED MATTER

Dey even complains that Sepracor says it began collecting documents months before it received Dey's requests.  Apparently, Sepracor should be criticized for attempting to anticipate the enormity of the document collection, review, and production.  To date, Sepracor has pulled for review more than 500,000 pages of documents that it is reviewing for relevancy and privilege.  Again, should Dey wish to withdraw its overly broad document requests, Sepracor would certainly be able to complete its production sooner.

<u>Sepracor's Responses to Interrogatories</u>

Dey's general complaint regarding Sepracor's responses to Dey's interrogatories is that Sepracor has not fallen in line with the persistent dictatorial tone of Dey's demands.  However, as reflected in the correspondence submitted to the Court by Dey, Sepracor has both promptly and adequately responded to each and every letter sent by Dey.  The fact that Sepracor may disagree with Dey's positions is not the same thing as a delay tactic.

Dey's first specific complaint is that Sepracor did not provide the ordinary and customary meaning of terms within the claims.

### REDACTED MATTER

Use of letters to ask interrogatories is not appropriate.

627017v1

**THE BAYARD FIRM**

The Honorable Kent A. Jordan
October 31, 2006
Page 3

    Moreover, Dey's complaints ring hollow in view of its own objections to Sepracor's interrogatory specifically requesting "identification of any term that should be given its ordinary meaning and the alleged meaning of the term." According to Dey, such requests are "premature as fact and expert discovery have yet to begin." Should Dey serve Sepracor with an interrogatory requesting the ordinary meaning of any particular term, Sepracor will respond accordingly.

    Dey's second specific complaint is that Sepracor has not described "in full detail" the basis for Sepracor's infringement contentions.

### REDACTED MATTER

As we previously explained to Dey, Sepracor will supplement its interrogatory responses as Dey provides discovery including requested documents. Dey Ex. 21, at 4.

                                                       Respectfully submitted,

                                                       Richard D. Kirk (rk0922)

RDK/cod
cc:    Clerk of Court, by hand
       All counsel of record as shown on attached service list

627017v1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on November 13, 2006, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on November 13, 2006, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

| | |
|---|---|
| Edgar H. Haug, Esquire<br>Kimberly J. McGraw, Esquire<br>Frommer, Lawrence & Haug L.L.P.<br>745 Fifth Avenue<br>New York, NY  10151 | Elizabeth A. Leff, Esquire<br>Frommer, Lawrence & Haug L.L.P.<br>1667 K. Street, N.W.<br>Washington, D.C. 20006 |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446v1