**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC.,<br><br>                      Plaintiff,<br>     v.<br><br>DEY, L.P. and DEY, INC.,<br><br>                      Defendants. | C.A. No. 06-113-KAJ<br>C.A. No. 06-604-KAJ<br>**CONSOLIDATED CASES** |

**RULE 16 SCHEDULING ORDER FOR CONSOLIDATED CASES**

Having consolidated C.A. No. 06-113-KAJ and C.A. No. 06-604-KAJ, and having held a scheduling conference with the parties in the consolidated cases on December 1, 2006 pursuant to Fed. R. Civ. P. 16, the Court hereby enters the following Scheduling Order to govern proceedings in the consolidated cases. This order supersedes the Scheduling Order previously entered in C.A. No. 06-113-KAJ (D.I. 30).

    1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days of the date this Scheduling Order is approved**. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

    2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 8, 2007**.

644258-1

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of **200 hours** of taking fact testimony by deposition upon oral examination.

    b. <u>Location of Depositions</u>.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court. If after making such reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

    c. <u>Limitation on Number of Interrogatories</u>.

Each side may propound a maximum of **75 interrogatories**. The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

    d. <u>Discovery Cut Off</u>.

All discovery in this case shall be initiated so that it will be completed on or before **September 4, 2007**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

e. Disclosure of Expert Testimony.

The parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file supplemental disclosures to contradict or rebut evidence on the same subject matter identified by another party sixty (60) days before the completion of discovery.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f. Discovery Disputes.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. <u>Protective Order</u>.

The Protective Order proposed by the parties and entered by the Court in C.A. No. 06-113-KAJ (D.I. 43) shall govern the consolidated cases. Any declarations signed and, if applicable, served pursuant to the Protective Order already in place shall be deemed signed and, if applicable, served in the consolidated cases.

5. <u>Papers Filed Under Seal</u>.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>.

The order of referral in C.A. No. 06-113-KAJ to the United States Magistrate for the purpose of exploring the possibility of a settlement pursuant to 28 U.S.C. § 636 shall be deemed to apply to the consolidated cases. Unless the Magistrate Judge otherwise orders, any proceedings already scheduled by the Magistrate Judge in C.A. No. 06-113-KAJ shall be deemed to apply to the consolidated cases (*e.g.*, D.I. 52).

7. <u>Interim Status Report</u>.

On **May 3, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>.

On **May 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **4:30 p.m.**

Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order they may so notify the Court in writing before the

conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>.

By **February 9, 2007**, the parties shall submit a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes. If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **February 9, 2007**, beginning at **9:30 a.m.**

In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

10. <u>Case Dispositive Motions</u>.

All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **October 1, 2007**. Briefing will be presented pursuant to the Court's Local Rules.

11. <u>Claim Construction Issue Identification</u>.

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **August 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **October 1, 2007**.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. Claim Construction.

The parties shall submit to the Court opening briefs on claim construction on or before **October 1, 2007**, and responsive briefs on claim construction on **October 15, 2007**, to be considered by the Court in connection with the parties' summary judgment motions.

13. Hearing on Claim Construction.

On **November 20, 2007,** beginning at **9:30 a.m.**, the Court will hear evidence and argument on claim construction and dispositive motions.

14. Applications by Motion.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Pretrial Conference.

On **March 27, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **4:30 p.m.** Unless otherwise ordered by the Court, the parties

should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). Sepracor proposes that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **February 27, 2008**.

16. Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Trial.

This matter is scheduled for a ten day bench trial beginning at **9:30 a.m.** on **April 28, 2008**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **30 hours** to present their case.

SO ORDERED, this _____ day of December, 2006.

_____
United States District Judge

STIPULATED:

| THE BAYARD FIRM | ASHBY & GEDDES |
|---|---|
| /s/ Richard D. Kirk (rk0922) | /s/ Steven J. Balick (sb2114) |
| Richard D. Kirk (rk0922) | Steven J. Balick (#2114) |
| Ashley B. Stitzer (as3891) | John G. Day (#2403) |
| 222 Delaware Avenue, Suite 900 | Tiffany Geyer Lydon (#3950) |
| P.O. Box 25130 | 222 Delaware Avenue, 17th Floor |
| Wilmington, DE 19899-5130 | P.O. Box 1150 |
| (302) 655-5000 | Wilmington, Delaware 19899 |
| rkirk@bayardfirm.com | (302) 654-1888 |
| | sbalick@ashby-geddes.com |
| Attorneys for Plaintiff, | jday@ashby-geddes.com |
| SEPRACOR INC. | tlydon@ashby-geddes.com |
| | Attorneys for Defendants, DEY, L.P. and DEY, INC. |
| OF COUNSEL for Plaintiff, | OF COUNSEL for Defendants, |
| SEPRACOR INC.: | DEY, L.P. and DEY, INC.: |
| Jack M. Stover | Edgar H. Haug |
| Jayson R. Wolfgang | Kimberly J. McGraw |
| BUCHANAN INGERSOLL & ROONEY PC | FROMMER, LAWRENCE & HAUG L.L.P. |
| One South Market Square | 745 Fifth Avenue |
| 213 Market Street, 3rd Floor | New York, New York 10151 |
| Harrisburg, PA 17101-2121 | (212) 588-0800 |
| (717) 237-4800 | ehaug@flhlaw.com |
| stoverjm@bipc.com | kmcgraw@flhlaw.com |
| wolfgangjr@bipc.com | |
| | Elizabeth A. Leff |
| Todd R. Walters | FROMMER, LAWRENCE & HAUG L.L.P. |
| Susan M. Dadio | 1667 K Street, N.W. |
| Barbara Webb Walker | Washington, D.C. 20006 |
| BUCHANAN INGERSOLL & ROONEY PC | (202) 292-1530 |
| 1737 King Street, Suite 500 | eleff@flhlaw.com |
| Alexandria, VA 22314-2727 | |
| (703) 836-6620 | |
| walterstr@bipc.com | |
| dadiosm@bipc.com | |