IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR, INC., )<br>)<br>Plaintiff, )<br>Counterclaim-Defendant )<br>)<br>)<br>v. )<br>)<br>DEY, L.P. and DEY, INC., )<br>)<br>Defendants, )<br>Counterclaim Plaintiffs. )<br>) | C.A. No. 06-113-***(MPT)<br>(Consolidated) |

**NOTICE OF DEPOSITION
AND SUBPOENA DIRECTED TO JAMES W. YOUNG**

PLEASE TAKE NOTICE that at 9:00 A.M. on February 15, 2007, in accordance with Rule 45 of the Federal Rules of Civil Procedure, James W. Young will be required to produce and permit inspection and copying of the materials designated in the attached subpoena. James W. Young will be required to produce the materials at Holland + Knight LLP, 50 California Street, Suite 2800, San Francisco, CA 94111, or at such other location as is mutually agreeable.

You are invited to attend and inspect the materials produced.

PLEASE ALSO TAKE NOTICE that at 9:00 A.M. on February 29, 2007, and continuing from day to day until completed, defendants Dey, L.P. and Dey, Inc., ("Dey"), will take the deposition of James W. Young, whose address is 341 Oyster Point Blvd., South San Francisco, CA 94080. The deposition will be taken at Holland + Knight LLP, 50 California Street, Suite 2800, San Francisco, CA 94111, or at such other location as is mutually agreeable.

1

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day until completed. The testimony will be recorded by audio, audio-visual, and/or stenographic means. You are invited to attend examine the witness.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067

*Attorneys for Defendants*
*Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531

Dated: January 31, 2007
177344.1

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

Sepracor, Inc

V.

Dey, L.P. and Dey, Inc.

SUBPOENA IN A CIVIL CASE

CASE NUMBER:  C.A. No. 06-113-***(MPT)
C.A. No. 06-604-***(MPT)
(Consolidated)

TO:   James W. Young
      Sunesis Pharmaceuticals, Inc
      341 Oyster Point Blvd.
      South San Francisco, CA 94080

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Holland + Knight LLP<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111 | February 29, 2007<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A**

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Holland + Knight LLP<br>50 California Street<br>Suite 2800<br>San Francisco, CA 94111 | February 15, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

00426167

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: |
|---|---|
| *[signature]* ( ATTORNEY FOR DEFENDANT ) | 30 January 2007 |

Issuing Officer's Name, Address, and Phone Number

Elizabeth A. Leff, Esq., Frommer Lawrence & Haug LLP, 1667 K Street NW, Suite 500, Washington, DC 20006 (202) 292-1530

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend

trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

00426167

## Attachment A

### Requests for Documents and Things

1. All documents and things relating to work done at Sepracor, Inc. relating to levalbuterol including, but not limited to, lab notebooks, notes, protocols, development papers, etc.

2. All documents and things relating to work done at Sepracor, Inc. relating to albuterol or its isomers including, but not limited to, lab notebooks, notes, protocols, development papers, etc.

3. All documents and things relating to the subject matter of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993.

4. All documents and things relating to U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993 or the applications which led to the allowance of these patents.

5. All documents and things relating to the idea for the alleged inventions disclosed in U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993.

6. All documents and things relating to the inventorship of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993.

7. Your most recent C.V. or resume.

8. All documents and things relating to any work you were engaged in or had knowledge of prior to your employment at Sepracor, Inc. relating to albuterol or its enantiomers.

9. All documents and things relating to the prosecution of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993.

10. All documents and things relating to any work you were engaged in or had knowledge of prior to your employment at Sepracor, Inc. which related in anyway to albuterol.

11. All documents and things relating to the patenting of enantiomers which you had knowledge of, or which you authored, prior to leaving the employment of Sepracor, Inc.

### Definitions

1. "Albuterol" shall mean the chemical compound 2-(hydroxymethyl)-4-(1-hydroxy-2-tert-butylamino-ethyl)-phenol, [also known as $\alpha^1$[(tert-Butylamino)methyl]-4-hydroxy-m-xylene-$\alpha, \alpha'$-diol], and to any salt or ester thereof.

00425434

2. "Levalbuterol" refers to the drug levalbuterol, whether called by that name or by any other name or expression and shall mean albuterol which is composed of at least 90% of the R(-) isomer of albuterol and a maximum of 10% of the S(+)isomer of albuterol.

3. "Inventorship" refers to, but is not limited to, deriving, creating, contributing, giving rise to or bringing about the patented subject matter of the '755, '994, '090, '002 and '993 patents.

4. "The '755 patent" or U.S. Patent No. 5,362,755 shall mean U.S. Patent No. 5,362,755, and any applications in the chain of applications leading to the '755 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

5. "The '994 patent" or U.S. Patent No. 5,547,994 shall mean U.S. Patent No. 5,547,994, and any applications in the chain of applications leading to the '994 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

6. "The '090 patent" or U.S. Patent No. 5,760,090 shall mean U.S. Patent No. 5,760,090, and any applications in the chain of applications leading to the '090 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

7. "The '002 patent" or U.S. Patent No. 5,884,002 shall mean U.S. Patent No. 5,884,002, and any applications in the chain of applications leading to the '002 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

8. Each request for documents is continuing in nature. If, after responding to these requests, you obtain or become aware of further documents responsive to any request, such documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.

2. These requests are intended to include any and all responsive documents within the possession, custody or control of you, your officers, agents, representatives or employees, wherever located.

3. Each requested document shall be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document to be destroyed; and, (iv) the reason(s) for its destruction.

5. All documents produced in response to these requests shall be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from

other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

6.  If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response to the request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request.

7.  If, in responding to these document requests, you assert a privilege to any particular request, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

> a.  For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;
>
> b.  For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

8.  "The '993 patent" or U.S. Patent No. 6,083,993 shall mean U.S. Patent No. 6,083,993, and any applications in the chain of applications leading to the '993 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

9.  The term "document" or "documents" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data. A draft or non-identical copy is a separate document within the meaning of this term.

10. The term "relating to" means referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, concerning, evidencing, recording, or in any way pertaining to the subject, either in whole or in part, and either directly or indirectly.

11. The terms "all" and "each" shall be construed as all and each.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

13. The use of the singular form of any word includes the plural and vice versa.

14. The term "including" means without limitation.

## Instructions

1.  No request shall be construed with reference to any other request for purposes of limitation.