# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEPRACOR INC.,

            Plaintiff,

v.

DEY, L.P. and DEY, INC.

            Defendants.

C.A. No. 06-113-***
C.A. No. 06-604-***
       (Consolidated Cases)

## PLAINTIFF SEPRACOR INC.'S CONSOLIDATED REPLY TO DEFENDANTS DEY, L.P. AND DEY, INC.'S SECOND AMENDED COUNTERCLAIMS (C.A. NO. 06-113) AND AMENDED COUNTERCLAIMS (C.A. NO. 06-604)

Plaintiff Sepracor Inc. ("Sepracor") hereby responds to each of the numbered paragraphs of the Second Amended Counterclaims (C.A. No. 06-113) and the Amended Counterclaims (C.A. No. 06-604) of Defendants Dey, L.P. and Dey, Inc. (collectively "Dey").[1] Sepracor expressly denies any allegations not admitted herein.

---

[1]     Herein, Sepracor's numbered paragraphs track those of Dey's Second Amended Counterclaims (C.A. No. 06-113) and Dey's Amended Counterclaims (C.A. No. 06-604) which begin with paragraph number 42 and end with paragraph number 111, and begin with paragraph number 41 and end with paragraph number 111, respectively.

<u>**REPLY TO SECOND AMENDED COUNTERCLAIMS (C.A. No. 06-113)**</u>

**JURISDICTION AND VENUE**

42.    Sepracor admits that Dey's Second Amended Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* The remaining allegations of paragraph 42 of Dey's Second Amended Counterclaims aver legal conclusions and, as such, Sepracor is not required to admit or deny it.

43.    Sepracor admits the allegations set forth in paragraph 43 of Dey's Second Amended Counterclaims.

44.    Sepracor admits the allegations set forth in paragraph 44 of Dey's Second Amended Counterclaims.

45.    Sepracor admits the allegations set forth in paragraph 45 of Dey's Second Amended Counterclaims.

**THE PARTIES**

46.    With regard to paragraph 46 of Dey's Second Amended Counterclaims, Sepracor admits that, in its Complaint for Patent Infringement, Sepracor claimed the following:  Dey, L.P. is a limited partnership organized under the laws of Delaware, having its principal place of business at 2751 Napa Valley Corporate Drive, Napa, California; Dey, L.P.'s registered office in Delaware is located at 1209 Orange Street, Wilmington, Delaware, 19801; and Dey, L.P.'s registered agent for service of process in Delaware is the Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

47.    With regard to paragraph 47 of Dey's Second Amended Counterclaims, Sepracor admits that, in its Complaint for Patent Infringement, Sepracor claimed the

following:  Dey, Inc. is a corporation organized under the laws of Delaware, having its

principal place of business at 2751 Napa Valley Corporate Drive, Napa, California; Dey,

Inc.'s registered office in Delaware is located at 1209 Orange Street, Wilmington,

Delaware, 19801; and Dey, Inc.'s registered agent for service of process in Delaware is

the Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

48.    Sepracor admits the allegations set forth in paragraph 48 of Dey's Second

Amended Counterclaims.

## PATENTS-IN-SUIT

49.    Sepracor admits the allegations set forth in paragraph 49 of Dey's Second

Amended Counterclaims.

50.    Sepracor admits the allegations set forth in paragraph 50 of Dey's Second

Amended Counterclaims.

51.    Sepracor admits the allegations set forth in paragraph 51 of Dey's Second

Amended Counterclaims.

52.    Sepracor admits the allegations set forth in paragraph 52 of Dey's Second

Amended Counterclaims.

53.    Sepracor admits the allegations set forth in paragraph 53 of Dey's Second

Amended Counterclaims.

## ACTS GIVING RISE TO THE ACTION

54.    Sepracor admits the allegations set forth in paragraph 54 of Dey's Second

Amended Counterclaims.

55.    With regard to paragraph 55 of Dey's Second Amended Counterclaims,

Sepracor admits that according to the Food and Drug Administration, Center for Drug

Evaluation and Research, Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") listings, levalbuterol hydrochloride inhalation solutions, or methods of use, are claimed in U.S. Patent Nos. '755, '994, '090, '002, and '993.

56.     Sepracor admits the allegations set forth in paragraph 56 of Dey's Second Amended Counterclaims.

57.     Sepracor admits the allegations set forth in paragraph 57 of Dey's Second Amended Counterclaims.

58.     Sepracor admits the allegations set forth in paragraph 58 of Dey's Second Amended Counterclaims.

59.     Paragraph 59 of Dey's Second Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that Dey has not, does not, and will not infringe any valid and/or enforceable claim of the '755, '994, '090, '002, and '993 Patents.

## FIRST COUNTERCLAIM

60.     With regard to paragraph 60 of Dey's Second Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

61.     Paragraph 61 of Dey's Second Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that Dey does not infringe any claim of the '755, '994, '090, '002, and '993 Patents.

62.     Sepracor denies the allegations set forth in paragraph 62 of Dey's Second Amended Counterclaims.

63.    Sepracor denies the allegations set forth in paragraph 63 of Dey's Second Amended Counterclaims.

## SECOND COUNTERCLAIM

64.    With regard to paragraph 64 of Dey's Second Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

65.    Paragraph 65 of Dey's Second Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

66.    Sepracor denies the allegations set forth in paragraph 66 of Dey's Second Amended Counterclaims.

## THIRD COUNTERCLAIM

67.    With regard to paragraph 67 of Dey's Second Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

68.    Sepracor admits that, on its face, the '755 patent indicates that it issued from U.S. Application No. 163,581, which is a continuation of U.S. Application No. 896,725, abandoned, which is a continuation of U.S. Application No. 461,262.  Sepracor denies the remaining allegations set forth in paragraph 68 of Dey's Second Amended Counterclaims.

69.    Sepracor admits the allegations set forth in paragraph 69 of Dey's Second Amended Counterclaims.

70.    Sepracor admits the allegations set forth in paragraph 70 of Dey's Second Amended Counterclaims.

71.    Sepracor admits the allegations set forth in paragraph 71 of Dey's Second Amended Counterclaims.

72.    Sepracor admits the allegations set forth in paragraph 72 of Dey's Second Amended Counterclaims.

73.    Sepracor admits that "Sepracor [is] the named assignee" for the '755, '994, '090, '002, and '993 patents.  Sepracor also admits that the attorneys and/or agents who prosecuted the '755, '994, '090, '002, and '993 patents were retained by Sepracor Inc. Sepracor denies the remaining allegations set forth in paragraph 73 of Dey's Second Amended Counterclaims.

74.    Sepracor admits that United Kingdom/Great Britain Patent Specification 1,298,494 ("UK '494") indicates on its face:  "Filed 17 June 1970[;]" "Complete Specification published 6 Dec. 1972[;]" and "Inventor DAVID MIDDLEMISS[.]" Sepracor also admits that page 1, column 1, lines 1-8, of UK '494 states that "ALLEN & HANBURYS LIMITED . . . do hereby . . . pray that a patent may be granted to us . . . ." Sepracor admits that a copy of what is purported to be UK '494 is attached as Exhibit A to Dey's Second Amended Answer and Counterclaims.  Sepracor admits that the Preliminary Amendment (document number 7) filed in U.S. Application No. 08/691,604 and dated May 7, 1997 states, on page 4, lines 2-4, that "[o]ne week before issue, on August 13, 1996, two references[, one reference being UK '494,] were brought to the attention of applicants' undersigned representative."  Sepracor denies the remaining allegations set forth in paragraph 74 of Dey's Second Amended Counterclaims.

75.    Sepracor denies the allegations set forth in paragraph 75 of Dey's Second Amended Counterclaims.

76.    Sepracor admits that UK '494 states "[t]his invention is concerned with a process for the preparation of optical enantiomers of certain 1-phenyl-2-aminoethanol derivatives" in column 1, lines 9-12. Sepracor denies the remaining allegations set forth in paragraph 76 of Dey's Second Amended Counterclaims.

77.    Sepracor admits that "[a]lbuterol (also known as salbutamol) is a 1-phenyl-2-aminoethanol derivative." Sepracor denies the remaining allegations set forth in paragraph 77 of Dey's Second Amended Counterclaims.

78.    Sepracor denies the allegations set forth in paragraph 78 of Dey's Second Amended Counterclaims.

79.    Sepracor admits that the Preliminary Amendment (document number 7) filed in U.S. Application No. 08/691,604 and dated May 7, 1997 states, on page 4, lines 7-8 and page 5, lines 1-3, that "applicants believe that the references are merely cumulative to the references already of record." Sepracor denies the remaining allegations set forth in paragraph 79 of Dey's Second Amended Counterclaims.

80.    Sepracor denies the allegations set forth in paragraph 80 of Dey's Second Amended Counterclaims.

81.    Sepracor denies the allegations set forth in paragraph 81 of Dey's Second Amended Counterclaims.

82.    Sepracor denies the allegations set forth in paragraph 82 of Dey's Second Amended Counterclaims.

83.    Sepracor admits that, through its registered United States patent agent, it cited UK '494 to the United States Patent and Trademark Office in a submission dated August 20, 1996, and UK '494, in column 1, lines 13-14 and 15-16, cites "United

Kingdom Specification 1,200,886." Sepracor admits that United Kingdom/Great Britain Patent Specification 1,200,866 ("UK '866") indicates on its face: "Complete Specification published 5 Aug. 1970" and "Inventors LAWRENCE HENRY CHARLES LUNTS, PAUL TOON and DAVID TREVOR COLLIN[.]" Sepracor also admits that page 1, lines 1-3, of UK '866 states that "ALLEN & HANBURYS LIMITED . . . do hereby . . . pray that a patent may be granted to us . . . ." Sepracor admits that a copy of what is purported to be UK '866 is attached as Exhibit B to Dey's Second Amended Answer and Counterclaims. Sepracor denies the remaining allegations set forth in paragraph 83 of Dey's Second Amended Counterclaims.

84.     Sepracor denies the allegations set forth in paragraph 84 of Dey's Second Amended Counterclaims.

85.     Sepracor denies the allegations set forth in paragraph 85 of Dey's Second Amended Counterclaims.

86.     Sepracor denies the allegations set forth in paragraph 86 of Dey's Second Amended Counterclaims.

87.     Sepracor denies the allegations set forth in paragraph 87 of Dey's Second Amended Counterclaims.

88.     Sepracor denies the allegations set forth in paragraph 88 of Dey's Second Amended Counterclaims.

89.     Sepracor denies the allegations set forth in paragraph 89 of Dey's Second Amended Counterclaims.

90.     Sepracor denies the allegations set forth in paragraph 90 of Dey's Second Amended Counterclaims.

91.    Sepracor denies the allegations set forth in paragraph 91 of Dey's Second Amended Counterclaims.

92.    Sepracor admits the allegations set forth in paragraph 92 of Dey's Second Amended Counterclaims.

93.    Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 cites EP-A-0248150, EP-A-0320550, and Trends Pharmacol. Sci., vol. 7/5, 1986, Elseviers Science Publishers B.V., (Amsterdam, NL), E.J. Ariëns: "Chirality in bioactive agents and its pitfalls," pages 200-205. Sepracor denies the remaining allegations set forth in paragraph 93 of Dey's Second Amended Counterclaims.

94.    Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 indicates on its face a date of mailing of "31.05.91." Sepracor denies the remaining allegations set forth in paragraph 94 of Dey's Second Amended Counterclaims.

95.    Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 indicates on its face that an "X" category document is considered in the International Search Report to be "a document of particular relevance:  the claimed invention cannot be considered novel or cannot be considered to involve inventive step."  Sepracor denies the remaining allegations set forth in paragraph 95 of Dey's Second Amended Counterclaims.

96.    Sepracor denies the allegations set forth in paragraph 96 of Dey's Second Amended Counterclaims.

97.    Sepracor admits that paragraph 97 of Dey's Second Amended Counterclaims is a paraphrased excerpt from Section 2001.06(a) of The Manual of Patent Examining Procedure, Eighth Edition, Revision 3 (Aug. 2005).

98.    Sepracor denies the allegations set forth in paragraph 98 of Dey's Second Amended Counterclaims.

99.    Sepracor denies the allegations set forth in paragraph 99 of Dey's Second Amended Counterclaims.

100.    Sepracor admits that Gunnar Aberg, T. Scott Johnson, Dean Allan Handley, and John R. McCollough submitted their respective declarations in some of the applications that gave rise to the '755, '994, '090, '002, and '993 Patents.  Sepracor denies the remaining allegations set forth in paragraph 100 of Dey's Second Amended Counterclaims.

101.    Sepracor admits the allegations to the extent that it admits the declarants were aware of the information contained in their respective declarations.  Sepracor denies the remaining allegations set forth in paragraph 101 of Dey's Second Amended Counterclaims.

102.    Sepracor denies the allegations set forth in paragraph 102 of Dey's Second Amended Counterclaims.

103.    Sepracor denies the allegations set forth in paragraph 103 of Dey's Second Amended Counterclaims.

104.    Sepracor denies the allegations set forth in paragraph 104 of Dey's Second Amended Counterclaims.

105.     Sepracor denies the allegations set forth in paragraph 105 of Dey's Second Amended Counterclaims.

106.     Sepracor denies the allegations set forth in paragraph 106 of Dey's Second Amended Counterclaims.

107.     Sepracor denies the allegations set forth in paragraph 107 of Dey's Second Amended Counterclaims.

108.     Paragraph 108 of Dey's Second Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that the '755, '994, '090, '002, and '993 Patents are unenforceable.

109.     Sepracor denies the allegations set forth in paragraph 109 of Dey's Second Amended Counterclaims.

## FOURTH COUNTERCLAIM

110.     With regard to paragraph 110 of Dey's Second Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

111.     Sepracor denies the allegations set forth in paragraph 111 of Dey's Second Amended Counterclaims.

## REPLY TO AMENDED COUNTERCLAIMS (C.A. No. 06-604)

### JURISDICTION AND VENUE

41.     Sepracor admits that Dey's Amended Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  The remaining allegations of paragraph 41 of Dey's Amended Counterclaims aver legal conclusions and, as such, Sepracor is not required to admit or deny it.

42.     Sepracor admits the allegations set forth in paragraph 42 of Dey's Amended Counterclaims.

43.     Sepracor admits the allegations set forth in paragraph 43 of Dey's Amended Counterclaims.

44.     Sepracor admits the allegations set forth in paragraph 44 of Dey's Amended Counterclaims.

### THE PARTIES

45.     With regard to paragraph 45 of Dey's Amended Counterclaims, Sepracor admits that, in its Complaint for Patent Infringement, Sepracor claimed the following: Dey, L.P. is a limited partnership organized under the laws of Delaware, having its principal place of business at 2751 Napa Valley Corporate Drive, Napa, California; Dey, L.P.'s registered office in Delaware is located at 1209 Orange Street, Wilmington, Delaware, 19801; and Dey, L.P.'s registered agent for service of process in Delaware is the Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

46.     With regard to paragraph 46 of Dey's Amended Counterclaims, Sepracor admits that, in its Complaint for Patent Infringement, Sepracor claimed the following:

Dey, Inc. is a corporation organized under the laws of Delaware, having its principal place of business at 2751 Napa Valley Corporate Drive, Napa, California; Dey, Inc.'s registered office in Delaware is located at 1209 Orange Street, Wilmington, Delaware, 19801; and Dey, Inc.'s registered agent for service of process in Delaware is the Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

47.     Sepracor admits the allegations set forth in paragraph 47 of Dey's Amended Counterclaims.

## PATENTS-IN-SUIT

48.     Sepracor admits the allegations set forth in paragraph 48 of Dey's Amended Counterclaims.

49.     Sepracor admits the allegations set forth in paragraph 49 of Dey's Amended Counterclaims.

50.     Sepracor admits the allegations set forth in paragraph 50 of Dey's Amended Counterclaims.

51.     Sepracor admits the allegations set forth in paragraph 51 of Dey's Amended Counterclaims.

52.     Sepracor admits the allegations set forth in paragraph 52 of Dey's Amended Counterclaims.

## ACTS GIVING RISE TO THE ACTION

53.     Sepracor admits the allegations set forth in paragraph 53 of Dey's Amended Counterclaims.

54.     With regard to paragraph 54 of Dey's Amended Counterclaims, Sepracor admits that according to the Food and Drug Administration, Center for Drug Evaluation

and Research, Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") listings, levalbuterol hydrochloride inhalation solution concentrate, or methods of use, are claimed in U.S. Patent Nos. '755, '994, '090, '002, and '993.

55.    Sepracor admits the allegations set forth in paragraph 55 of Dey's Amended Counterclaims.

56.    Sepracor admits the allegations set forth in paragraph 56 of Dey's Amended Counterclaims.

57.    Sepracor admits the allegations set forth in paragraph 57 of Dey's Amended Counterclaims.

58.    Paragraph 58 of Dey's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that Dey has not, does not, and will not infringe any valid and/or enforceable claim of the '755, '994, '090, '002, and '993 Patents.

## FIRST COUNTERCLAIM

59.    With regard to paragraph 59 of Dey's Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

60.    Paragraph 60 of Dey's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that Dey does not infringe any claim of the '755, '994, '090, '002, and '993 Patents.

61.    Sepracor denies the allegations set forth in paragraph 61 of Dey's Amended Counterclaims.

62.    Sepracor denies the allegations set forth in paragraph 62 of Dey's Amended Counterclaims.

## SECOND COUNTERCLAIM

63.    With regard to paragraph 63 of Dey's Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

64.    Paragraph 64 of Dey's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.

65.    Sepracor denies the allegations set forth in paragraph 65 of Dey's Amended Counterclaims.

## THIRD COUNTERCLAIM

66.    With regard to paragraph 66 of Dey's Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

67.    Sepracor admits that, on its face, the '755 patent indicates that it issued from U.S. Application No. 163,581, which is a continuation of U.S. Application No. 896,725, abandoned, which is a continuation of U.S. Application No. 461,262.  Sepracor denies the remaining allegations set forth in paragraph 67 of Dey's Amended Counterclaims.

68.    Sepracor admits allegations set forth in paragraph 68 of Dey's Amended Counterclaims.

69.    Sepracor admits allegations set forth in paragraph 69 of Dey's Amended Counterclaims.

70.    Sepracor admits allegations set forth in paragraph 70 of Dey's Amended Counterclaims.

71.    Sepracor admits allegations set forth in paragraph 71 of Dey's Amended Counterclaims.

72.    Sepracor admits that "Sepracor [is] the named assignee" for the '755, '994, '090, '002, and '993 patents.  Sepracor also admits that the attorneys and/or agents who prosecuted the '755, '994, '090, '002, and '993 patents were retained by Sepracor Inc. Sepracor denies the remaining allegations set forth in paragraph 72 of Dey's Amended Counterclaims.

73.    Sepracor admits that United Kingdom/Great Britain Patent Specification 1,298,494 ("UK '494") indicates on its face:  "Filed 17 June 1970[;]" "Complete Specification published 6 Dec. 1972[;]" and "Inventor DAVID MIDDLEMISS[.]" Sepracor also admits that page 1, column 1, lines 1-8, of UK '494 states that "ALLEN & HANBURYS LIMITED . . . do hereby . . . pray that a patent may be granted to us . . . ." Sepracor admits that a copy of what is purported to be UK '494 is attached as Exhibit A to Dey's Amended Answer and Counterclaims.  Sepracor admits that the Preliminary Amendment (document number 7) filed in U.S. Application No. 08/691,604 and dated May 7, 1997 states, on page 4, lines 2-4, that "[o]ne week before issue, on August 13, 1996, two references[, one reference being UK '494,] were brought to the attention of applicants' undersigned representative." Sepracor denies the remaining allegations set forth in paragraph 73 of Dey's Amended Counterclaims.

74.    Sepracor denies the allegations set forth in paragraph 74 of Dey's Amended Counterclaims.

75.    Sepracor admits that UK '494 states "[t]his invention is concerned with a process for the preparation of optical enantiomers of certain 1-phenyl-2-aminoethanol derivatives" in column 1, lines 9-12.  Sepracor denies the remaining allegations set forth in paragraph 75 of Dey's Amended Counterclaims.

76.    Sepracor admits that "[a]lbuterol (also known as salbutamol) is a 1-phenyl-2-aminoethanol derivative."  Sepracor denies the remaining allegations set forth in paragraph 76 of Dey's Amended Counterclaims.

77.    Sepracor denies the allegations set forth in paragraph 77 of Dey's Amended Counterclaims.

78.    Sepracor admits that the Preliminary Amendment (document number 7) filed in U.S. Application No. 08/691,604 and dated May 7, 1997 states, on page 4, lines 7-8 and page 5, lines 1-3, that "applicants believe that the references are merely cumulative to the references already of record."  Sepracor denies the remaining allegations set forth in paragraph 78 of Dey's Amended Counterclaims.

79.    Sepracor denies the allegations set forth in paragraph 79 of Dey's Amended Counterclaims.

80.    Sepracor denies the allegations set forth in paragraph 80 of Dey's Amended Counterclaims.

81.    Sepracor denies the allegations set forth in paragraph 81 of Dey's Amended Counterclaims.

82.    Sepracor admits that, through its registered United States patent agent, it cited UK '494 to the United States Patent and Trademark Office in a submission dated August 20, 1996, and UK '494, in column 1, lines 13-14 and 15-16, cites "United

Kingdom Specification 1,200,886." Sepracor admits that United Kingdom/Great Britain Patent Specification 1,200,866 ("UK '866") indicates on its face: "Complete Specification published 5 Aug. 1970" and "Inventors LAWRENCE HENRY CHARLES LUNTS, PAUL TOON and DAVID TREVOR COLLIN[.]" Sepracor also admits that page 1, lines 1-3, of UK '866 states that "ALLEN & HANBURYS LIMITED . . . do hereby . . . pray that a patent may be granted to us . . . ." Sepracor admits that a copy of what is purported to be UK '866 is attached as Exhibit B to Dey's Amended Answer and Counterclaims. Sepracor denies the remaining allegations set forth in paragraph 82 of Dey's Amended Counterclaims.

83.    Sepracor denies the allegations set forth in paragraph 83 of Dey's Amended Counterclaims.

84.    Sepracor denies the allegations set forth in paragraph 84 of Dey's Amended Counterclaims.

85.    Sepracor denies the allegations set forth in paragraph 85 of Dey's Amended Counterclaims.

86.    Sepracor denies the allegations set forth in paragraph 86 of Dey's Amended Counterclaims.

87.    Sepracor denies the allegations set forth in paragraph 87 of Dey's Amended Counterclaims.

88.    Sepracor denies the allegations set forth in paragraph 88 of Dey's Amended Counterclaims.

89.    Sepracor denies the allegations set forth in paragraph 89 of Dey's Amended Counterclaims.

90.     Sepracor denies the allegations set forth in paragraph 90 of Dey's Amended Counterclaims.

91.     Sepracor admits the allegations set forth in paragraph 91 of Dey's Amended Counterclaims.

92.     Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 cites EP-A-0248150, EP-A-0320550, and Trends Pharmacol. Sci., vol. 7/5, 1986, Elseviers Science Publishers B.V., (Amsterdam, NL), E.J. Ariëns: "Chirality in bioactive agents and its pitfalls," pages 200-205.  Sepracor denies the remaining allegations set forth in paragraph 92 of Dey's Amended Counterclaims.

93.     Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 indicates on its face a date of mailing of "31.05.91." Sepracor denies the remaining allegations set forth in paragraph 93 of Dey's Amended Counterclaims.

94.     Sepracor admits that the International Search Report for International Application No. PCT/US91/000088 indicates on its face that an "X" category document is considered in the International Search Report to be "a document of particular relevance:  the claimed invention cannot be considered novel or cannot be considered to involve inventive step."  Sepracor denies the remaining allegations set forth in paragraph 94 of Dey's Amended Counterclaims.

95.     Sepracor denies the allegations set forth in paragraph 95 of Dey's Amended Counterclaims.

96.    Sepracor admits that paragraph 96 of Dey's Amended Counterclaims is a paraphrased excerpt from Section 2001.06(a) of The Manual of Patent Examining Procedure, Eighth Edition, Revision 3 (Aug. 2005).

97.    Sepracor denies the allegations set forth in paragraph 97 of Dey's Amended Counterclaims.

98.    Sepracor denies the allegations set forth in paragraph 98 of Dey's Amended Counterclaims.

99.    Sepracor admits that Gunnar Aberg, T. Scott Johnson, Dean Allan Handley, and John R. McCollough submitted their respective declarations in some of the applications that gave rise to the '755, '994, '090, '002, and '993 Patents.  Sepracor denies the remaining allegations set forth in paragraph 99 of Dey's Amended Counterclaims.

100.    Sepracor admits the allegations to the extent that it admits the declarants were aware of the information contained in their respective declarations.  Sepracor denies the remaining allegations set forth in paragraph 100 of Dey's Amended Counterclaims.

101.    Sepracor denies the allegations set forth in paragraph 101 of Dey's Amended Counterclaims.

102.    Sepracor denies the allegations set forth in paragraph 102 of Dey's Amended Counterclaims.

103.    Sepracor denies the allegations set forth in paragraph 103 of Dey's Amended Counterclaims.

104.    Sepracor denies the allegations set forth in paragraph 104 of Dey's Amended Counterclaims.

105.    Sepracor denies the allegations set forth in paragraph 105 of Dey's Amended Counterclaims.

106.    Sepracor denies the allegations set forth in paragraph 106 of Dey's Amended Counterclaims.

107.    Paragraph 107 of Dey's Amended Counterclaims avers a legal conclusion and, as such, Sepracor is not required to admit or deny it.  Sepracor denies the allegation that the '755, '994, '090, '002, and '993 Patents are unenforceable.

108.    Sepracor denies the allegations set forth in paragraph 108 of Dey's Amended Counterclaims.

109.    Dey's Amended Counterclaims omit paragraph 109.

## FOURTH COUNTERCLAIM

110.    With regard to paragraph 110 of Dey's Amended Counterclaims, Sepracor restates and incorporates by reference its responses to each of the foregoing allegations as though fully set forth herein.

111.    Sepracor denies the allegations set forth in paragraph 111 of Dey's Amended Counterclaims.

## CONSOLIDATED DEFENSES

### FIRST DEFENSE

Dey's Second Amended Counterclaim and Amended Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The making, using, selling, offering to sell, or importing of Dey's Levalbuterol Inhalation Solutions does and will, if marketed, infringe one or more claims of each of the '755, '994, '090, '002, and '993 Patents (the "Sepracor Patents").

### THIRD DEFENSE

The making, using, selling, offering to sell, or importing of Dey's Levalbuterol Inhalation Solution Concentrate does and will, if marketed, infringe one or more claims of each of the Sepracor Patents.

### FOURTH DEFENSE

The claims of the Sepracor Patents are valid under all conditions of patentability set forth in Title 35 of the United States Code.

### FIFTH DEFENSE

The claims of the Sepracor Patents are enforceable.

## CONSOLIDATED PRAYER FOR RELIEF

WHEREFORE, Sepracor denies that Dey is entitled to any of the relief requested in Dey's Prayers for Relief and respectfully requests that the Counterclaims of Dey be dismissed with prejudice; and that judgment be entered in favor of Sepracor as follows:

(A)    A judgment declaring that Dey has infringed and that Dey's making, using, selling, offering to sell and/or importing of Dey's Levalbuterol Inhalation Solutions will infringe one or more claims of each of the Sepracor Patents;

(B)    A judgment declaring that the effective date of any approval of Dey's ANDA No. 77-800 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) for Dey's Levalbuterol Inhalation Solutions must be no earlier than the expiration date of the last to expire of the infringed Sepracor Patents.

(C)    A permanent injunction enjoining Dey, its officers, agents, attorneys, and employees, and anyone acting in concert with them, from making, using, selling, offering to sell, and/or importing Dey's Levalbuterol Inhalation Solutions until after the expiration of the last to expire of the infringed Sepracor Patents.

(D)    A judgment declaring that Dey has infringed and that Dey's making, using, selling, offering to sell and/or importing of Dey's Levalbuterol Inhalation Solution Concentrate will infringe one or more claims of each of the Sepracor Patents;

(E)    A judgment declaring that the effective date of any approval of Dey's ANDA No. 78-309 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) for Dey's Levalbuterol Inhalation Solution Concentrate must be no earlier than the expiration date of the last to expire of the infringed Sepracor Patents.

(F)    A permanent injunction enjoining Dey, its officers, agents, attorneys, and employees, and anyone acting in concert with them, from making, using, selling, offering to sell, and/or importing Dey's Levalbuterol Inhalation Solution Concentrate until after the expiration of the last to expire of the infringed Sepracor Patents.

(G)    A judgment that Dey's infringement of the Sepracor Patents was and is willful, and that Sepracor is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

(H)    A judgment awarding Sepracor costs and expenses in this action.

(I)    Such other and further relief as the Court deems just and equitable.

February 2, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

OF COUNSEL:

Jack M. Stover
Jayson R. Wolfgang
BUCHANAN INGERSOLL & ROONEY PC
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121
(717) 237-4800
stoverjm@bipc.com
wolfgangjr@bipc.com

Todd R. Walters
Susan M. Dadio
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
walterstr@bipc.com
dadiosm@bipc.com

650742-1

25

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 2, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on February 2, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Edgar H. Haug, Esquire
Kimberly J. McGraw, Esquire
Frommer, Lawrence & Haug L.L.P.
745 Fifth Avenue
New York, NY 10151

Elizabeth A. Leff, Esquire
Frommer, Lawrence & Haug L.L.P.
1667 K. Street, N.W.
Washington, D.C. 20006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446-1