IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR, INC., | ) |
|     Plaintiff, | ) |
|     Counterclaim-Defendant | ) C.A. No. 06-113-***(MPT) |
| | ) (Consolidated) |
| v. | ) |
| DEY, L.P. and DEY, INC., | ) |
|     Defendants, | ) |
|     Counterclaim Plaintiffs. | ) |

**NOTICE OF DEPOSITION
AND SUBPOENA DIRECTED TO JOHN R. McCULLOUGH**

PLEASE TAKE NOTICE that at 9:00 A.M. on February 22, 2007, in accordance with Rule 45 of the Federal Rules of Civil Procedure, John R. McCullough will be required to produce and permit inspection and copying of the materials designated in the attached subpoena. John R. McCullough will be required to produce the materials at Jones Reporting, Two Olive Street, Suite 804, Boston, MA 02109, or at such other location as is mutually agreeable.

You are invited to attend and inspect the materials produced.

PLEASE ALSO TAKE NOTICE that at 9:00 A.M. on March 21, 2007, and continuing from day to day until completed, defendants Dey, L.P. and Dey, Inc., ("Dey"), will take the deposition of John R. McCullough, whose address is 104 Nourse Road, Bolton, MA 01740. The deposition will be taken at Jones Reporting, Two Olive Street, Suite 804, Boston, MA 02109, or at such other location as is mutually agreeable.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized by law to administer oaths and will continue from day to day until completed. The testimony will be recorded by audio, audio-visual, and/or stenographic means. You are invited to attend and examine the witness.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067

*Attorneys for Defendants*
*Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531

Dated: February 8, 2007
177540.1

◆AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____ MASSACHUSETTS _____

Sepracor, Inc.

V.

Dey, L.P. and Dey, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-604(KAJ)
(Case Pending in the District of Delaware)

TO: John R. McCullough
104 Nourse Road
Bolton, MA 01740

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jones Reporting<br>Two Olive Street, Suite 804; Boston, MA 02109 | 3/21/2007 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

[See Attachment A]

| PLACE | DATE AND TIME |
|---|---|
| Jones Reporting<br>Two Olive Street, Suite 804; Boston, MA 02109 | 2/22/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE
                                                                                            2/7/07

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Elizabeth A. Leff, Esq., Frommer Lawrence & Haug LLP, 1667 K Street NW, Washington, D.C. 20006, (202) 292-1530

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Attachment A

### Requests for Documents and Things

1. All documents and things relating to U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002 and 6,083,993 or the applications leading to the allowance of these patents.

2. All documents and things including, but not limited to, laboratory notebooks relating to any research you have done or that was done at your direction or under your supervision relating to albuterol or its enantiomers prior to the time you left the employment of Sepracor.

3. A copy of your most current Curriculum Vitae or resume.

4. All documents and things that relate in any way to statements made in your declaration dated January 22, 1996, which was submitted to the United States Patent and Trademark Office.

5. All documents relating to the research done under your supervision identified and described in your January 22, 1996 declaration that was submitted to the United States Patent and Trademark Office.

6. All documents and things relating to the inventions that are the subject of U.S. Patents Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002 and 6,083,993.

7. All documents and things relating to any work you were involved in with Nancy M. Gray relating to $\beta_2$ adrenoceptor agonists.

8. All documents and things relating to any work you were involved in with John Morley relating to $\beta_2$ adrenocepter agonists.

9. All documents and things relating to U.S. Patent No. 5,795,564 or the subject matter disclosed therein.

10. All documents and things relating to U.S. Patent Applications Nos. 07/862,907; 08/223,798; 08/382,744; 07/927,458; 08/222,319 and 08/373,515.

11. All documents and things relating to any work you were engaged in or had knowledge of prior to your employment at Sepracor, Inc. relating to albuterol or its enantiomers.

12. All documents and things which you had knowledge of or which you authored prior to leaving the employment of Sepracor, Inc. relating to the patenting of the enantiomers of racemic mixtures with a known pharmaceutical use.

13. All documents and things relating to any research you have done or that was done at your direction or under your supervision prior to the time you left the

00428309

employment of Sepracor relating to airway hyperreactivity and the use of $\beta_2$ adrenoceptor agonists.

14. All documents and things relating to the inventorship of U.S. Patent Nos. 5,362,755; 5,547,994; 5,760,090; 5,844,002, and 6,083,993.

## Definitions

1. "Albuterol" means the chemical compound 2-(hydroxymethyl)-4-(1-hydroxy-2-tert-butylamino-ethyl)-phenol, [also known as $\alpha^1$[(tert-Butylamino)methyl]-4-hydroxy-m-xylene-$\alpha$, $\alpha'$-diol], and to any salt or ester thereof.

2. "Levalbuterol" refers to the drug levalbuterol, whether called by that name or by any other name or expression and shall mean albuterol which is composed of at least 90% of the R(-) isomer of albuterol and a maximum of 10% of the S(+)isomer of albuterol.

3. "Inventorship" refers to, but is not limited to, deriving, creating, contributing, giving rise to or bringing about the patented subject matter of the 5,362,755; 5,547,994; 5,760,090; 5,844,002 and 6,083,993.

4. The term "document" or "documents" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data. A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "relating to" means referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, concerning, evidencing, recording, or in any way pertaining to the subject, either in whole or in part, and either directly or indirectly.

6. The terms "all" and "each" must be construed as all and each.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. The term "including" means without limitation.

10. The terms "you" and "your" refer to the individual to whom this subpoena is directed.

### Instructions

1. No request shall be construed with reference to any other request for purposes of limitation.

2. These requests are intended to include any and all responsive documents within the possession, custody or control of you, your officers, agents, representatives or employees, wherever located.

3. Each requested document is to be produced in its entirety, including all attachments and enclosures. If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4. If a document responsive to any request is no longer in your possession, custody, or control, state: (i) its date; (ii) author(s); (iii) recipient(s); (iv) subject matter; (v) when such document was most recently in your possession, custody, or control; (vi) what disposition was made of the document; and, (vii) the person or entity, if any, now in

possession, custody, or control of the document. If a document has been destroyed, identify: (i) the date of destruction; (ii) the person who destroyed the document(s); (iii) the person who directed the document to be destroyed; and, (iv) the reason(s) for its destruction.

5. All documents produced in response to these requests must be produced in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled. If documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

6. If, in responding to these document requests, you claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but you shall set forth as part of your response to the request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the request.

7. If, in responding to these document requests, you withhold documents based upon a privilege, you must identify the nature of the privilege (including work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked. In addition, the following information shall be provided in the objection:

    a. For documents: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information

00428309

as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

      b.      For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

      8.      Each request for documents is continuing in nature. If, after responding to these requests, you obtain or become aware of further documents responsive to any request, such documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.