# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 26, 2007

VIA ELECTRONIC FILING

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re:  *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*
     C.A. No. 06-CV-113-*** (MPT); (Consolidated)

Dear Judge Thynge:

This firm, along with Frommer Lawrence & Haug, represents Dey, L.P. and Dey, Inc. ("Dey") in the above-captioned matter. We write in advance of the teleconference set for February 28 at 3:00 p.m.

We are happy to report to the Court that during a teleconference this afternoon, the parties were able to reach agreement on two of the three issues Dey was planning to raise with the Court. First, with respect to Sepracor's failure to produce documents created prior to 1995, Sepracor has agreed to produce all such relevant and non-privileged documents on or before March 19. Second, Sepracor has agreed to fully respond to Interrogatory Nos. 7, 8, 9, 10, and 13 by March 19.

The remaining issue is Sepracor's refusal to provide an index—a simple list—of its electronic-information, disaster-recovery, backup tapes. Dey respectfully requests the Court to order Sepracor to produce such an index or alternatively allow Dey an on-site inspection pursuant to Rule 34(b) so that Dey can compile a list of such backup tapes.

The parties have agreed to follow the default electronic discovery rules in this district. Those rules provide for the exchange of pertinent information, including *inter alia*: **information about their electronic documents and whether those electronic documents are of limited accessibility.**

Following the suggestion contained in the Rules, the parties agreed to a limited search of the so-called "active files."[1] Dey agreed to these limitations, in part, because—as is typical in patent cases where the patents were filed many years ago—the most relevant electronic documents are those created closest to the filing date of the first application. Such documents

---

[1] Specifically, the parties have agreed to limit the search in two ways. First, the parties agreed to search only the emails and other electronic files for certain individuals. Second, these files will be further limited by agreed upon search terms. The parties will begin production of these files soon.

The Honorable Mary Pat Thynge
February 26, 2007
Page 2

would be housed on Sepracor's backup tapes. The idea was to save Sepracor time and resources on its active file searches that would be better spent on its disaster recovery backup tapes. Sepracor, however has refused to produce a log of its backup tapes.

Sepracor's refusal prevents Dey from making the narrow requests that the default rules require. The default rules state: "Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request." This makes good sense, and is exactly why Dey requests the log.

At a minimum, Dey believes the log should identify the type of backup tape, the date it was last written to, and the label information. This information will allow Dey to pose the reasonable and narrowly tailored requests required under the default rules. Dey respectfully requests that the Court compel Sepracor to produce a log of its backup tapes by March 19.

Respectfully,

*/s/ John G. Day*

John G. Day (I.D. #2403)

JGD: nml
178237.1

c:   Richard D. Kirk, Esquire (by hand delivery)
     Jack M. Stover, Esquire (via electronic mail)
     Todd R. Walters, Esquire (via electronic mail)