# THE BAYARD FIRM
## A  T  T  O  R  N  E  Y  S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
(302) 429-4208
rkirk@bayardfirm.com

February 26, 2007

FILED ELECTRONICALLY
ORIGINAL BY HAND

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street, Lock Box 8
Wilmington, DE 19801

      Re:    Sepracor Inc. v. Dey, L. P. and Dey, Inc.
              C. A. Nos. 06-113-*** & Case No. 06-604-*** (Consolidated Cases)

Dear Magistrate Judge Thynge:

Plaintiff, Sepracor Inc. ("Sepracor") files this letter in accordance with the requirements of section 3f of this Court's Rule 16 Scheduling Order dated December 6, 2006 (D.I. 81) and this Court's Order entered on February 23, 2007 (*see also* D.I. 107).

Sepracor requests this Court to direct Defendants Dey, LP and Dey, Inc. ("Dey") to meet and confer in order to make reasonable efforts to reach agreement, *see,* Local Rule 7.1.1, by a date certain either on or before March 9, 2007.

On August 6, 2006, Sepracor propounded its first Request for Production of Documents and electronic data on Dey. From October 27, 2006 to the date hereof, Sepracor has sought to confer with Dey regarding document production deficiencies and when Dey's document production will be complete.[1]

For example, Sepracor's correspondence dated November 9, 2006 sets forth a detailed synopsis of multiple deficiencies in Dey's production (Exh. A). Sepracor's correspondence dated November 22, 2006 sets forth a detailed synopsis of further deficiencies in Dey's hard document production (Exh. B). The Sepracor correspondence dated December 7, 2006 sets forth detailed deficiencies of Dey's electronic data production (Exh. C). Finally, on February 22, 2007, Dey

---

[1] Sepracor correspondence dealing with these issues and requesting such resolution and confirmation of completeness of document discovery was delivered to Dey on October 27, 2006, November 9, 2006, November 22, 2006, December 7, 2006 and February 22, 2007. To date, Dey has not substantively responded to the issues in these letters relating to the deficiencies in its document production.

THE BAYARD FIRM

was provided with another detailed synopsis of deficiencies in its production (Exh. D). This was substantially a reiteration of the matters set forth in the November 22, 2006 correspondence.

Notwithstanding the fact that significant issues and disputes have been open and unresolved since October 27, 2006, Dey's counsel has indicated that they would not be in a position to meet and confer on these issues before March 9, 2007. Dey's counsel indicated that they have not yet had an opportunity to review the correspondence dated February 22, 2007 and that, therefore, resolution of the discovery issues was not ripe for the hearing set on February 28, 2007. Consequently Sepracor requests that this Court enter an order requiring Dey's counsel to meet and confer by a date certain either on or before March 9, 2007. Sepracor requests that this be codified in a Court order to bring closure to this issue.

Respectfully submitted,

/s/ Richard D. Kirk

Enclosures

cc:    Clerk of the Court, by hand
       All counsel of record as shown on attached service list

652860-1

# EXHIBIT A

# Buchanan Ingersoll ▲ Rooney PC
### Attorneys & Government Relations Professionals

One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121

P.O. Box 12023
Harrisburg, PA 17101-2023

**Jayson R. Wolfgang**
717 237 4852
jayson.wolfgang@bipc.com

T 717 237 4800
F 717 233 0852
www.buchananingersoll.com

November 9, 2006

*VIA E-MAIL*

Kimberly J. McGraw, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
       U.S. District Court for the District of Delaware
       (No. 06-113-KAJ)

Dear Kim:

I write to summarize the numerous items we discussed yesterday by phone regarding e-discovery.

## Sepracor's Proposed Search for Relevant Electronic Documents

We find it incredible that Dey continues to assert that Sepracor's proposed search methodology and search terms are inadequate, yet Dey is unwilling to articulate any reasons for its position. Dey's assertion that it cannot tell Sepracor why its proposed search and search terms are inadequate because it has not had the opportunity to review Sepracor documents is equally incredible.

Dey had no difficulty identifying and using terms relating to the issues in this case when preparing and filing its abbreviated new drug application with the FDA seeking approval for a generic version of Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solution product. Dey prepared and provided Sepracor with a Notice letter setting forth allegations about Sepracor's patents-in-suit listed in the Orange Book for XOPENEX® product. Dey has served extensive sets of document requests and interrogatories on Sepracor. Moreover, for three weeks Dey has had Sepracor's IND and NDA, which are voluminous and describe the development, clinical testing and manufacture of its product in detail. Sepracor has indicated several times that it is unaware of any project or code names for the research and development work carried on in relation to its XOPENEX® inhalation products that could be used as a search term and that, in the event of future discovery of such a project or code name, it would be willing to undertake a

search for additional documents if appropriate.  It is further our understanding that if additional custodians of relevant electronic documents are identified as the case moves forward, the parties have agreed to undertake additional searched if appropriate.  Yet Dey continues to take the position that Sepracor's list of likely custodians of relevant electronic documents is not good enough without any justifiable explanation why.  Dey's continued lack of cooperation regarding this issue is delaying Sepracor's ability to collect responsive electronic documents for production in this case.  Please provide  Dey's consent to Sepracor's proposed search for relevant electronic documents.  We await your response.

Also in yesterday's call, you advised us that Dey *can* provide additional search terms it would like Sepracor to use, but you told us you could not tell us what those search terms are.  As we advised you yesterday, Sepracor will not undertake its search for electronic documents until we receive and have an opportunity to consider the additional search terms that Dey already has in mind.

**Dey's Proposed Search for Relevant Electronic (and Paper) Documents**

Meanwhile, we have reviewed Dey's proposed list of custodians likely to have relevant electronic documents, list of search terms, and its proposed "methodology" for searching for relevant electronic documents.  In our letters of November 7, 2006,  we set forth the names of sixteen additional people who Sepracor believes should be added to Dey's list of custodians.  The positions of eleven of these custodians at Dey indicated in documents produced by Dey were listed in our first letter.  The individuals listed in our second letter are officers of Dey having positions that involve decision making responsibilities relating to drug products which the company may choose to bring to market, including the products covered by Dey's ANDA No. 77-800.  They include J. Melville Engle, President and CEO of Dey L.P.; Christy Taylor, Executive Vice President of Sales, Marketing and Business Development; Pamela Marrs, Senior Vice President and CFO of Dey L.P.; and Gary Michaud, Senior Vice President of Operations. Sepracor expects Dey to include each of the identified individuals on its list of custodians whose electronic files will be searched.  In our call yesterday, we again asked you to include these all these individuals in Dey's search for relevant electronic documents.  It is our understanding that you will discuss this issue with your client and will get back to us as soon as possible regarding adding these additional individuals to Dey's list of custodians whose documents will be searched, preferably today.

We also discussed yesterday Sepracor's concerns regarding Dey's use of the Microsoft operating system's search function to locate relevant documents.  It is our understanding that Dey is only willing to use its existing, in-house systems to search for relevant electronic documents. However, Sepracor does not believe the use of the Microsoft search function is adequate to locate or identify all relevant electronic documents.  For example, it is our understanding that the Microsoft search function will not identify certain electronic documents saved as image files such as PDF and JPEG files on Dey's electronic systems.  In addition, it is our understanding that information (metadata) identifying the custodians of responsive documents and the location of these files on Dey's electronic systems may be lost when the documents are copied following a search using the Microsoft search function.  Finally, searches based on Boolean logic cannot be carried out with the Microsoft search function, which will require Dey to use terms that will identify very broad collections of documents to ensure that all relevant electronic documents are

identified and produced. Such searches will also identify large numbers of non-responsive documents. Sepracor would like to know as soon as possible how Dey intends to address each of these issues.

Also in yesterday's call, we asked again that Dey waive the 10-day waiting period under the protective order with respect to Sepracor's vendor, Adam Seskis of CT Summation. As we explained again yesterday for the third or fourth time, we would like Mr. Seskis to have access to Dey's e-discovery information including Dey's systems information and search methodology, all of which Dey has designated as confidential under the protective order. On November 3rd you indicated that Dey would waive the 10-day waiting period set forth in the protective order in this case to move e-discovery issues forward. Having not heard from you on the subject, we went ahead on November 6th and sent you Mr. Seskis' declaration and other information required under the protective order and again asked Dey to waive the 10-day period. However, you indicated yesterday that your client still hadn't made a decision on whether it would object to Mr. Seskis, and you could not tell us when we could expect to hear about that decision. We have explained repeatedly that allowing our respective vendors to enter into the discussion on e-discovery will facilitate moving forward, yet Dey continues to hold back on allowing Sepracor's vendor to participate. Please let us know whether Dey intends to object to Mr. Seskis by close of business today.

Finally, Sepracor expressed its concern that the list of search terms proposed by Dey is too limited, particularly in view of the search methodology discussed above. In addition, Sepracor indicated that both electronic and paper document productions relating to Dey's racemic albuterol inhalation product AccuNeb are relevant to issues in this litigation, including at least the commercial success of Sepracor's product. As we have explained, Dey's AccuNeb was introduced to the inhalation solution market as a copycat product sold as unit doses vials at dosage strengths identical to and for the same purpose as the dosage strengths of Sepracor's XOPENEX® levalbuterol unit dose product. Dey's own website supports this. Sepracor suspects that the failure of AccuNeb in the marketplace is related to Dey's decision to file an ANDA directed to a generic inhalation product having levalbuterol as the active pharmaceutical ingredient. Thus, Dey's search should also include the terms "albuterol" and "AccuNeb" and terms such as "asthma,"" bronchodilation," and/or "bronchospasm," to ensure that relevant electronic documents relating to AccuNeb are identified. To avoid identifying numerous irrelevant documents at the same time, it would be preferable to use these terms in an agreed-to Boolean search to ensure that all relevant documents are identified and collected without collecting numerous irrelevant documents. It is our understanding that Dey is unwilling to carry out such a search, at least for non-email documents. As we suggested yesterday, if Dey is unwilling to employ search methodology other than the basic Microsoft search function it has in-house, it could carry out a broad search by custodian and review all documents by hand in order to ensure that all relevant electronic documents are collected and produced. In any event, Sepracor insists that the additional search terms we have proposed be included in any search for relevant documents, both paper and electronic. We await Dey's response.

We agreed that we would continue to discuss issues relating to e-discovery today afternoon at 3:30 p.m. This should give you time to consult with your client about the issues relating to additional persons to be listed as custodians, the use of the Microsoft search function to identify relevant documents, the methods Dey intends to use to identify relevant image based

documents, Dey's waiver of the 10-day period with respect to Mr. Seskis, Dey's agreement to carry out a search of sufficient scope to ensure the identification of all relevant electronic documents on its electronic systems, and the preservation of metadata associated with those documents at the time of the collection.

Very truly yours,

s/Jayson R. Wolfgang

JRW/cb

cc:     Elizabeth Leff, Esquire
        Susan Dadio, Esquire

# EXHIBIT B

# Buchanan Ingersoll ⚜ Rooney PC

Attorneys ⚺ Government Relations Professionals

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

**Barbara Webb Walker**
703 838 6562
barbara.walker@bipc.com

November 22, 2006

**VIA ELECTRONIC MAIL**

Kimberly J. McGraw, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
       Case No. 06-113-KAJ (D. Del.)

Dear Kim:

Sepracor reiterates its request in Mr. Wolfgang's letter to you of October 27, 2006, that Dey state whether it has produced all paper documents in response to Sepracor's First Set of Requests for Production of Documents Nos. 1-2, 5-17, 19, 21, 24-26, 29, 32-33, 38-39, 41-47, 49, 53-58, 60-100, 103-106 and 108-110.

More urgently, Sepracor has identified the following deficiencies in Dey's document production. Please let us know by the close of business on Monday, November 27, 2006, how Dey intends to remedy these deficiencies.

Dey indicates in its response to Sepracor's Interrogatory No. 9 that the following individuals were involved in the development of Dey's levalbuterol inhalation solutions that are the subject of Dey's ANDA No. 77-800:  Imitaz Chaudry, Paul Lasker, John Miyawa, Rob Meyers and Bob Towne. Michelle Carpenter also appears to have had responsibility for preparing and filing Dey's ANDA No. 77-800. Yet, Dey's document production contains no documents from the personal files of any of these individuals. Please indicate the steps taken by Dey to identify and locate responsive documents in the files of these individuals. To the extent that Dey is withholding documents of these individuals responsive to Sepracor's document requests, provide Dey's basis for withholding those documents.

Dey's production also does not contain documents from the personal files of Florence Adimora or Mohammad Asif, Ph.D. Both of these individuals were apparently actively involved in the studies on which ANDA No. 77-800 is based. Please indicate the steps undertaken by Dey to identify and/or locate responsive documents in the files of these individuals. To the extent

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 2 -

that Dey is withholding documents of these individuals responsive to Sepracor's document requests, state Dey's basis for withholding the documents from production.

John Kling, Senior Vice President, Legal and Christy Taylor, Executive Vice President Sales, Marketing and Business Development also appear to be persons who would have information relating to ANDA No. 77-800 and to Dey's levalbuterol inhalation solutions. Dey's document production contains no documents from either Mr. Kling or Ms. Taylor. Please indicate the steps taken by Dey to identify and/or locate responsive documents in the files of these individuals. To the extent that Dey is withholding documents of these individuals responsive to Sepracor's document requests, state Dey's basis for withholding those documents.

Dey's document production contains no documents from the files of Partha Bannerjee, who was apparently involved with the invention of one or more of Dey's albuterol inhalation solution products. Please indicate the steps taken by Dey to identify and/or locate responsive documents in the files of Ms. Bannerjee. To the extent that Dey is withholding documents of Ms. Bannerjee that are responsive to Sepracor's document requests, state Dey's basis for withholding those documents.

Sepracor's Document Request No. 11 requests that Dey produce all documents and things regarding the validity, enforceability, invalidity, and/or unenforceability of the Sepracor patents. We note that Dey's production contains only one copy of a single Sepracor patent. That patent is not presently asserted in this case. Please confirm that Dey has searched for and completed its production of all documents responsive to Request No. 11. To the extent that Dey is withholding documents responsive to Request No. 11, state Dey's basis for withholding production of responsive documents.

Sepracor's Document Request No. 12 requests that Dey produce all opinions of counsel regarding the validity, invalidity, infringement, non-infringement, enforceability and/or unenforceability of the Sepracor patents. Dey's document production contains no opinions of counsel. Please confirm that Dey has searched for and completed its production of all documents responsive to Request Nos. 12. To the extent that Dey is withholding documents responsive to Request No. 12, identify the person or persons who prepared and/or delivered the withheld opinion(s) to Dey, and the date on which the opinion was given. To the extent that Dey contends that it has no documents responsive to Request No. 12, affirmatively state that Dey has no such responsive documents.

Sepracor's Document Request No. 13 requests that Dey produce all documents and things regarding Dey's infringement or non-infringement of the patents-in-suit, including Dey's contentions that the manufacture, use, sale, offers for sale or importation into the United States of Dey's levalbuterol inhalation solutions will not infringe any claim of the patents-in-suit. Dey's production contains only documents concerning Dey's submission of ANDA No. 77-800 for its

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 3 -

levalbuterol inhalation solutions that state that Dey's levalbuterol inhalation solutions are
bioequivalent to Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solution and
documents that state that Dey's solution will be used to treat asthma. See, for example,
DLEV000006-07 and DLEV004173. To the extent Dey contends it has no additional documents
responsive to Request No. 13, describe the steps taken by Dey to locate and/or identify additional
responsive documents and things. To the extent Dey is withholding documents and things
responsive to Request No. 13, state Dey's basis for withholding those documents.

Sepracor's Document Request No. 14 requests that Dey produce all documents and
things regarding or constituting any alleged prior art to the patents-in-suit considered by Dey or
by its counsel. Request No. 15 requests all documents and things regarding any patentability or
unpatentability study, patent search or prior art search conducted on behalf of Dey. Request No.
16 similarly requests for the production of prior art or other documents regarding Dey's defenses
and counterclaims in this action. In response to Sepracor's Interrogatory No. 4, Dey has
identified four references which Dey asserts are prior art to the asserted claims of the patents-in-
suit. Not only does Dey's document production not contain copies of these cited references, it
contains no prior art references. To the extent Dey contends it has no documents responsive to
Request Nos. 14-15, describe the steps taken by Dey to identify and/or locate responsive
documents and things to Request Nos. 14-15. To the extent Dey is withholding documents and
things responsive to Request Nos. 14-15, state Dey's basis for withholding those documents.

Sepracor's Document Request No. 17 requests that Dey produce all documents and
things regarding Sepracor's Patents, XOPENEX® (levalbuterol HCl) inhalation solutions, and
Dey's levalbuterol inhalation solutions, including minutes of meetings, drafts, notes and other
documents. Request No. 18 requests all documents and things regarding Dey's consideration of
developing levalbuterol HCl inhalation solutions. Request No. 29 requests that Dey produce all
meeting minutes regarding Dey's levalbuterol inhalation solutions, the active ingredient of Dey's
levalbuterol inhalation solutions and/or levalbuterol inhalation solutions, including XOPENEX®
(levalbuterol hydrochloride) inhalation solutions. Dey's document production contains only a
single copy of one Sepracor patent. The production also contains no meeting minutes, drafts,
notes, or memoranda, including minutes, drafts, notes or memoranda regarding levalbuterol
inhalation solutions or Dey's consideration of the development of such products. To the extent
Dey contends that it has no meeting minutes, drafts, notes or other documents responsive to
Request Nos. 17, 18, and 29, describe the steps taken by Dey to identify and/or locate such
documents. To the extent Dey is withholding documents and things responsive to Request Nos.
17, 18, and 29, state Dey's basis for withholding the documents and things from production.

Sepracor's Document Request No. 19 requests that Dey produce all documents and
things regarding the properties of (i) Dey's levalbuterol inhalation solution, (ii) the active
ingredient of Dey's levalbuterol inhalation solutions, or (iii) any actual or contemplated albuterol
or levalbuterol inhalation solutions, including side-effects of these inhalation solutions. The

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 4 -

request also calls for all documents and things regarding any comparisons of these solutions. Dey's document production contains no documents regarding the side-effects of Dey's levalbuterol inhalation solutions or any other albuterol or levalbuterol inhalation solutions. To the extent Dey contends it has no additional documents concerning the properties of (i) Dey's levalbuterol inhalation solution, (ii) the active ingredient of Dey's levalbuterol inhalation solutions, or (iii) any actual or contemplated albuterol or levalbuterol inhalation solutions, including side-effects of these inhalation solutions, describe the steps taken by Dey to identify and/or locate such documents. To the extent that Dey is withholding documents and things concerning (i) Dey's levalbuterol inhalation solution, (ii) the active ingredient of Dey's levalbuterol inhalation solutions, or (iii) any actual or contemplated albuterol or levalbuterol inhalation solutions, including side-effects of the inhalation solutions, state Dey's basis for withholding the documents.

Sepracor's Document Request Nos. 24-25 requests that Dey produce all documents and things regarding any patent or patent application, including proposed, contemplated, draft or actual patent applications by Dey, concerning Dey's levalbuterol inhalation solutions in the United States or any foreign country. Dey's document production contains no documents regarding any patent or patent application of Dey. To the extent Dey has no patents or patent applications, and/or knows of no patents or patent applications concerning products or processes relating to levalbuterol inhalation solutions, state that Dey has no such patents or applications. To the extent Dey is withholding documents relating to patents or patent applications concerning its levalbuterol inhalation solutions, state Dey's basis for withholding those documents.

Sepracor's Request No. 33 requests that Dey produce all documents and things regarding any purported bioequivalence of Dey's levalbuterol inhalation solutions to XOPENEX® (levalbuterol hydrochloride) inhalation solutions, including but not limited to protocols, results, data and/or reports. Dey has produced a copy of its ANDA, the cover letter of which states that Dey's levalbuterol inhalation solutions are bioequivalent to XOPENEX® (levalbuterol hydrochloride) inhalation solutions. However, Dey's production does not contain documents concerning bioequivalence other than the statement in its ANDA. To the extent Dey contends it has no additional documents concerning the purported bioequivalence of Dey's levalbuterol inhalation solutions to XOPENEX® (levalbuterol hydrochloride) inhalation solutions, including but not limited to protocols, results, data and/or reports, describe the steps taken by Dey to identify and/or locate such documents. To the extent Dey is withholding documents concerning the bioequivalence of Dey's levalbuterol inhalation solutions to XOPENEX® (levalbuterol hydrochloride) inhalation solutions, state Dey's basis for withholding those documents.

Sepracor's Request Nos. 35-36 request that Dey produce documents and things regarding Dey's expectations of the uses or indications for which Dey's levalbuterol inhalation solutions would be prescribed and/or administered if approved, including the indications for which Dey's product would be substituted for XOPENEX® (levalbuterol hydrochloride) inhalation solutions.

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 5 -

Dey's document production contains only a few summary documents which state that its levalbuterol inhalation solutions are a treatment for asthma. To the extent Dey contends that it has no additional documents concerning Dey's expectations of uses or indications for which its levalbuterol solutions would be prescribed or administered if approved, including the indications for which Dey's product would be substituted for XOPENEX® (levalbuterol hydrochloride) inhalation solutions, describe the steps taken by Dey to identify and/or locate such documents. To the extent Dey is withholding documents concerning Dey's expectations for uses and/or indications for which its levalbuterol solutions would be prescribed or administered if approved, including the indications for which Dey's product would be substituted for XOPENEX® (levalbuterol hydrochloride) inhalation solutions, state Dey's basis for withholding the documents.

Sepracor's Document Request Nos. 48-49 request that Dey produce all documents and things concerning any actual, expected or potential vendor, manufacturer, or supplier of Dey's levalbuterol inhalation solutions and the active ingredient of those solutions, including any contract, agreement and/or purchase order reflecting those vendors, manufacturers or suppliers. Dey's ANDA references a contract with Teva regarding the manufacture and supply of levalbuterol. It also references other vendors, manufacturers and/or suppliers. However, no contracts, agreements and/or purchase orders with Teva or other vendors were produced. To the extent Dey contends that it has no additional documents concerning any actual, expected or potential vendor, manufacture, or supplier of Dey's levalbuterol inhalation solutions, including its contracts, purchase orders or agreements with Teva, describe the steps taken by Dey to identify and/or locate such documents. To the extent that Dey is withholding documents and things concerning any actual, expected, or potential vendor, manufacturer or supplier for Dey's levalbuterol inhalation solutions and the active ingredient of those solutions, including documents concerning Dey's contracts, agreements and/or purchase orders with those vendors, including Teva, state Dey's basis for withholding those documents.

Sepracor's Document Request Nos. 53-58 request all documents and things regarding Dey's marketing plans and forecasts for its levalbuterol inhalation solutions, including all documents regarding Dey's projections for sales of its product. Dey's document production contains no documents regarding marketing plans for Dey's levalbuterol inhalation solutions. To the extent Dey contends that it does not have documents and things, regarding Dey's marketing plans forecasts for its proposed levalbuterol inhalation solutions, describe the steps taken by Dey to identify and/or locate such documents. To the extent Dey is withholding documents and things relating to its marketing plans and forecasts for its levalbuterol inhalation solutions, state Dey's basis for withholding these documents and things.

Sepracor's Document Request Nos. 58-61 request that Dey produce all documents and things regarding its predicted commercial success with its levalbuterol inhalation solutions and all documents and things regarding Sepracor's commercial success of Sepracor's XOPENEX®

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 6 -

(levalbuterol hydrochloride) inhalation solutions. Dey's production contains no documents relating to either Sepracor's actual commercial success or to Dey's predicted commercial success with the proposed generic product. To the extent Dey contends that it does not have documents regarding the commercial success of Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions or to any predicted commercial success of its levalbuterol inhalation solutions, describe the steps taken by Dey to identify and/or locate such documents and things. To the extent Dey is withholding documents and things relating in anyway to either party's actual or predicted commercial success, state Dey's basis for withholding production of the documents.

Sepracor's Document Request Nos. 75-84 request that Dey produce all documents and things which support or contradict Dey's allegations that claims of each of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103. Dey's document production contains no prior art references or other documents and things that relate to its allegation regarding the validity of the patents-in-suit under 35 U.S.C. §§ 102 and 103. To the extent Dey contends it does not have documents and things which support or contradict its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103, describe the steps taken by Dey to identify and/or locate such documents and things. To the extent that Dey is withholding documents and things which support or contradict its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103, state Dey's basis for withholding production of the documents.

Sepracor's Document Request Nos. 85-89 request that Dey produce all documents and things which support or contradict Dey's allegation that claims of the patents-in-suit are invalid for failure to comply with any paragraph of 35 U.S.C. § 112. Dey's production contains no documents that relate to its allegation regarding the validity of the patents-in-suit under 35 U.S.C. § 112. To the extent Dey contends it does not have documents and things which support or contradict its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. § 112, describe the steps Dey has taken to identify and/or locate such documents and things. To the extent that Dey is withholding documents and things which support or contradict its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. §§ 112, state Dey's basis for withholding production of the documents.

Sepracor's Document Request Nos. 90-94 request that Dey produce all documents and things which support or contradict Dey's allegation that claims of the patents-in-suit are invalid for failure to comply with any paragraph of 35 U.S.C. § 101. Dey's production contains no documents that relate to its allegation regarding the validity of the patents-in-suit under 35 U.S.C. § 101. To the extent Dey contends it does not have documents and things which support or contradict its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. § 101, describe the steps Dey has taken to identify and/or locate such documents and things. To the extent that Dey is withholding documents and things which support or contradict

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 7 -

its allegation that the claims of each of the patents-in-suit are invalid under 35 U.S.C. § 101, state
Dey's basis for withholding production of the documents.

Sepracor's Document Request Nos. 95-99 request that Dey produce all documents and
things which support or contradict Dey's allegation that claims of the patents-in-suit are invalid
for improper double patenting. Dey's production contains no documents that relate to its
allegation regarding improper double patenting. To the extent Dey contends it does not have
documents and things which support or contradict its allegation that the claims of each of the
patents-in-suit are invalid for improper double patenting, describe the steps taken by Dey to
identify and/or locate such documents and things. To the extent that Dey is withholding
documents and things which support or contradict its allegation that the claims of each of the
patents-in-suit are invalid for improper double patenting, state Dey's basis for withholding
production of the documents.

Sepracor's Document Request No. 100 requests that Dey produce document and things
regarding any and all document retention and/or document memos, instructions, guidance and/or
policies of Dey for the last thirteen years. Dey's document production contains no documents
and things regard document retention policies of Dey. To the extent Dey contends that it has no
documents and things concerning document retention and/or document memos, instructions,
guidance and/or policies, describe the steps taken by Dey to identify and/or locate such
documents. To the extent Dey is withholding documents and things concerning Dey's document
retention and/or document memos, instructions, guidance and/or policies of Dey, state Dey's
basis for withholding production of the documents.

Sepracor Document Request No. 102 requests that Dey produce documents and things
sufficient to identify the organizational structure of Dey for the last fifteen years. Dey has
produced a one-page document showing an arrow diagram between the Dey, Inc. and Dey, L.P.
entities and EMD, Inc. There is no indication of any relationship to Merck KGaA. This diagram
is not sufficient to show the organizational structure of Dey. Please supplement Dey's
production with documents sufficient to identify the relationships between the entities identified
in DLEV003915 and Merck KGaA.

Sepracor Document Request No. 105 requests that Dey produce all documents and things
concerning any communication, including but not limited to agreements with, between or among
any potential or actual other applicant for an ANDA involving levalbuterol hydrochloride
inhalation solution, XOPENEX® (levalbuterol hydrochloride) inhalation solution, and/or the
Sepracor Patents. Dey's document production contains no documents and things regarding
communications with a potential or actual applicant for an ANDA involving levalbuterol
hydrochloride inhalation solutions. To the extent Dey contends that it has no documents and
things concerning any communication, including but not limited to agreements with, between, or
among an potential or actual applicant for an ANDA involving levalbuterol hydrochloride

Kimberly J. McGraw, Esq.
November 22, 2006
Page - 8 -

inhalation solutions, XOPENEX® (levalbuterol hydrochloride) inhalation solution, and/or the
Sepracor Patents, describe the steps taken by Dey to identify such documents and things. To the
extent Dey is withholding documents regarding communications with other potential or actual
applicants for an ANDA involving levalbuterol hydrochloride inhalation solutions, state Dey's
basis for withholding any such documents.

Sepracor's Document Request No. 106 requests that Dey produce documents and things
regarding any consideration, evaluation, analysis, or decision involving whether to or whether
not to manufacture, sell, or offer to sell albuterol in unit dose form as an inhalation solution,
including, but not limited to AccuNeb™. Dey has produced no documents relating to
AccuNeb™, including documents relating to any comparisons between Dey's racemic albuterol
AccuNeb™ product and its levalbuterol inhalation solution that is the subject of ANDA No. 77-
800. To the extent Dey contends that it has no responsive documents and things relating to
AccuNeb™, describe the efforts taken by Dey to identify and/or locate responsive documents
and things. To the extent that Dey is withholding any responsive documents and things relating
to AccuNeb™, state Dey's basis for withholding those documents and things.

In addition, Sepracor asks that Dey provide replacement images for images DLEV006890
to 6902 in its production. Images for that production range are corrupted in the production
provided to Sepracor.

Please provide us with Dey's response to each of the deficiencies addressed above
indicating how Dey intends to remedy each deficiency before the close of business on Monday,
November 27, 2006. If Dey is unwilling to remedy these deficiencies immediately, Sepracor
intends to seek the assistance of the court in this matter.

Very truly yours,

Barbara Webb Walker, Ph.D.

BWW/lp

cc: Elizabeth A. Leff, Esq.

# EXHIBIT C

# Buchanan Ingersoll ∧ Rooney PC

Attorneys ∧ Government Relations Professionals

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

T 703 836 6620
F 703 836 2021

www.buchananingersoll.com

**Barbara Webb Walker**
703 838 6562
barbara.walker@bipc.com

December 7, 2006

**VIA ELECTRONIC MAIL**

Kimberly J. McGraw, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151

Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
       Consolidated Cases -- C.A. Nos. 06-113-KAJ & 06-604-KAJ (D. Del.)

Dear Kim:

We are in receipt of your letter sent to us last night regarding supplementation of Dey's document production.

It is our understanding from your letter that next week Dey will be producing at least the following documents:

(1)  documents relating to Dey's Notice Letter dated August 14, 2006, Dey's ANDA No. 78-309 and Dey's proposed levalbuterol hydrochloride inhalation solution concentrate that are the subject of C.A. No. 06-604-KAJ; and

(2)  documents that remedy all of Dey's serious production deficiencies as set forth in our earlier letters of October 27, 2006, and November 22, 2006 to which Dey has not yet responded.

We note that production of all of these documents was originally requested by Sepracor's First Set of Requests for Production of Documents and Things served on August 4, 2006 in C.A. 06-113-KAJ.

It is our further understanding that next week Dey will also be producing the following documents:

(3)  documents that are called for in light of the agreed upon updates to certain definitions in Sepracor's First Set of Requests for Production of Documents and Things as discussed in our letter of December 4, 2006, and herein below.

Pennsylvania  ::  New York  ::  Washington, DC  ::  Virginia  ::  Florida  ::  New Jersey  ::  Delaware  ::  Ohio  ::  California

Kimberly J. McGraw, Esq.
December 7, 2006
Page - 2 -

If our understanding regarding Dey's production is not correct, please let us know by **close of business tomorrow**.

You have requested that we clarify the terms that need to be redefined or updated in view of the Court's consolidation order. As discussed in our letter of December 4, 2006, the definitions of Dey's "Notice Letter," "Dey's ANDA," and "Dey's Levalbuterol Inhalation Solutions" need to be updated or redefined to include Dey's Notice Letter dated August 14, 2006, Dey's ANDA No. 78-309, and the levalbuterol solution described in Dey's ANDA No. 78-309. The "other applicable term[s]" that need to be updated or redefined include the definition of the term "levalbuterol" (this definition needs to include the package label for XOPENEX® (levalbuterol hydrochloride) inhalation solution concentrate or XOPENEX® (levalbuterol HCl) inhalation solution concentrate), and the definition of the term "Patent Certification" (this definition needs to include ANDA No. 78-309).

The document requests that each of these redefined or updated terms apply to are each and every request for documents and things that recite such terms. *See, e.g.,* Sepracor's Request Nos. 1, 3, 4, 5, 6, 7, 13, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 103, 108, 109, and 110.

As discussed previously, it is Sepracor's position that many of its requests were broad enough to cover the new levalbuterol hydrochloride inhalation solution concentrate product. However, to insure that there is no misunderstanding at a later time, any document request in Sepracor's First Set of Requests for Production of Documents and Things that recites XOPENEX® (levalbuterol hydrochloride) inhalation solution(s), XOPENEX® (levalbuterol HCl) inhalation solution(s), levalbuterol HCl inhalation solution(s), levalbuterol hydrochloride inhalation solution(s)or levalbuterol inhalation solution(s) should be updated to specifically recite, if not already considered by Dey to be included in the broader context, XOPENEX® (levalbuterol hydrochloride) inhalation solution concentrate, XOPENEX® (levalbuterol HCl) inhalation solution concentrate, levalbuterol HCl inhalation solution concentrate, levalbuterol hydrochloride inhalation solution concentrate, and levalbuterol inhalation solution concentrate. *See, e.g.,* Sepracor's Request Nos. 16, 17, 18, 19, 20, 21, 22, 23, 29, 30, 31, 33, 34, 36, 58, 59, 60, 61, 62, and 63.

Sincerely,

BUCHANAN INGERSOLL & ROONEY PC

Barbara Webb Walker, Ph.D.

BWW/lp

cc: Elizabeth A. Leff, Esq.

# EXHIBIT D

# Buchanan Ingersoll ∧ Rooney PC
Attorneys ∧ Government Relations Professionals

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

**Barbara Webb Walker**
703 838 6562
barbara.walker@bipc.com

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

February 22, 2007

**VIA ELECTRONIC MAIL**

Elizabeth A. Leff, Esq.
Frommer Lawrence & Haug LLP
1667 K Street, N.W.
Suite 500
Washington, D.C.  20006

      Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
            Case No. 06-113-*** (Consolidated) (D.Del.)

Dear Elizabeth:

      In our November 22, 2006 letter to Ms. McGraw we set forth in detail the numerous deficiencies in Dey's document production.  You have not responded to our letter.  In addition, as described below, Dey has done nothing to address these deficiencies.  We would like to discuss these issues during our meet and confer tomorrow afternoon.  We would also like to discuss the status of e-discovery of both parties and a date for the mutual exchange of the first group of e-mails for the first six custodians.

      1.    *Dey's Failure to Search the Files of Key Individuals*

      There are numerous individuals who should have relevant documents responsive to Sepracor's document requests served on August 4, 2006 whose files have not been produced by Dey.  These individuals include Imitaz Chaudry, Paul Lasker, John Miyawa, Rob Meyers and Bob Towne, Michelle Carpenter, Florence Adimora,  Mohammad Asif, John Kling, Christy Taylor, and Partha Bannerjee.

      Dey's response to Sepracor's Interrogatory No. 9 identifies Imitaz Chaudry, Paul Lasker, John Miyawa, Rob Meyers and Bob Towne as individuals involved in the development of Dey's levalbuterol inhalation solutions that are the subject of Dey's ANDA No. 77-800.  Michelle Carpenter appears to have had responsibility for preparing and filing Dey's ANDA No. 77-800. Florence Adimora or Mohammad Asif, Ph.D. appear to have been involved in the studies on which ANDA No. 77-800 is based.

Elizabeth A. Leff, Esq.
February 22, 2007
Page - 2 -

John Kling, Senior Vice President, Legal and Christy Taylor, Executive Vice President Sales, Marketing and Business Development appear to have information relating to ANDA No. 77-800 and to Dey's levalbuterol inhalation solutions. Partha Bannerjee was apparently involved with the invention of one or more of Dey's albuterol inhalation solution products.

Despite the apparent relevance of these individuals' files, Dey's document production contains no documents from the personal files of any of these individuals. Please confirm that Dey has attempted to identify and locate responsive documents in the files of these individuals, and what steps were taken. To the extent that Dey is withholding documents of these individuals responsive to Sepracor's document requests, provide Dey's basis for withholding those documents.

2.    *Dey's Failure to Produce Documents Responsive to Sepracor's Document Requests*

Sepracor's Request Nos. 11 and 12 seek all documents and opinions of counsel regarding the validity, enforceability, invalidity, and/or unenforceability of the Sepracor patents. Dey has produced only the patents in suit and nothing else.

Sepracor's Request No. 13 requests that Dey produce all documents regarding Dey's infringement or non-infringement of the patents-in-suit. Dey's has only produced documents concerning Dey's submission of ANDA No. 77-800 for its levalbuterol inhalation solutions that state that Dey's levalbuterol inhalation solutions are bioequivalent to Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solution and documents that state that Dey's solution will be used to treat asthma. See, for example, DLEV000006-07 and DLEV004173.

Sepracor's Request Nos. 14, 15 and 16 seek prior art and related documents. Sepracor's Request Nos. 75-84 request documents which support or contradict Dey's allegations that claims of each of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103. In response to Sepracor's Interrogatory No. 4, Dey has identified four references which Dey asserts are prior art to the asserted claims of the patents-in-suit. Dey's document production does not contain any prior art references, including these four cited references, or any other documents and things that relate to its allegation regarding the validity of the patents-in-suit under 35 U.S.C. §§ 102 and 103.

Sepracor's Request No. 20 requests that Dey produce all documents and things regarding all actual and contemplated research and development that concern, among other things, levalbuterol inhalation solutions, including XOPENEX®. This request includes any work done by Dey for Sepracor. See, for example, Sepracor documents SEP 0138455. Dey has produced no documents relating to the research, development, experiments and/or testing of levalbuterol ((R) salbutamol) hydrochloride done by Dey for Sepracor.

Elizabeth A. Leff, Esq.
February 22, 2007
Page - 3 -


Sepracor's Request Nos. 24-25 seek all documents regarding any patent or patent application, including proposed, contemplated, draft or actual patent applications by Dey, concerning Dey's levalbuterol inhalation solutions in the United States or any foreign country. Dey's document production does not contain any documents regarding a patent or patent application of Dey.

Sepracor's Request No. 33 requests that Dey produce all documents regarding any purported bioequivalence of Dey's levalbuterol inhalation solutions to XOPENEX® (levalbuterol hydrochloride) inhalation solutions, including but not limited to protocols, results, data and/or reports. Dey's production does not contain documents concerning bioequivalence other than the statement in its ANDA cover letter which states that Dey's levalbuterol inhalation solutions are bioequivalent to XOPENEX® (levalbuterol hydrochloride) inhalation solutions.

Sepracor's Request Nos. 35-36 request that Dey produce documents regarding Dey's expectations of the uses or indications for which Dey's levalbuterol inhalation solutions would be prescribed and/or administered if approved, including the indications for which Dey's product would be substituted for XOPENEX® (levalbuterol hydrochloride) inhalation solutions. Dey's document production contains only a few summary documents which state that its levalbuterol inhalation solutions are a treatment for asthma.

Sepracor's Request Nos. 41-44 request that Dey produce samples of packaged vials from one lot representative of Dey's Levalbuterol Inhalation Solutions and samples of the active ingredient of these solutions. Dey has produced no samples.

Sepracor's Request Nos. 48-49 request that Dey produce documents concerning any actual or potential vendor, manufacturer, or supplier of Dey's levalbuterol inhalation solutions and the active ingredient of those solutions. Dey has produced less than 60 pages of documents regarding purchase orders and other communications regarding vendors, manufacturers or suppliers. DLEV 008698-008754. However, Dey's ANDA references a contract with Teva regarding the manufacture and supply of levalbuterol, as well as other vendors, manufacturers and/or suppliers. No contracts or agreements with any vendor or purchase orders with Teva have been produced.

Sepracor's Request Nos. 53-58 request that Dey produce documents regarding Dey's marketing plans and forecasts for its levalbuterol inhalation solutions, including sale projections. Sepracor's Request Nos. 58-61 request documents and things regarding Dey's predicted commercial success. Dey has not produced any sales projections or marketing plans, or any other documents related to its predicted commercial success.

Elizabeth A. Leff, Esq.
February 22, 2007
Page - 4 -

Sepracor's Request Nos. 85-89 and Nos. 90-94 request that Dey produce documents which support or contradict Dey's allegation that claims of the patents-in-suit are invalid for failure to comply with any paragraph of 35 U.S.C. § 112, and 35 U.S.C. § 101, respectively. Sepracor's Document Request Nos. 95-99 request documents which support or contradict Dey's allegation that claims of the patents-in-suit are invalid for improper double patenting. Dey's production contains no responsive documents.

Sepracor's Request No. 100 requests that Dey produce documents regarding all document retention and/or document memos, instructions, guidance and/or policies of Dey for the last thirteen years. Dey has not produced any responsive documents.

Sepracor's Request No. 102 requests that Dey produce documents and things sufficient to identify the organizational structure of Dey for the last fifteen years. Dey has produced a one-page document showing an arrow diagram between the Dey, Inc. and Dey, L.P. entities and EMD, Inc. There is no indication of any relationship to Merck KGaA. This diagram is not sufficient to show the organizational structure of Dey. Please supplement Dey's production with documents sufficient to identify the relationships between the entities identified in DLEV003915 and Merck KGaA.

Sepracor Document Request No. 105 requests that Dey produce documents concerning any communication between any potential or actual other applicant for an ANDA involving levalbuterol hydrochloride inhalation solution, XOPENEX® (levalbuterol hydrochloride) inhalation solution, and/or the Sepracor Patents. Dey has not produced any responsive documents.

Sepracor's Document Request No. 106 requests that Dey produce documents and things regarding any decision involving whether to or whether not to manufacture, sell, or offer to sell albuterol in unit dose form as an inhalation solution, including AccuNeb™. See for example SEP 0166857 to SEP 0166864. Dey has produced no documents relating to AccuNeb™.

Sepracor has asked that Dey provide replacement images for images DLEV006890 to 6902 in its production, which are corrupted in the production provided to Sepracor. This has not been produced.

To the extent Dey contends that it has no documents and things responsive to the Document Requests discussed above, Dey must describe the efforts taken by Dey to identify and/or locate responsive documents and things. Further, we are still waiting for a response to Mr. Wolfgang's October 27, 2006 letter requesting that Dey state whether it has produced all paper documents in response to Sepracor's First Set of Requests for Production of Documents Nos. 1-2, 5-17, 19, 21, 24-26, 29, 32-33, 38-39, 41-47, 49, 53-58, 60-100, 103-106 and 108-110.

Elizabeth A. Leff, Esq.
February 22, 2007
Page - 5 -


Please provide such confirmation.  To the extent that Dey is withholding any responsive documents and things, Dey must provide its basis for withholding those documents and things.

   We look forward to discussing these issues with you shortly.  If Dey is unwilling to remedy these deficiencies immediately, Sepracor intends to seek the assistance of the court in obtaining production of these relevant, responsive documents during the conference call with Magistrate Judge Thynge scheduled for Wednesday, February 28, 2007.

                              Very truly yours,

                              Barbara Webb Walker, Ph.D.

BWW/SLS/fjg

cc:  Todd R. Walters
     Susan M. Dadio

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 26, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on February 26, 2007, copies of the

foregoing document were sent by email and hand to the above local counsel and by email

and first class mail to the following non-registered participant:

Edgar H. Haug, Esquire                     Elizabeth A. Leff, Esquire
Kimberly J. McGraw, Esquire                Frommer, Lawrence & Haug L.L.P.
Frommer, Lawrence & Haug L.L.P.            1667 K. Street, N.W.
745 Fifth Avenue                           Washington, D.C. 20006
New York, NY 10151

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk