# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 27, 2007

VIA ELECTRONIC FILING

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

      Re:    *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*
              C.A. No. 06-CV-113-\*\*\* (MPT); (Consolidated)

Dear Judge Thynge:

      We write in response to Sepracor's letter to the Court dated February 26, 2007 (D.I. 109).

      This Court should not be fooled; Sepracor's February 26th letter is nothing more than an unfortunate—and fairly transparent—attempt by Sepracor to deflect the Court's attention away from its own failure to comply with its discovery obligations by manufacturing a "discovery dispute" of its own in time for tomorrow's teleconference.

      Your Honor may recall that during the February 21st status teleconference, it was counsel for Dey who asked the Court for permission to raise a couple of discrete discovery issues during tomorrow's follow-up teleconference, while counsel for Sepracor made no mention of any ripe discovery issues and referred only to its response. *See* Ex. A at page 8, line 12 to page 10, line 3. Dey's request to be heard was necessitated by Sepracor's failure to produce certain documents and interrogatory responses that Judge Jordan had ordered Sepracor to produce "forthwith" last November (*see* Ex. B at p. 13, lines 11-20, and p. 21, lines 8-21). Predictably, after Your Honor agreed that Dey could present its issues during tomorrow's teleconference, Sepracor relented and agreed to produce the documents and interrogatory responses that Judge Jordan had ordered it to produce three months ago, leaving a single e-discovery issue on the table.

      Sepracor, however, apparently was not content to "play defense," and made the strategic decision to go on the offensive. On February 22, 2007 at 8:15 p.m., Sepracor's counsel emailed to Dey's counsel a five-page letter rehashing an "everything but the kitchen sink" list of complaints about Dey's document production, and demanding to meet and confer on these issues the next day. Although Dey's counsel was surprised by Sepracor's demand (since the parties had previously agreed to table Sepracor's complaints while their e-discovery issues were being worked out), she responded with a letter on February 23rd agreeing to review the issues raised by Sepracor and respond by March 9. *See* Ex. C. Then, in a telephone conference among counsel for the parties yesterday, Dey reconfirmed that it would provide substantive answers to the issues raised in Sepracor's February 22nd letter on or before March 9.

The Honorable Mary Pat Thynge
February 27, 2007
Page 2


      Thus, the only "relief" requested by Sepracor, "an order requiring Dey's counsel to meet and confer by a date certain either on or before March 9, 2007," is unnecessary because Dey voluntarily agreed (both orally and in writing) to do so, even before Sepracor made that request. Accordingly, Dey respectfully requests that the Court deny it.


                      Respectfully,

                      */s/ John G. Day*

                      John G. Day (I.D. #2403)

JGD: nml
178237.1

cc:    Richard D. Kirk, Esquire (by hand delivery)
       Jack M. Stover, Esquire (via electronic mail)
       Todd R. Walters, Esquire (via electronic mail)

# EXHIBIT A

1

<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                  IN AND FOR THE DISTRICT OF DELAWARE
 2                              - - -

 3   SEPRACOR, INC.,
                                    :      CIVIL ACTION
 4            Plaintiff,            :
                                    :
              v                     :
 5                                  :
     DEY, L.P. and DEY, INC.,       :
 6                                  :
                                    :      NO. 06-113 (***)
 7            Defendants.
                                - - -

 8

 9                        Wilmington, Delaware
                Wednesday, February 21, 2007 at 2:01 p.m.
10                        TELEPHONE CONFERENCE

11                              - - -

12   BEFORE:   HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE

13                              - - -
     APPEARANCES:
14

15             THE BAYARD FIRM
               BY:  ASHLEY B. STITZER, ESQ.
16
                    and
17
               BUCHANAN INGERSOLL & ROONEY, PC
18             BY:  WILLIAM E. DAVIS, ESQ.
                    (Miami, Florida)
19
                    and
20
               BUCHANAN INGERSOLL & ROONEY, PC
21             BY:  SUSAN M. DADIO, ESQ., and
                    BARBARA WEBB WALKER, Ph.D., ESQ.
22                  (Alexandria, Virginia)

23                  and

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
</pre>

1    Honor, so I could take the lead.

2           THE COURT:  Okay.  And then I will look at this

3    as a status/scheduling conference, possibly.  And it may

4    still be a scheduling conference in any event because I'm

5    not certain what is going to happen with this scheduling

6    order.  I did cancel the tutorial I know in this case but

7    it was because of the timing of it.  I don't know, if you

8    don't consent to my jurisdiction, whether you do want to

9    still do some type of tutorial with me so I'm familiar with

10   the technology because there may be discovery disputes

11   related to it.  I throw that out there.  I'm not suggesting

12   you have to do it.  I'm just throwing that out there because

13   it's one issue that has been raised to me a couple times.

14   So let's talk then on Wednesday, February 28th and we'll

15   talk about what parties have decided concerning consenting

16   and then also talk about the scheduling order.

17           MS. LEFF:  Your Honor, this is Elizabeth Leff on

18   behalf of Dey.  There are some discovery issues that we

19   believe are ripe for the Court to look at.  Should we wait

20   to raise those with you on the 28th, depending on what

21   happens, or can we begin that process now?

22           THE COURT:  Well, I know that there is a motion

23   to strike out there for allegations relating to willful

24   infringement which would be something I couldn't decide.

25   And there has been nothing else filed as far as I know to

1    date.   Have the parties conferred?

2              MS. LEFF:   Yes, the parties have conferred.

3              THE COURT:   Then we night as well take up some

4    of the discovery issues at that time, too.   We'll follow the

5    schedule that Judge Jordan presently has in place which I

6    understand I think it's 48 hours before the scheduled date,

7    one side is to provide what their issues are and the other

8    side has, after that, 24 hours before that time to respond;

9    right?

10             MS. LEFF:   That's correct.

11             MR. DAVIS:   That's correct, Your Honor.

12             THE COURT:   Let me just look and make sure

13   that -- I think he is more generous than I am.

14             (Pause.)

15             THE COURT:   He is.   Understand that I want the

16   font to be a 12 point font.   I don't want it to be 10, I

17   don't want it to be something I have to squint at with my

18   glasses.   And that's fine.   That's fine.   We can take up the

19   discovery matters then, too.

20             MS. LEFF:   So the opening brief would or letter

21   would be due on the 26th?

22             THE COURT:   Yes, it would, but don't file it

23   after 5:00 o'clock, please.

24             MS. LEFF:   Okay.

25             THE COURT:   The same thing with regard to the

1    responsive one, don't file it after 5:00 o'clock Eastern

2    time.

3                    MR. DAVIS:  We won't do that.

4                    THE COURT:  All right.  And we'll talk then at

5    3:00 o'clock on Wednesday, February 28th.

6                    John, would you please prepare an order for

7    my signature indicating that we're going to have a

8    status/scheduling conference as well as discovery dispute

9    and handling any discovery disputes at that time?

10                   MR. DAY:  I'd be happy to, Your Honor.

11                   THE COURT:  Okay.  Thank you.

12                   MR. DAY:  Okay.  Good-bye.

13                   (The attorneys respond, "Thank you, Your

14   Honor.")

15                   THE COURT:  Okay.  Thank you.  Good-bye.

16                   (Telephone conference ends at 2:12 p.m.)

17

18

19

20

21

22

23

24

25

# EXHIBIT B

1                IN THE UNITED STATES DISTRICT COURT

2                IN AND FOR THE DISTRICT OF DELAWARE

3                                  - - -

SEPRACOR, INC.,

4                                    :        CIVIL ACTION
            Plaintiff,               :

5                                    :

        v                            :

6                                    :

DEY, L.P. and DEY, INC.,             :

7                                    :

                                     :    NO. 06-113 (KAJ)

8           Defendants.              :
                                  - - -

9

                        Wilmington, Delaware

10          Wednesday, November 1, 2006 at 4:00 p.m.
                    TELEPHONE CONFERENCE

11
                                  - - -

12

BEFORE:          HONORABLE **KENT A. JORDAN**, U.S.D.C.J.

13
                                  - - -

14   APPEARANCES:

15

            THE BAYARD FIRM

16          BY:  RICHARD D. KIRK, ESQ.

17               and

18          BUCHANAN INGERSOLL & ROONEY, PC
            BY:  SUSAN M. DADIO, ESQ.

19               (Alexandria, Virginia)

20               and

21          BUCHANAN INGERSOLL & ROONEY, PC
            BY:  JAYSON R. WOLFGANG, ESQ.

22               (Harrisburg, Pennsylvania)

23               Counsel for Plaintiff

24
                        Brian P. Gaffigan

25                      Registered Merit Reporter

1    here.

2             I'm not telling you that I'm granting them some

3    kind of relief because frankly I don't understand them to

4    be saying as to document production, we want some relief.

5    I understand them to be saying, judge, we're worried.

6    And based on what I'm hearing and what I've read, I think

7    they've got reason to be worried.  So if we come off the

8    track, at least at this point, you're going to look like

9    the folks who put the rock on the tracks and caused things

10   to come off, and that's not going to be good for anybody.

11            So my strong urging to you is on this document

12   production, if you don't have somebody going through

13   inventor notebooks already, you better get somebody going

14   through inventor notebooks.  If you want to do a rolling

15   production, fine.  You better start rolling out some

16   inventor notebooks and some things that aren't FDA

17   regulatory material.  That is something that occurs to me,

18   in a big ticket patent case with plenty of lawyers on both

19   sides, could have happened sooner than three months after

20   the requests were served.

21            So that takes care of the documents.  And I

22   presume I'm being clear enough that we're going to have

23   responses that include something besides regulatory

24   documents going over in the very near future.  Okay,

25   Mr. Walters?

1    take it as a given now that they want you to use whatever

2    information is in your possession or at your disposal to

3    explain to them your good faith basis for asserting that

4    they are infringers by virtue of the filing of their ANDA.

5    So I'm expecting you to give them a response that is full as

6    you can make it and in good faith and that ought to be done

7    forthwith.  So let's get it done; all right?

8             MS. LEFF:  Your Honor, can I ask that they

9    respond to the rest of the interrogatories pursuant to my

10   letter to Ms. Dadio of the 26th?

11            THE COURT:  Well, I think I have given you all

12   enough instruction here for you to work out what you need

13   to work out, okay?  If I have to get into it on an

14   interrogatory-by-interrogatory basis, I'll do it, but I can

15   promise if I'm put in that position, the party that I think

16   put me in that position by acting in less than full good

17   faith will pay some sort of freight for it, and I just

18   don't expect that that is going to happen.  I expect parties

19   to behave in a way that is sensible and not standing on

20   technical points that really don't have a foundation when

21   examined closely.

22            So anyway, I think I have said enough in this

23   call to get people, I hope, operating on the same page.  But

24   I'll give you like 30 seconds a piece to tell me if there

25   is something ambiguous about what I tried to communicate.

# EXHIBIT C

**FLH** **FROMMER LAWRENCE & HAUG** LLP

Washington DC                          www.flhlaw.com
1667 K Street NW                       New York
Washington, DC 20006                   Tokyo
Telephone: (202) 292-1530
Fax: (202) 292-1531

February 23, 2007

**Elizabeth A. Leff**
ELeff@flhlaw.com

**VIA E-MAIL**

Barbara Webb Walker, Esq.
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727

Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*

Dear Barbara:

This morning I received the five page letter you sent by e-mail last night at 8:15 p.m. We will carefully review and consider the issues you raise and will respond as soon as we have completed our review. We expect to respond by March 9, 2007. If appropriate, Dey will make every effort to supplement its responses.

However, as we received your lengthy letter this morning, we will not be prepared to discuss the issues it raises at the 1 p.m. meet and confer teleconference. Moreover, we do we believe those issues are ripe for consideration by the Court because the requirements of Local Rule 7.1 have not been met. As you will recall, when I raised the issue of discovery matters which could not be resolved by the parties, Magistrate Judge Thynge asked if the parties had conferred. I stated we had. The issues Dey intends to raise on February 28 are issues that the parties have discussed several times and have been unable to resolve.

Very truly yours,

Elizabeth A. Leff

EAL/yhw

00432173