IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>                Plaintiff,<br>v.<br><br>DEY, L.P. and DEY, INC.,<br><br>                Defendants. | C.A. No. 06-113-***<br>C.A. No. 06-604-***<br>(Consolidated) |

**NOTICE OF DEPOSITION OF DEY, INC.
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Sepracor Inc. will take the oral deposition of Dey, Inc. at the offices of Buchanan Ingersoll & Rooney PC, 1737 King Street, Suite 500, Alexandria, VA 22314, beginning at 9:00 a.m. on Thursday, April 26, 2007, continuing from day to day until complete. The topics for the deposition are set forth in Exhibit A attached hereto.

      NOTICE IS FURTHER GIVEN THAT the deposition may be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition also may be videotaped.

April 3, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
Barbara Webb Walker
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620 (Phone)
(703) 836-2021 (Facsimile)
walterstr@bipc.com
dadiosm@bipc.com
barbara.walker@bipc.com

## EXHIBIT A

1. All facts and circumstances upon which Dey, Inc. (hereinafter "Dey") intends to rely to support any contention that Dey has not infringed, and will not infringe (directly, indirectly, contributorily, and/or by inducement) any claim of U.S. Patent Nos. 5,362,577, 5,547,994, 5,760,090, 5,844,002, and 6,083,993 (hereafter the '755, '944, '090, '022, and '933 patents.)

2. All facts and circumstances upon which Dey intends to rely to support any contention that the claims of the '755, '944, '090, '022, and '933 patents are so limited that no claim can be construed as covering any activity for which the levalbuterol inhalation products of ANDA Nos. 77-800 and 78-309 will be used.

3. All facts and circumstances upon which Dey intends to rely to support its contention that each and every asserted claim of the '755, '944, '090, '022, and '933 patents is invalid for failure to meet one or more of the requirements of Title 35, United States Code, including Sections 101, 102, 103, and 112 and/or for improper double patenting.

4. All facts and circumstances upon which Dey intends to rely to support its contention that Sepracor's case is not exceptional under 35 U.S.C. § 285.

5. The existence of any opinions received by Dey or any corporate parent, subsidiaries, affiliates, divisions, predecessors, successors, or any other related entity of Dey prior to making its Paragraph IV Certification in ANDA Nos. 77-800 and 78-309 regarding infringement, validity, and/or enforceability of the '755, '944, '090, '022, and '933 patents, as well as any such opinions obtained by Dey or any corporate parent, subsidiaries, affiliates, divisions, predecessors, successors, or any other related entity of Dey after the Paragraph IV Certifications were made in these ANDAs.

6. The nature and substance of the opinions expressed in the Notice Letters to Sepracor Inc. regarding ANDA No. 77-800, dated January 9, 2006 and ANDA No. 78-309, dated August 14, 2006.

7. All facts and circumstances upon which Dey intends to rely to support its contention that it is not properly a party in this action and Sepracor Inc. is not entitled to damages and any such claim is premature.

8. All facts and circumstances upon which Dey intends to rely to support its contention that the '755, '944, '090, '002, and '933 patents are unenforceable due to inequitable conduct of Sepracor, its agents, and/or attorneys.

9. All facts and circumstances upon which Dey intends to rely to support its contention that the '755, '944, '090, '002, and '933 patents are invalid for improper inventorship under 35 U.S.C. § 102(f).

656272-1

Case 1:06-cv-00113-JJF   Document 122   Filed 04/03/2007   Page 4 of 5

10. All facts and circumstances regarding ANDA Nos. 77-800 and 78-309, including the decision to file the ANDAs to obtain approval to engage in the commercial manufacture, use, and/or sale of levalbuterol hydrochloride inhalation solutions and levalbuterol hydrochloride inhalation solution concentrate.

11. All facts and circumstances regarding any actual evaluations and projections of the market for levalbuterol products, projected sales and pricing of levalbuterol products, the advantages of levalbuterol over racemic albuterol, and the success of levalbuterol in the market in view of the availability of generic racemic albuterol products.

12. All facts and circumstances regarding any marketing plan or materials, including all marketing materials for ACCUNEB® racemic albuterol inhalation solutions, including those that refer in any way to levalbuterol, the (R) isomer of albuterol, the (S) isomer of albuterol, and/or Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solutions and/or Sepracor's XOPENEX® (levalbuterol hydrochloride) inhalation solution concentrate, including but not limited to the marketing materials developed by William Isaacs Health Communications and/or NIA Creative.

13. All facts and circumstances regarding the sales volumes, price, and market share of ACCUNEB® racemic albuterol inhalation solutions for each year since ACCUNEB® was introduced into the market.

14. All facts and circumstances regarding the relationship between Dey and Dey, L.P.

15. All facts and circumstances regarding any discussions and/or communications, whether oral or in writing, between Dey and Sepracor concerning levalbuterol.

16. The nature and substance of all searches made by or on behalf of Dey to locate documents and things responsive to Sepracor's Document Requests.

4

656272-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on April 3, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on April 3, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

| | |
|---|---|
| Edgar H. Haug, Esquire | Elizabeth A. Leff, Esquire |
| Kimberly J. McGraw, Esquire | Frommer, Lawrence & Haug L.L.P. |
| Frommer, Lawrence & Haug L.L.P. | 1667 K. Street, N.W. |
| 745 Fifth Avenue | Washington, D.C. 20006 |
| New York, NY 10151 | |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

638231-1