IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR INC.,<br><br>               Plaintiff,<br>v.<br><br>DEY, L.P. and DEY, INC.,<br><br>               Defendants. | C.A. No. 06-113-***<br>C.A. No. 06-604-***<br>(Consolidated) |

### NOTICE OF DEPOSITION OF DEY, L.P. AND DEY, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

TO:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899

Edgar H. Haug, Esquire
Kimberly J. McGraw, Esquire
Frommer, Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY 10151

Elizabeth A. Leff, Esquire
Frommer, Lawrency & Haug, L.L.P.
1667 K. Street, N.W.
Washington, D.C. 20006

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Sepracor Inc. will take the oral deposition(s) of Dey, L.P. and Dey, Inc. at the offices of Buchanan Ingersoll & Rooney PC, 1737 King Street, Suite 500, Alexandria, VA 22314, beginning at 9:00 a.m. on May 15, 2007, continuing from day to day until complete. The topics for the deposition are set forth in Exhibit A attached hereto.

658328-1

PLEASE ALSO TAKE NOTICE THAT the deposition may be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition also may be videotaped.

April 26, 2007

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

OF COUNSEL:

Todd R. Walters
Susan M. Dadio
Barbara Webb Walker
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
todd.walters@bipc.com
susan.dadio@bipc.com

Jayson R. Wolfgang
BUCHANAN INGERSOLL & ROONEY PC
213 Market Street, 3d Floor
Harrisburg, PA 17101-2121
(717) 237-4800
jayson.wolfgang@bipc.com

## **EXHIBIT A**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant, Dey, L.P. and Dey, Inc. (collectively and individually "Dey"), has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth below. By May 10, 2007, Dey should inform Sepracor of the person(s) designated to testify on its behalf with respect to these matters and specify the matters on which each person will testify.[1]

### I.   SYSTEM PROFILE

1. Dey's network architecture and usage policies.

2. Types of data processing and data storage devices used by Dey in the course of business.

3. Number, types, locations and names of computers (including desktops, laptops, PDAs, cell phones, etc.) currently in use by Dey, or in use at any time during the past 13 years.

4. Number, types, locations, and names of servers currently in use by Dey, or in use at any time during the past 13 years.

5. Brands and versions of software used on Dey's computer system(s).

6. Dey's file naming and saving conventions.

7. Identity of the person(s) responsible for the ongoing operation, maintenance, expansion, backup, and upkeep of Dey's computer systems and how frequently these activities occur (according to policy and actual practice).

8. Dey's policies and practices for usage of home computers for business purposes.

9. Dey's modifications of use of computers since notice of this litigation.

---

[1] If Dey, L.P. and Dey, Inc. intend to designate different individuals as their respective witnesses, please include this information by May 10, 2007.

658328-1

10. Utility programs used to permanently "wipe files" from Dey's computer(s) and date(s) used since notice of litigation.

11. Dey's upgrades to computer hardware during the past 13 years.

12. Dey's upgrades or replacements to computer software during the past 13 years.

13. Operation of Dey's network systems including where data is stored and whether any operations or storage are outsourced or managed by an entity other than Dey.

## II. BACKUP AND RETENTION

1. Steps Dey has taken to ensure preservation of electronic data.

2. Deletion of any documents since lawsuit commenced or since Dey reasonably anticipate this litigation.

3. Dey's instructions about preservation of electronic documents due to this lawsuit: Who provided notification? How was it disseminated? When was it disseminated? What procedures were in place for verification of receipt?

4. Dey's backup software program(s) (*e.g.*, ARCserve, Backup Exec, StorageExpress, Legato, Veritas, etc.).

5. Any modification of Dey's backup procedures since notice of litigation.

6. Information about Dey's disaster recovery plans in place currently and during the past 13 years.

7. Dey's backup tape or archival disk naming/labeling conventions.

8. The current location, identification, and status of Dey's backup tapes and other backup media.

9. Method and schedule Dey uses to delete files from its computer system(s).

10. Location(s), if any, where Dey files are "archived" off the system.

11. Dates, if any, when Dey data was restored from backup tapes within the past 48 months. If so: What data was restored? Why was the data restored?

## III. POLICIES AND PROCEDURES

1. Dey's electronic records management policies and procedures.

  2. Dey's policy regarding purging of individual directories when an employee leaves the company (on desktop, laptop, and server systems).

  3. Dey's policy regarding reassigning workstations to incoming employees.

  4. Dey's policy regarding disposal/recycling/sale of hardware.

  5. Dey's procedures for handling used disks or drives before destruction or sale.

  6. Dey's policy and procedure for use of outside contractors to upgrade either hardware or software for system maintenance.

  7. Dey's protocol for using passwords or encrypted files that are used on any of the computer systems, including name(s) of person(s) who manage this process.

  8. Dey's policy for changing/revoking passwords and access codes when an employee leaves the company.

  9. Dey's method used for those outside the company to access the computers (VPN or other).

## IV. DATABASES

  1. Types of databases Dey uses (CRM, accounting, etc.).

  2. Type(s) and names of database software Dey uses (*e.g.*, Oracle, dBASE, Advances Revelation, Access, proprietary, etc.).

  3. The fields of information used in Dey's database(s).

  4. Identity of person(s) responsible for Dey's database design, database maintenance, report design, database backup.

  5. Identity of person(s) who enter information into the Dey's database(s).

  6. Ways and by whom Dey's databases are accessed.

  7. Identification of any standard reports prepared on a routine basis.

  8. Incidents and dates on which Dey's database files have been re-indexed, purged, repaired, or archived.

## V. SHARED FILES

  1. Types of shared files Dey uses.

   2. Type(s) and names of shared file software Dey uses.

   3. Identity of person(s) responsible for Dey's shared files directory design, shared files maintenance, and shared files backup.

   4. Ways and by whom Dey's shared files are accessed.

   5. Incidents and dates on which Dey's shared files have been re-indexed, purged, repaired, or archived.

   6. Dey's shared file directory structure.

   7. Dey's shared file naming and saving conventions.

VI.   **EMAIL SYSTEMS**

   1. Identity of person(s) responsible for administering Dey's email system(s).

   2. Identification of all type(s) of email programs currently in use by Dey, including name(s) and version number(s), installation date(s) and number of users.

   3. Location of Dey users' email files (*e.g.*, mail messages stored in a central location—a server—or locally on users' desktops, or both?)

   4. Ways, if any, Dey users can access their email remotely (*e.g.*, from outside the office via BlackBerry or other wireless devise, or via a web mail application).

   5. Dey's protocol for routinely changing email passwords.

   6. Dey's policy for running "janitorial" programs to purge email.

   7. Identification of any other Dey email systems used in the past 13 years.

   8. Details about Dey's email retention policies and practices (*e.g.*, retention period, auto-delete features, deletion procedures, etc.).

   9. Restoration of any mailboxes from Dey backup tapes within the past 48 months/years. If applicable, identify: What mailbox(es) was/were restored? Was the restoration operation successful? What resources were required to perform the restoration (labor hours, equipment, drive space, etc.).

   10. Dey's special active email retention settings.

   11. Incidents and dates on which Dey's email databases have been re-indexed, purged, repaired, or archived.

VII. **MISCELLANEOUS**

    1.    Information about production of Dey electronic documents in other litigation or legal proceedings: Which cases were produced? What was produced, in what format?

    2.    Information about any persons who examined any of Dey's computers since learning of this lawsuit, including details about reasons for examination and protocol utilized.

    3.    The list of Dey's backup electronic systems provided to Sepracor on or about October 3, 2006 and any supplementation thereof.

    4.    The current location, identification, and status of backup electronic media for any email or other system no longer in use by Dey (*e.g.*, legacy systems).

    5.    All stored data from any email or other system no longer in use by Dey (*e.g.*, legacy systems).

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on April 26, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on April 26, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

| | |
|---|---|
| Edgar H. Haug, Esquire | Elizabeth A. Leff, Esquire |
| Kimberly J. McGraw, Esquire | Frommer, Lawrence & Haug L.L.P. |
| Frommer, Lawrence & Haug L.L.P. | 1667 K. Street, N.W. |
| 745 Fifth Avenue | Washington, D.C. 20006 |
| New York, NY 10151 | |

/s/ Richard D. Kirk (rk0922)
    Richard D. Kirk

629446-1