# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 1, 2007

VIA ELECTRONIC FILING

The Honorable Sue L. Robinson
Chief Judge
United States District Court
844 North King Street
Wilmington, Delaware 19801

  Re: *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*
    C.A. No. 06-CV-113-*** (MPT); (Consolidated)

Dear Chief Judge Robinson:

  We, along with Frommer Lawrence & Haug LLP, represent defendants Dey L.P. and Dey, Inc. (collectively "Dey") in the above referenced Hatch-Waxman patent case, which currently is assigned to the vacant judgeship. I write to Your Honor, as Chief Judge of this District, to respectfully request that the case be reassigned to a sitting District Judge, so that the case can be kept on or near its current schedule for trial.

  As Your Honor is aware, delays in the resolution of Hatch-Waxman patent cases result in market advantages for branded companies at the expense of the companies that challenge Orange Book listed patents and the public. Plaintiff Sepracor, Inc. ("Sepracor"), mindful of these marketing advantages, has consistently sought to slow this matter down. For example, at the July 19, 2007 Rule 16 Scheduling Conference in this case, Sepracor sought a trial date that was twenty months after the case was filed. After Judge Jordan refused that request and entered "a schedule that I believe accords with what is a fair and reasonable time frame for an ANDA case to proceed" (Tab 1 at 8), Sepracor immediately announced that it was "seriously contemplating a motion to transfer [its own case], or in the alternative, a motion for stay .... (Tab 1 at 17). Rather than follow through on its threat to file such an unprecedented motion, Sepracor instead resorted to dilatory discovery tactics, for which Judge Jordan admonished its counsel during a discovery status conference on November 1, 2006: "It feels to me like there may be a slow roll going on here, .... if they've given you document requests more than THREE months ago and the best you've got to show for it after this amount of time is you gave them the FDA regulatory files, you haven't been doing a great job in my view in terms of being responsive and staying on track with discovery. So we're going to be on schedule here." (Tab 2 at 12-13. emphasis in original) In December 2007, Sepracor's original case was consolidated with a second case it filed against Dey concerning an ANDA filed by Dey on a concentrate of the product at issue in the original case, resulting in a two month delay in the schedule. After Judge Jordan was elevated to the Third Circuit, Dey -- in an effort to keep the case on track -- consented to Magistrate Thynge's jurisdiction for all purposes. (Tab 3 at 5) Unfortunately, Sepracor refused to give its consent

The Honorable Sue L. Robinson
May 1, 2007
Page 2

(Tab 4 at 3), explicitly acknowledging that this refusal was likely to vitiate the current schedule: "I guess we could leave [the schedule] as it is for now, but it seems like that unless a judge is appointed, some of these dates will become meaningless." (Tab 4 at 7)  At the most recent status conference, on April 18, 2007, Sepracor finally let the other shoe drop, asking Judge Thynge for a date to be heard on its request to extend the current case schedule. (Tab 5 at 9)  Judge Thynge agreed to consider that request on Friday May 4, 2007.

To avoid the risk of any further delay, Dey respectfully requests that Your Honor reassign this case to a sitting District Judge at the Court's earliest convenience.

Respectfully,

*/s/ John G. Day*

John G. Day (I.D. #2403)

JGD: nml
180144.1

cc:   The Honorable Mary Pat Thynge (by hand delivery)
      Richard D. Kirk, Esquire (by hand delivery)
      Jack M. Stover, Esquire (via electronic mail)
      Todd R. Walters, Esquire (via electronic mail)

# EXHIBIT 1

```
 1              IN THE UNITED STATES DISTRICT COURT
                IN AND FOR THE DISTRICT OF DELAWARE
 2
                              - - -
 3    SEPRACOR, INC.,
                                      :    CIVIL ACTION
 4              Plaintiff,            :
                                      :
 5         v                          :
                                      :
 6    DEY, L.P. and DEY, INC.,        :
                                      :
 7                                    :    NO. 06-113 (KAJ)
                Defendant.
 8                            - - -

 9                   Wilmington, Delaware
              Wednesday, July 19, 2006 at 9:31 a.m.
10                   TELEPHONE CONFERENCE

11                            - - -

12    BEFORE:       HONORABLE KENT A. JORDAN, U.S.D.C.J.

13                            - - -
      APPEARANCES:
14

15            THE BAYARD FIRM
              BY:  RICHARD D. KIRK, ESQ.
16
                  and
17
              BUCHANAN INGERSOLL & ROONEY, PC
18            BY:  SUSAN M. DADIO, ESQ.
                   (Alexandria, Virginia)
19
                  and
20
              BUCHANAN INGERSOLL & ROONEY, PC
21            BY:  JACK M. STOVER, ESQ., and
                   JAYSON R. WOLFGANG, ESQ.
22                 (Harrisburg, Pennsylvania)

23                      Counsel for Plaintiff

24
                                  Brian P. Gaffigan
25                                Registered Merit Reporter
```

1  this for a schedule that I believe accords with what is a
2  fair and reasonable time frame for an ANDA case to proceed,
3  and it is not going to be tied to the Massachusetts case
4  because I think the claims for economy are somewhat
5  illusory.  In any event, if you are moving a little quicker
6  here, it can only be a help, I would imagine, to putting
7  things together and making things more efficient in the
8  Massachusetts action.  So I don't think you lose economies
9  by being on an appropriate schedule according to our usual
10 time frames here.  That's not meant in any form or fashion
11 as a comment on the schedule that was entered in
12 Massachusetts, which I'm sure is fair and appropriate under
13 the standards and the practices and the particular facts of
14 that case.
15             Nor, however, am I going to enter an order that
16 is as aggressive as the one that the Dey entities seek here
17 because I don't think that is warranted.  So I'm just going
18 to go through and tell you what the dates are going to be.
19 Since you folks were unable to come to agreement on them,
20 I've selected some that I think are appropriate.
21             Looking at paragraph 1, that five-day limit is
22 fine.
23             Paragraph 2, the agreed September 7th date is
24 fine.
25             We'll come back to paragraph 3a in a moment.

1          THE COURT: All right. Well, good enough.
2  Listen. We'll go with the straight 140 hours. I am not
3  going to make either side count against their hours what
4  other lawyers do in a different case. And I take Mr. Haug
5  at his word that the record depositions are not going to be
6  a source of gamesmanship here and so I don't think that is
7  going to be a problem. So that will be a straight 140 hour
8  limitation on taking fact testimony by oral deposition.
9          Is there any other matter that we need to
10  address while we're all on the line together, Ms. Dadio?
11          MS. DADIO: Yes, Your Honor. We would like to
12  make the Court aware of the fact that Sepracor is seriously
13  contemplating a motion for transfer or, in the alternative,
14  a motion for stay in this particular case. And we would
15  expect at this point the possibility of taking discovery.
16  We would attempt to do so on an expedited basis for that
17  particular issue.
18          THE COURT: Let me make sure I understand.
19  You guys filed the suit here and you want it transferred
20  someplace else?
21          MS. DADIO: In sum, correct, Your Honor. The
22  transfer we would be seeking would be to Massachusetts.
23          THE COURT: Didn't you file the Massachusetts
24  case first?
25          MS. DADIO: Correct, Your Honor.

# EXHIBIT 2

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              IN AND FOR THE DISTRICT OF DELAWARE
 3                            - - -
    SEPRACOR, INC.,
 4                                    :   CIVIL ACTION
             Plaintiff,               :
 5                                    :
         v                            :
 6                                    :
    DEY, L.P. and DEY, INC.,          :
 7                                    :
                                      :   NO. 06-113 (KAJ)
 8           Defendants.
                                  - - -
 9
                         Wilmington, Delaware
10          Wednesday, November 1, 2006 at 4:00 p.m.
                         TELEPHONE CONFERENCE
11
                              - - -
12
    BEFORE:      HONORABLE KENT A. JORDAN, U.S.D.C.J.
13
                              - - -
14  APPEARANCES:

15
                THE BAYARD FIRM
16              BY:  RICHARD D. KIRK, ESQ.

17                   and

18              BUCHANAN INGERSOLL & ROONEY, PC
                BY:  SUSAN M. DADIO, ESQ.
19                   (Alexandria, Virginia)

20                   and

21              BUCHANAN INGERSOLL & ROONEY, PC
                BY:  JAYSON R. WOLFGANG, ESQ.
22                   (Harrisburg, Pennsylvania)

23                        Counsel for Plaintiff

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

1  scope of our request.

2  Do you want to hit back at that assertion?

3  MR. WALTERS: Regardless of whether the ultimate

4  products are conceded to be within the scope of claims or

5  this litigation in any way, we still believe that we would

6  be remiss if we did not look at each and every document

7  before we produced it.

8  THE COURT: Okay. Well, I'm not telling you

9  that you can't do that. You can certainly do that. But

10 here is what I can tell you. The Federal Rules of Civil

11 Procedure give you 30 days to make a response. Sensible

12 parties, working together, work out additional time when

13 there are lots of documents.

14 I am telling you I'm smelling smoke where your

15 opponents are saying fire. It feels to me like there may

16 be a slow roll going on here, because even though it's not

17 unwise for you to make a check just to see that nothing got

18 misfiled, and just to make sure, well, this really is

19 everything we thought was in that file, I tend to agree with

20 Ms. Leff that if they've given you document requests more

21 than THREE months ago and the best you've got to show for

22 it after this amount of time is you gave them the FDA

23 regulatory files, you haven't been doing all that great a

24 job in my view in terms of being responsive and staying on

25 track with discovery. So we're going to be on schedule

1     here.

2            I'm not telling you that I'm granting them some
3     kind of relief because frankly I don't understand them to
4     be saying as to document production, we want some relief.
5     I understand them to be saying, judge, we're worried.
6     And based on what I'm hearing and what I've read, I think
7     they've got reason to be worried.  So if we come off the
8     track, at least at this point, you're going to look like
9     the folks who put the rock on the tracks and caused things
10    to come off, and that's not going to be good for anybody.

11           So my strong urging to you is on this document
12    production, if you don't have somebody going through
13    inventor notebooks already, you better get somebody going
14    through inventor notebooks.  If you want to do a rolling
15    production, fine.  You better start rolling out some
16    inventor notebooks and some things that aren't FDA
17    regulatory material.  That is something that occurs to me,
18    in a big ticket patent case with plenty of lawyers on both
19    sides, could have happened sooner than three months after
20    the requests were served.

21           So that takes care of the documents.  And I
22    presume I'm being clear enough that we're going to have
23    responses that include something besides regulatory
24    documents going over in the very near future.  Okay,
25    Mr. Walters?

# EXHIBIT 3

```
 1                IN THE UNITED STATES DISTRICT COURT
                  IN AND FOR THE DISTRICT OF DELAWARE
 2                              - - -

     SEPRACOR, INC.,
 3                                      :    CIVIL ACTION
              Plaintiff,
 4                                      :
                                        :
         v                              :
 5                                      :
                                        :
     DEY, L.P. and DEY, INC.,           :
 6                                      :
                                        :
                                        :    NO. 06-113 (***)
 7            Defendants.
                                - - -
 8
                         Wilmington, Delaware
 9            Wednesday, February 21, 2007 at 2:01 p.m.
                         TELEPHONE CONFERENCE
10
                                - - -
11
         BEFORE:   HONORABLE **MARY PAT THYNGE**, U.S. MAGISTRATE JUDGE
12
                                - - -
13   APPEARANCES:

14
                  THE BAYARD FIRM
15                BY:   ASHLEY B. STITZER, ESQ.

16                      and

17                BUCHANAN INGERSOLL & ROONEY, PC
                  BY:   WILLIAM E. DAVIS, ESQ.
18                      (Miami, Florida)

19                      and

20                BUCHANAN INGERSOLL & ROONEY, PC
                  BY:   SUSAN M. DADIO, ESQ., and
21                      BARBARA WEBB WALKER, Ph.D., ESQ.
                        (Alexandria, Virginia)
22
                        and
23

24
                                        Brian P. Gaffigan
25                                      Registered Merit Reporter
```

1        MR. DAVIS:  That's correct.

2        THE COURT:  I don't allow the filing of case
3   dispositive motions because it makes no sense to me to have
4   a case dispositive motion, then a trial, and then for you
5   to brief it afterwards.  That's my approach generally to
6   bench trials.  And we would have to obviously make other
7   adjustments in the schedule.  A lot of what I have in my
8   scheduling order is not dissimilar from what Judge Jordan
9   has in his scheduling order.

10       The other thing is since this is an ANDA case,
11  is there any interest at all in mediating it?

12       MS. LEFF:  Your Honor, this is Elizabeth Leff
13  for Dey.  We would consent to your jurisdiction over the
14  case.

15       THE COURT:  Okay.  Let me ask you this, though.
16  If this is going to be a bench trial, that may very well
17  affect any mediation obviously.  So these are a couple
18  issues that are kind of out on the table.  And if you want
19  to talk about them now, we might as well discuss them.

20       MR. DAVIS:  Your Honor, this is William Davis
21  on behalf of Sepracor.  We would like the opportunity to
22  take up with our client the notion of consenting to the
23  jurisdiction of the Magistrate to move this along.  We can't
24  definitively answer the question today but we could be
25  prepared to do so in very short order.

# EXHIBIT 4

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

    SEPRACOR, INC.,
 4                                    :    CIVIL ACTION
                Plaintiff,            :
 5                                    :
          v                           :
 6                                    :
    DEY, L.P. and DEY, INC.,          :
 7                                    :
                                      :    NO. 06-113 (***)
 8          Defendants.
                                - - -
 9
                      Wilmington, Delaware
10           Wednesday, February 28, 2007 at 3:02 p.m.
                      TELEPHONE CONFERENCE
11
                              - - -
12
       BEFORE:   HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE
13
                              - - -
14
       APPEARANCES:
15

              THE BAYARD FIRM
16            BY:  RICHARD D. KIRK, ESQ.

17                 and

18            BUCHANAN INGERSOLL & ROONEY, PC
              BY:  WILLIAM E. DAVIS, ESQ.
19                 (Miami, Florida)

20                 and

21            BUCHANAN INGERSOLL & ROONEY, PC
              BY:  SUSAN M. DADIO, ESQ., and
22                 BARBARA WEBB WALKER, Ph.D., ESQ.
                   (Alexandria, Virginia)
23
                   and
24

25                                   Brian P. Gaffigan
                                     Registered Merit Reporter
```

```
 1                THE COURT:  Good afternoon, this is Judge
 2   Thynge.
 3                (The attorneys respond, "Good afternoon, Your
 4   Honor.")
 5                THE COURT:  Okay.  Let me just try to find
 6   out -- I heard Dick's voice.  Dick, who is on the line with
 7   you for Sepracor?
 8                MR. KIRK:  Your Honor, this is Dick Kirk from
 9   The Bayard Firm.  And with me on the line from Buchanan
10   Ingersoll & Rooney are Susan Dadio, Barbara Walker, Bill
11   Davis and Jayson Wolfgang.
12                THE COURT:  Okay.  Thank you.  And who is on the
13   line on behalf of Dey?
14                MR. DAY:  Good afternoon, Your Honor.  You have
15   John Day for Dey; and with me on the line are Elizabeth Leff
16   and John Goetz from Frommer Lawrence & Haug.
17                THE COURT:  All right.  Thank you very much.
18                We have a couple issues to discuss, at least
19   according to the order that was reviewed.  First of all,
20   what are the parties' position concerning consenting to my
21   jurisdiction?
22                MR. DAVIS:  Your Honor, this is William Davis on
23   behalf of Sepracor.  We've conferred with our client and
24   they do not wish to consent to Magistrate Court jurisdiction
25   for dispositive matters in the case.
```

1           MR. DAVIS:  Your Honor, on behalf of Sepracor,
2  William Davis.  I guess we could leave it as it is for now,
3  but it seems like that unless a judge is appointed, some of
4  these dates will become meaningless.
5           THE COURT:  Oh, I think that is probably true.
6  But the dates, for example, in which you submit your claim
7  construction briefs I don't consider necessarily meaningless
8  because that means that your case could be set up.  I, quite
9  frankly, am not of the same belief as Judge Jordan is about
10 giving counsel the opportunity to file briefs on case
11 dispositive motions when it's a bench trial.  But it also
12 is clear to me that once you get your claim construction
13 briefing done, I'm not certain that you will end up having a
14 hearing on November 20th, 2007.
15          But I certainly think that to the extent counsel
16 can get the case teed up for the next judge to take it on,
17 it makes some sense to have a schedule in at least up to,
18 and including, those dates, the dates where there is more
19 responsibility on the part of counsel than there is on the
20 court.  And I have no problem leaving the dates as is.
21 Probably what we should do is set up another teleconference
22 in the future and find out the status of the case maybe
23 even before you start filing your case dispositive motions.
24 You are going to have to still do the claim construction
25 material in any event.

# EXHIBIT 5


```
 1                IN THE UNITED STATES DISTRICT COURT
 2                IN AND FOR THE DISTRICT OF DELAWARE
 3                               - - -
    SEPRACOR, INC.,
 4                                    :   CIVIL ACTION
              Plaintiff,              :
 5                                    :
         v                            :
 6                                    :
    DEY, L.P. and DEY, INC.,          :
 7                                    :
                                      :   NO. 06-113 (***)
 8            Defendants.
                                   - - -
 9
                        Wilmington, Delaware
10              Wednesday, April 18, 2007 at 9:03 a.m.
                        TELEPHONE CONFERENCE
11
                                 - - -
12
    BEFORE:    HONORABLE MARY PAT THYNGE, U.S. MAGISTRATE JUDGE
13
                                 - - -
14  APPEARANCES:

15
             THE BAYARD FIRM
16           BY:  RICHARD D. KIRK, ESQ.

17                and

18           BUCHANAN INGERSOLL & ROONEY, PC
             BY:  WILLIAM E. DAVIS, ESQ.
19                (Miami, Florida)

20                and

21           BUCHANAN INGERSOLL & ROONEY, PC
             BY:  SUSAN M. DADIO, ESQ.
22                (Alexandria, Virginia)

23                and

24
                                  Brian P. Gaffigan
25                                Registered Merit Reporter
```

1    MR. DAVIS: Yes, we could, Your Honor.
2    THE COURT: What I plan to do is schedule it
3 for a date and time where I handle both sides issues. I'm
4 not going to schedule two separate dates. I do expect
5 cooperation from both sides to have a meet and confer so
6 that Dey can get their issues discussed with the plaintiff
7 and the 48 and 24 hour time periods exist.
8    Now, on the 48 hour one, to the extent I'll end
9 up having dueling discovery matters, you are limited to
10 three pages. I do expect the font size to be something that
11 is readable. I'm only saying this to you because recently
12 I've been getting submissions where the font size keeps
13 getting smaller. And I'm looking at Friday, May 4th and I'm
14 looking at 8:00 o'clock in the morning.
15    MR. DAVIS: That would work for me, Your Honor.
16 William Davis.
17    MS. LEFF: Your Honor, that's fine with me.
18    THE COURT: Fine. Okay. So that means that I
19 expect to see the submissions no later than 8:00 o'clock,
20 the 48 hours ones no later than 8:00 o'clock Wednesday, May
21 2nd and the 24 hour ones no later than 8:00 o'clock in the
22 morning on Thursday, May 3rd.
23    MR. DAVIS: Your Honor, at some point may we
24 address the scheduling order itself?
25    THE COURT: Do you want to address it at that