# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 3, 2007

VIA ELECTRONIC FILING

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, Delaware 19801

REDACTED
PUBLIC VERSION

> Re:  *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*
> C.A. No. 06-113-*** (MPT); (Consolidated)

Dear Judge Thynge:

For the reasons stated below, Dey opposes both Sepracor's request to extend the schedule in this case by 120 days and its request that the Court compel Dey to produce documents related to AccuNeb.

## EXTENSION OF CASE SCHEDULE

Sepracor has sought to delay resolution of this matter since the Rule 16 scheduling conference held July 19, 2006 when it requested a trial date twenty months after the case was filed. (*See* Ex. A.) The reason is plain. Delays in the resolution of this matter extend Sepracor's monopoly over levalbuterol.

As the correspondence between early November and the present makes readily apparent, the situation Sepracor finds itself in with respect to the status of discovery is of its own making. The parties agreed to exchange e-discovery search terms and methodology on November 3, 2006. (Ex. B.) The parties exchanged search terms that day but Sepracor failed to provide its proposed search methodology. (*Id.*) The parties continued to negotiate telephonically and via letter throughout the month of November and early December. (*See* Ex. 1 to D.I. 133 (Sepracor's May 2, 2007 letter) and Ex. C.) On December 15, Dey presented Sepracor with a revised search plan. (Ex. D.) Sepracor did not respond to that letter until two weeks later on December 29. On January 4, Dey responded to Sepracor's letter and proposed a telephone conference that would include the parties' e-discovery vendors whose expertise Dey believed would assist in finding solutions to any issues raised. (Ex. E.) Sepracor never responded. The week of January 8 the parties once again began discussing searches. (Ex. F.) In an attempt to find solutions to issues raised during these discussions Dey obtained advice from its vendor. (Ex. G.) Sepracor once again delayed the process. (Exs. H, I, J.) On February 5, Dey's counsel requested a meet and

The Honorable Mary Pat Thynge
May 3, 2007
Page 2

confer to resolve the outstanding issues. (Ex. K.)  The agreement to start with a search of the e-mails of six individuals from each side was reached on February 9, 2007. (Ex. L.)

Sepracor also held up e-mail production by not responding to a March 9 letter regarding format until March 28. (Exs. M, N.)  Sepracor produced e-mails on April 11 and Dey produced a portion of its e-mails on April 27 with the remainder to be produced by the end of the week.

On February 23, during a meet and confer Sepracor's counsel stated that its search of non-e-mail electronic documents identified a large number of documents which it did not want to review.  Sepracor's counsel invited Dey's counsel to sit at computer stations at Sepracor's counsel's offices and review the documents for relevance and responsiveness.  Dey's counsel declined but again contacted its vendor for a solution.  The vendor suggested data targeting using the file extensions. (Ex. O.)  Sepracor did not respond to that offer for over two and a half weeks. (Ex. P.)  The parties exchanged lists of files in mid April.  The parties have been unable to agree as to how to pair down the number of documents identified by the searches.

Sepracor has also delayed discovery other than electronic. (*See* Ex Q.)

As the above history reveals, the schedule in this case has been derailed by Sepracor's continuous delays.  Sepracor now requests the Court to reward its tactics by giving it what it wanted in the first place—and what Judge Jordan refused to give it—an extended schedule.

<u>AccuNeb® Documents</u>

As an initial matter, because Sepracor has not bothered to propound a Rule 34 request for the documents it now seeks, this Court could properly reject Sepracor's request out of hand.[1]  But even if Sepracor had served a proper request for the documents it now seeks, the documents are not relevant to the claim or defense of any party.

Dey's AccuNeb® is the first and only premixed, premeasured, lower-concentration albuterol designated for pediatric patients.  Dey has its own patent listed in the Orange Book for this product.  Dey also sells generic albuterol.  Documents relating to Dey's commercial activities with respect to these products are, not surprisingly, highly confidential.  Neither Dey's albuterol products, nor its commercial activities, nor its patents, are at issue here.

Here, Sepracor's patents are at issue—patents that do not claim albuterol, but a method of using levalbuterol (one of the two enantiomers of albuterol).  Importantly, the compound

---

[1] Sepracor "asks the Court for an order compelling Dey to produce documents . . . relating to its commercial activities relating to its racemic albuterol inhalation solutions, including AccuNeb®."  Sepracor does not cite any document request containing this expansive language, and Dey cannot find one.  As a result, Sepracor's request is procedurally defective. *See e.g., Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991) (holding that a motion to compel discovery was premature prior to any formal request under Rule 34).

The Honorable Mary Pat Thynge
May 3, 2007
Page 3

levalbuterol itself is prior art to the asserted patents.  Indeed, a pure form of levalbuterol was publicly known in 1972.  As a result, albuterol (a racemic mixture containing equal portions of the two enantiomers), the active ingredient in AccuNeb®, is not even the closest prior art.

**REDACTED**

The Honorable Mary Pat Thynge
May 3, 2007
Page 4


Respectfully,

*/s/ John G. Day*

John G. Day (I.D. #2403)

JGD: rbg
180198.1

cc:    Richard D. Kirk, Esquire (by hand delivery)
       Jack M. Stover, Esquire (via electronic mail)
       Todd R. Walters, Esquire (via electronic mail)

# EXHIBIT A

**REDACTED**

# EXHIBIT B

# REDACTED

# EXHIBIT C

# REDACTED

# EXHIBIT D

REDACTED

# EXHIBIT E

# REDACTED

# EXHIBIT F

REDACTED

# EXHIBIT G

# REDACTED

# EXHIBIT H

REDACTED

# EXHIBIT I

REDACTED

# EXHIBIT J

# REDACTED

# EXHIBIT K

# REDACTED

# EXHIBIT L

# REDACTED

# EXHIBIT M

# REDACTED

# EXHIBIT N

# REDACTED

# EXHIBIT O

# REDACTED

# EXHIBIT P

# REDACTED

# EXHIBIT Q

# REDACTED

# EXHIBIT R

# REDACTED

# EXHIBIT S

# REDACTED