## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---

SEPRACOR INC.,

          Plaintiff,

v.

DEY, L.P. and DEY, INC.,

          Defendants.

**C.A. No. 06-113-***
C.A. No. 06-604-***
CONSOLIDATED CASES**

---

### AMENDED RULE 16 SCHEDULING ORDER FOR CONSOLIDATED CASES

The Court hereby enters the following Amended Scheduling Order to govern proceedings in the consolidated cases. This Amended Scheduling Order supersedes the Scheduling Order previously entered for the consolidated cases (D.I. 81), as amended (D.I. 114, 119).

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

The parties have made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

2.    Joinder of Other Parties and Amendment of Pleadings.

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 8, 2007.**

3.    Discovery.

    a.    Limitation on Hours for Deposition Discovery.

Each side is limited to a total of **200 hours** of taking fact testimony by deposition upon oral examination.

    b.    Location of Depositions.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court. If after making such reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

    c.    Limitation on Number of Interrogatories

Each side may propound a maximum of **75 interrogatories**. The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

    d.    Discovery Cut Off.

All discovery in this case shall be initiated so that it will be completed on or before **November 5, 2007**. Unless otherwise ordered by the Court, the limitations set forth in Local Rule 26.1 shall be strictly observed.

2

     e.     <u>Disclosure of Expert Testimony</u>.

The parties shall serve their opening expert reports on or before ninety (90) days before the date of the completion of discovery, and file rebuttal expert reports on or before sixty (60) days before the date for the completion of discovery. The parties shall serve supplemental expert reports on or before forty (40) days before the completion of discovery.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

     f.     <u>Discovery Disputes</u>.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.    Application to Court for Protective Order.

The Protective Order proposed by the parties and entered by the Court in C.A. No. 06-113-*** shall govern the consolidated cases. Any declarations signed and, if applicable, served pursuant to the Protective Order already in place shall be deemed signed and, if applicable, served in the consolidated cases.

5.    Papers Filed Under Seal.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.    Settlement Conference.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.

7.    Interim Status Report.

On **October 31, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    Status Conference.

On **November _7_, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel **beginning at _4:30 p.m._** Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

4

660545-1

9.    Tutorial Describing the Technology and Matters in Issue.

The Court will at a future time schedule a technology tutorial if it feels one is necessary.

10.    Case Dispositive Motions.

All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **December 3, 2007.** Briefing will be pursuant to the Court's Local Rules.

11.    Claim Construction Issue Identification.

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **October 15, 2007,** the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before December 3, 2007.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12.    Claim Construction Briefing.

The parties shall submit to the Court simultaneous opening briefs on claim construction on or before **December 3, 2007,** and simultaneous responsive briefs on

5

660545-1

claim construction on **December 17, 2007,** to be considered by the Court in connection with the parties' summary judgment motions.

 13. <u>Hearing on Claim Construction</u>.

 The Court will at a future time schedule a hearing on claim construction and dispositive motions.

 14. <u>Applications by Motion</u>.

 Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

 15. <u>Pretrial Conference</u>.

 The Court will at a future time schedule a Final Pretrial Conference.

 16. <u>Motions *in Limine*</u>.

 Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

6

17.    Trial.

The Court will at a future time schedule this matter for trial.

SO ORDERED, this 22 day of ____ , 2007.

_____
United States Magistrate Judge

660545-1