# THE BAYARD FIRM

A    T    T    O    R    N    E    Y    S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES: 19801

MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(FAX) 302-658-6395
WRITER'S DIRECT ACCESS
(302) 429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

July 23, 2007

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street, Lock Box 8
Wilmington, DE 19801

RE:  *Sepracor Inc. v. Dey, L.P. and Dey, Inc.,*
C.A. Nos. 06-113-*** & 06-604-*** (Consolidated Cases)

Dear Magistrate Judge Thynge:

Plaintiff Sepracor Inc. ("Sepracor") moves pursuant to paragraph 11(a) of the Amended Stipulated Protective Order (D.I. 165)[1] for an order directing that defendants Dey, L.P. and Dey, Inc. ("Dey") not disclose Sepracor's Confidential Information[2] to Dey's independent expert, Martin J. Adelman ("Adelman").

On June 25, 2007, Dey's counsel wrote to Sepracor's counsel identifying Adelman as an independent expert to whom Dey wished to disclose Sepracor's Confidential Information. Pursuant to the Protective Order, Dey's counsel enclosed Adelman's curriculum vitae, declaration and a listing of prior testimony. *See* Exhibit A.

Sepracor's review of Adelman's resume and listed testimony showed that Adelman's area of expertise is patent law and procedure, not chemistry or pharmacology. On July 2, 2007, and pursuant to the Protective Order, Sepracor's counsel wrote to Dey's counsel objecting to Dey's proposed disclosure of Confidential Information to Adelman. *See* Exhibit B. Sepracor's objection to disclosure is that, since the Court does not normally permit testimony by expert witnesses in patent law and procedure, Adelman would not be a testifying expert and, therefore, disclosure to him of Sepracor's Confidential Information was unnecessary.

In a response on July 5, 2007 (Exhibit C), Dey's counsel did not argue that Adelman was an expert in anything other than patent law and procedure. Instead, counsel

---

[1] Some of the acts referred to herein took place under the original Stipulated Protective Order entered in this case (D.I. 42). By agreement, the original Stipulated Protective Order has been amended (D.I. 165). The amendments did not affect any of the matters presented herein. Accordingly, this letter will refer simply to the "Protective Order" for convenience.

[2] In this letter, "Confidential Information" is used as defined in the Protective Order.

THE BAYARD FIRM

asserted the belief that the Court would permit expert testimony on those subjects. Counsel also argued that Dey should be allowed to disclose Sepracor's Confidential Information to Adelman even if he were not a testifying expert.

Here, Sepracor maintains its position that Dey should be prohibited from disclosing Sepracor's Confidential Information to Adelman.

<u>The Court Should Not Permit Expert Legal Testimony on Patent Law and Procedure</u>

The judges of this Court have long prohibited expert legal testimony on patent law and procedure. Specific examples of guidelines stating this principle have been published by Judge Robinson (Exhibit D) and Judge Jordan (Exhibit E). In fact, until his elevation to the Third Circuit, Judge Jordan was assigned to these consolidated cases, and so all parties had advance warning that, under Judge Jordan, "'(e)xpert' legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement will also not be permitted." *See also Cryovac Inc. v. Pechiney Plastic Packaging, Inc.*, 430 F. Supp. 2d 346, 364 (D. Del. 2006) (Jordan, J.) (citing *Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, C.A. No. 96-192-MMS, 1997 WL 158281, at *3 (D. Del. Mar. 26, 1997)(Schwartz, J.)(excluding testimony on substantive issues of patent law, including inequitable conduct)); *Syngenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 WL 2106583, at *2 (D. Del Sept. 8, 2004) (Robinson, J.) (excluding Adelman's proffered testimony). Dey is misguided to think that Adelman will be allowed to present expert legal testimony on patent law and procedure in these consolidated cases, any more than he was permitted to do so in *Syngenta Seeds*.

Sepracor does not anticipate either party being allowed to present expert legal testimony on patent law and procedure. Because of this Court's guidelines and legal precedent, Sepracor has not retained, and does not at this time wish to retain, an expert witness to counter any expert legal testimony on patent law and procedure proffered by Dey. Accordingly, to save unnecessary expense at the threshold, Sepracor requests a ruling that Adelman's expert legal testimony on patent law and procedure will not be permitted. Then, the question may be narrowed to whether Dey may disclose Sepracor's Confidential Information to Adelman as its consulting expert.

<u>Dey Should Not Disclose Sepracor's Confidential Information to Adelman</u>

The Protective Order allows the party's to disclose Confidential Information to their independent experts or consultants, subject to the specific provisions of the Protective Order, but most importantly that disclosure may only be made "*solely for the purpose of assisting in this action*." Protective Order ¶2(e) (emphasis added).

While Sepracor does not take issue generally with the notion that a party may retain an expert or consultant who will not testify, Sepracor is legitimately concerned about disclosure to Adelman, for at least two reasons, one general and one specific.

THE BAYARD FIRM

First, Sepracor respectfully reminds the Court that Dey proposes to disclose to Adelman Sepracor's Confidential Information. That would not cover patent prosecution histories or other public documents, which Dey may share with Adelman at will. Rather, Sepracor's Confidential Information is highly sensitive technical information related to product development and product success. Adelman does not have narrow technical expertise; rather he is a patent law generalist. The extensive list of matters Adelman submitted with his resume shows involvement in a tremendous number of lawsuits involving pharmaceutical companies, a great many of them Sepracor's competitors. Sepracor is concerned about the disclosure of its sensitive and confidential technical information to someone who holds himself out so regularly as an expert on the most general of topics. Balanced against that concern is Dey's asserted need for Adelman to supplement the admitted expertise of Dey's outside counsel in patent law and procedure. Sepracor respectfully asks the Court to strike that balance on the side of confidentiality and forbid disclosure of Sepracor's Confidential Information to Adelman.

Second, in the initial letter proposing disclosure to Adelman (Exhibit A), Dey's counsel admits that Dey has contacted Adelman "concerning participation in the *Dey v. Sepracor* case, Civ. Action No. 1:07-cv-2353." For the Court's edification, that case is a case brought this year by Dey against Sepracor in the Southern District of New York alleging Sepracor's infringement of Dey's patents which, *inter alia,* are directed to a composition comprising the compound formoterol, a different product from those at issue in the present cases, but a product in the same general category of products (respiratory inhalation solutions). Dey's outside counsel in New York is the same outside counsel as their outside counsel here. Sepracor is most concerned about the disclosure of its Confidential Information from these consolidated cases to Adelman, who will likely be a witness or consultant against Sepracor in New York, where, as discussed above, Dey's asserted need to disclose technical information to Adelman in Delaware is not supported.

For the foregoing reasons, Sepracor respectfully moves pursuant to paragraph 11(a) of the Amended Stipulated Protective Order (D.I. 165) for an order directing that Dey not disclose Sepracor's Confidential Information to Adelman.

Respectfully submitted,

Richard D. Kirk (rk0922)

Exhibits
Unreported cases
cc:    Original to Court, by hand
       All counsel of record as shown on attached service list

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on July 23, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on July 23, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Edgar H. Haug, Esquire
Kimberly J. McGraw, Esquire
Frommer, Lawrence & Haug L.L.P.
745 Fifth Avenue
New York, NY 10151

Elizabeth A. Leff, Esquire
Frommer, Lawrence & Haug L.L.P.
1667 K. Street, N.W.
Washington, D.C. 20006

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446-1

EXHIBIT A

**FLH FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

June 25, 2007

**John Josef Molenda, Ph.D.**
JMolenda@flhlaw.com

<u>**VIA E-MAIL**</u>

Re:     *Sepracor Inc. v. Dey, L.P., Inc.,*
        *Civil Action Nos. 06-113-\*\*\* and 06-604\*\*\** (consolidated)

Dear Ms. Dadio:

Pursuant to paragraph 11 of the Protective Order, Dey identifies Professor Martin Adelman as an independent expert in this case. As such, I attach the following: (1) Professor Adelman's curriculum vitae, (2) his declaration (from Exhibit A of the Protective Order), (3) a list of all cases in which Professor Adelman has been deposed as a patent expert, and (4) a list of all cases in which he has appeared in court as a patent expert.

To his knowledge, Professor Adelman has had no relationship or connection with Sepracor, Inc. Dey has contacted Professor Adelman concerning participation in the *Dey v. Sepracor* case, Civ. Action No. 1:07-cv-2353.

Yours sincerely,

John Josef Molenda

JJM/jjm
Attachments

# GEORGE WASHINGTON UNIVERSITY
## Professional Record

**Name**:  Martin J. Adelman                    **Date Prepared**: September, 2005
*Office Address:*                               *Home Address:*
George Washington University Law School          29820 Woodland Drive
700 20th St. N.W.                                Southfield, MI 48034
Washington, D.C. 20052                           Phone: (248)356-7553
Phone: (202) 994-7703                            Fax:    (248)356-7554
madelman@law.gwu.edu

**Present Position:**
    Theodore and James Pedas Family Professor of Intellectual Property and Technology Law,
Co-Director of the Intellectual Property Program and Co-Director of the Dean Dinwoodey
Center for Intellectual Property Studies, George Washington University Law School.

**Date and Place of Birth**:
    February 22, 1937, Detroit, Michigan.

**Citizen of**:  U.S.A.

**Education**

    High School:  Central High School, Detroit, Michigan, June 1954.

    Baccalaureate:  A.B., University of Michigan, Ann Arbor, Michigan, June, 1958.

    Graduate:  M.S. (Physics), University of Michigan, Ann Arbor, Michigan, August, 1959.

    Law Degree:  University of Michigan, Ann Arbor, Michigan, June, 1962.

**Other Faculty Appointments**

    Professor of Law, Wayne State University Law School, Detroit MI, 1973-1999, Professor
    Emeritus 1999--.

    Visiting Professor of Law, University of Michigan Law School, Ann Arbor, Michigan,
    Winter 1982.

    Visiting Professor of Law and Acting Director of the Intellectual Property program,
    George Washington University Law School,  1998-99.

**Professional Experience**

Résumé of
**Martin J. Adelman**                                                                page 2

Assistant Editor Michigan Law Review (1960-1962).

Research Assistant to Professor Samuel D. Estep (1960-1962).

Law Clerk, Chief Judge Theodore Levin, Federal District Court, Detroit, Michigan (1962-1963)

Associate, Honigman, Miller, Schwartz & Cohn, Detroit, Michigan (1963-64).

Patent Attorney, Burroughs Corp., Washington, D.C. (1964-1965).

Associate, Barnard, McGlynn & Reising, Birmingham, Michigan (1965-1968), Partner (1968-1973) in charge of patent, patent-antitrust, and related litigation.

**Professional Society Memberships:**

American Bar Association,
American Intellectual Property Law Association,
Michigan Bar Association,
International Association for the Advancement of Teaching and Research in Intellectual Property.

**Service at Wayne State University**

Acting Dean, Law School  (1974-75).
President, Faculty Senate  (1976-1979).
Chair, Personnel Committee, Law School (1987-88).

**Professional Consultation**

Testified as an expert on patent law and practice either at trial or by way of deposition in more than 180 patent infringement cases.

**Journal/Editorial Activity**

Book Review Editor, The Antitrust Bulletin, 1980-1986.

# Publications

*Scholarly Books*

*Patent Law Perspectives*, 2d Ed., Matthew Bender (eight volumes)(continuously

Résumé of
**Martin J. Adelman**                                                                        page 3

updated)(available through LEXIS).

*Cases and Materials on Patent Law, 2nd edition* (with Randall R. Rader, John R. Thomas and
Harold C. Wegner), West Group 2003.

Chapter 63, *Patents*, in *Business and Commercial Litigation in Federal Courts* (six
volumes)(continuously updated)(with Randall R. Rader and Harold C. Wegner) West Group
1998 (available through WESTLAW).

*Journal Articles*

    *Refereed Papers:*

        An Antitrust Decision:  *Lear v. Adkins*, 58 A.B.A.J. 45 (1972).

        Territorial Restraints in International Technology Agreements after *Topco*, 17 Antitrust
        Bull. 763 (1972) (with Brooks), reprinted at 5 Pat. L. Rev. 457 (1973).

        The Supreme Court, Market Structure, and Innovation: Chakrabarty, Rohm and Haas, 27
        Antitrust Bull. 457 (1982).

    *Invited Articles:*

        Secrecy and Patenting:  Some Proposals for Resolving the Conflict, 1 A.P.L.A. Quarterly
        J. 296 (1973), reprinted at 5 Pat. L. Rev. 57 (1973).

        Relevant Market Paradox - Attempted and Completed Patent Fraud Monopolization, 28
        Ohio State L.J. 289 (1977), reprinted at 10 Intellectual Property L. Rev. 115 and 8 J. of
        Reprints for Antitrust L. and Econ. 709.

        Use of Industrial Property as a Clandestine Cartel, 30 (Supplement) Am. J. Comp. L.
        1701 (1982).

        Forward, Symposium:  Perspectives on the General Motors-Toyota Joint Venture, 31
        Wayne L. Rev. 1163 (1985).

        The New World of Patents Created by the Court of Appeals for the Federal Circuit, 20 U.
        of Mich. J. L. Ref. 979 (1988).

        Patents and the Seventh Amendment, Molengrafica, Eenvormig en vergelijkend
        privaatrecht 357 (1993).

        Damages and other financial remedies for Patent Infringement, AIPPI Annuaire 1995/IX,
        274 (1995).

Prospects and Limits of the Patent Provision in the TRIPS Agreement: The Case of India, 29 Vand. J. Tranat'l L. 507 (1996)(with Baldia).

The Effect of the Seventh Amendment on Substantive American Patent Law, Molengrafica, Europees Privaatrecht 173 (1996).

The Exhaustion Doctrine in American Patent Law, Molengrafica, Europees Privaatrecht 247 (1997).


*NonRefereed Papers:*

State Control of Radiation Hazards: An Intergovernmental Relations Problem, 60 Mich. L. Rev. 41 (1961) (with Estep).

Trade Secrets and Federal Pre-exemption - The Aftermath of Sears and Compco, 49 J. Pat. Off. Soc'y 713 (1967).

Inventions and the Law of Trade Secrets after *Lear v. Adkins*, 16 Wayne L. Rev. 77 (1969) (with Jaress), reprinted at 3 Pat. L. Rev. 231 (1971).

Patent-Antitrust Law: A New Theory, 17 Wayne L. Rev. 1 (1971) (with Jaress), reprinted at 3 Pat. L. Rev. 231 (1971).

The Integrity of the Administrative Process, Sherman Section 2 and the Per Se Rules - Lessons of Fraud on the Patent Office, 19 Wayne L. Rev. 1 (1972) (with Brooks), reprinted at 55 J. Pat. Off. Soc'y 255 (1973) and 5 Pat. L. Rev. 413 (1973).

Patent-Antitrust: Patent Dynamics and Field of Use Licensing, 50 N.Y.U. L. Rev. 273 (1975) (with Juenger), reprinted at 7 Pat. L. Rev. 495, and 8 J.of Reprints for Antitrust L. and Econ. 429.

Property Rights Theory and Patent-Antitrust: The Role of Compulsory Licensing, 52 N.Y.U. L. Rev. 77 (1977), reprinted at 10 Intellectual Property L. Rev. 77 and 8 J. of Reprints for Antitrust L. and Econ. 287.

The Doctrine of Equivalents in Patent Law: Questions Pennwalt did not Answer, 137 U. of Penn. L. Rev. 673 (1989) (with Francione).

Is the Use of the Doctrine of Equivalents to Fix Mistakes a Mistake?, 27 N. Ky. L. Rev. 1021 (2000).


***Book Reviews***

Résumé of
**Martin J. Adelman**                                                                          page 5

*Academic Journals*

Book Review, 25 Antitrust Bull. 891 (1980).
Book Review, 26 Antitrust Bull. 447 (1981).
Book Review, 27 Antitrust Bull. 275 (1982).
Book Review, 28 Antitrust Bull. 491 (1983).

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

---------------------------------------------x

SEPRACOR INC.,                        :

    Plaintiff,                     :

    v.                             :          Civil Action No. 06-113-KAJ

DEY, L.P., and DEY, INC.,             :

    Defendant.                     :

---------------------------------------------:

### DECLARATION

I, _Martin J. Adelman_, being duly sworn, declare as follows:

1. My home address is _29820 Woodland, Southfield MI 48034_

2. My present employer is _George Wash. Univ. Law School_ and the address of my present employer is _2000 H. St. NW, Washington DC 20052_

3. My present occupation or job description is _Professor of Law_

4. I have carefully read and understand the provisions of the Stipulated Protective Order in this case approved by the U. S. District Court Judge Kent A. Jordan on _Sept 1, 2006_, and I will comply with and agree to be bound by all of the provisions of the Stipulated Protective Order.

5. I will hold in confidence and not disclose to anyone any Confidential Information or any words, summaries, abstracts or indices of Confidential Information disclosed to me, except in accordance with the Stipulated Protective Order.

634716v1

— 1 —

6. I shall not use or refer to any of the documents, things, and/or any information designated under the Stipulated Protective Order other than in connection with this litigation and as prescribed in the Stipulated Protective Order.

7. Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as containing Confidential Information, and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Stipulated Protective Order.

9. I declare under penalty of perjury that the foregoing is true and correct.

By: _Martin J. Adelman_            Dated: _June 19, 2007_

Subscribed and sworn to before me
this_____day of _____,2006.

_____
Notary Public
My Commission Expires:

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

1. Sandvik v. Waukesha,* 640 F. Supp. 1139 (E.D. Wisc. 1986).

2. Coleco* v. Mattel, 79 Civ 4909 (S.D.N.Y.).
   (Davis Hoxie, New York, N.Y.)

3. Hemstreet v. Burroughs,* 1988 WL 93121 (Fed. Cir. 1988).

4. Ransburg v. Behr,* No. 80 74003 (E.D. Mich.).

5. Anthes v. Aluma,* No. 81-1877 (E.D. Pa.).

6. Horiba v. Beckman,* (E.D. Mich.).

7. Norfin* v. A.M., Case No. 82-B-4922 (N.D. Ill.).

8. Johns-Manville* v. Guardian, 13 U.S.P.Q.2d 1684
   (E.D. Mich. 1989).

9. Multi-Arc* v. Vac-Tec Systems, Inc., Civil No. H-85-6893 (D. Minn.).
   (Arnold White, Houston, Texas)

10. Afros, S.p.A.* v. Krauss-Maffei, 671 F. Supp. 1402
    (D. Del. 1987).

11. Truswal v. Gang-Nail,* discussed at 2 U.S.P.Q.2d 1034 (Fed. Cir. 1987).

12. Qume v. Toma* (ITC).
    (Baker & McKenzie, Washington, D.C.)

13. Abbott Laboratories v. Brennan,* 21 U.S.P.Q.2d 1192 (Fed. Cir. 1991).

14. Hughes Aircraft v. Ford Aerospace,* discussed in 8 U.S.P.Q.2d 1989 (Cl. Ct. 1989).

15. Lubrizol* v. Ethel (D. Del).
    (Jones Day, Cleveland, Ohio)

16. Bilgutay v. NCR*
    (Davis Hoxie, New York, N.Y.)

17. Deuer* v. Kent, 1990 WL 78997 (Fed. Cir. 1990).

18. Lever Bros.* v. Proctor & Gamble, 5 U.S.P.Q.2d 1239 (D.N.J.  1987).

19. Paramount v. Weyerhauser*

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

20. Pall* v. Cuno, 14 U.S.P.Q.2d 1815 (E.D.N.Y. 1989).

21. DuPont v. Polaroid Graphics,* 10 U.S.P.Q.2d 1579 (D.Del 1989).

22. ICI* v. Barr, 22 U.S.P.Q.2d 1906 (S.D.N.Y. 1992).

23. Rohm & Haas v. NL*
    (Burns Doane, Washington D.C.)

24. Weldotron* v. Hobart
    (Davis Hoxie, New York, N.Y.)

25. Information Resources* v. Test Marketing, 19 U.S.P.Q.2d 1743
    (S.D. Ohio 1991).

26. Leonard Studio* v. Desmar Corp., discussed at 18 U.S.P.Q.2d 1565 (Fed. Cir. 1991).

27. Advanced Cardiovascular Systems v. Scimed Life Systems,*
    12 U.S.P.Q.2d 1539 (Fed. Cir. 1989).

28. Baxter v. Abbott*
    (Jones Day, Chicago, Illinois)

29. Smith v. Amerson*
    (Christie Parker, Pasadena, California)

30. Hercules v. B.F. Goodrich*
    (Jones Day, Cleveland, Ohio)

31. Cadtrak v. Commodore*
    (Fish & Neave, New York, N.Y.)

32. Mabuchi* v. Johnson Controls, 1992 WL 276680 (Fed. Cir. 1992).

33. Burroughs-Wellcome v. Novopharm,* 29 U.S.P.Q.2d 1721 (E.D.N.C. 1993).

34. Gambro v. Baxter*
    (McAndrews, Held & Malloy, Chicago, Illinois)

35. Cyrix* v. Intel, 846 F. Supp. 522 (E.D. Tex. 1994).

2

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

36. Merck v. Alcon*
    (Fish & Neave, New York, N.Y.)

37. Nellcor* v. BOC Health Care
    (Fish & Neave, New York, N.Y.)

38. General Electric* v. Emerson
    (Welsh & Katz, Chicago, Illinois)

39. Lemelson v. Ford*
    (Fish & Neave, New York)

40. Lockwood* v. American Airlines
    (Lyon & Lyon, Costa Mesa, California)

41. Medical Graphics v. SensorMedics*
    (Lyon & Lyon, Los Angeles, California)

42. Stark* v. Advanced Magnetics
    (Goodwin,Procter, Boston, Mass.)

43. Abbott* v. Alra
    (Jones Day, Chicago)

44. Cury* v. Philip Morris
    (Pennie & Edmonds, New York, N.Y.)

45. Cochlear v. Advanced Bionics*
    (Fish & Neave, New York, N.Y.)

46. Lyndex v. Richmill*
    (Loeb & Loeb, Los Angeles, California)

47. Pitney Bowes, Inc. v. Sudbury Systems*
    (Nutter, McClennen & Fish, LLP, Boston, Mass.)

48. C.S. Telecom v. Hewlett-Packard*
    (Pennie & Edmonds, New York, N.Y.)

49. Nagel v. Ford Motor*
    (Rader, Fishman & Grauer, Bloomfield Hills, MI)

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

50. Motorola* v. Rockwell
    (Fish & Neave, New York, N.Y.)

51. Ampex* v. Mitsubishi
    (Fish & Neave, New York, N.Y.)

52. Altera* v. Xilinx
    (Sullivan & Cromwell, New York, N.Y.)

53. Abbott* v. Geneva and Novopharm
    (Jones, Day, Chicago, Illinois)

54. Pitney-Bowes v. Hewlett-Packard*
    (Pennie & Edmonds, New York, N.Y.)

55. Varian* v. Lamb
    (Fish & Neave, New York, N.Y.)

56. Lockheed* v. Silicon Graphics
    (Scully, Scott, Murphy & Presser, Garden City, N.Y.)

57. Upjohn v. Mova Pharmaceutical*
    (Burns, Doane, Swecker & Mathis, Alexandria, Virginia)

58. PLC v. Cardiogenesis*
    (Lyon & Lyon, Los Angeles, CA.)

59. Berlex v. Biogen*
    (Hale & Dore, Boston, Mass.)

60. Hitachi v. Samsung*
    (Foley & Lardner, Washington, D.C.)

61. Fischer v. Trex*
    (Fish & Richardson, Boston, Mass)

62. Shell Oil v. ICI*
    (Scully, Scott, Murphy & Presser, Garden City, New York)

63. Process Resources v. Delta*
    (Orrick, Herrington & Sutcliffe, New York, N.Y.)

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

64. Amazon.com v. Barnesandnoble.com*
    (Pennie & Edmonds, New York, N.Y.)

65. Kensey Nash v. Perclose*
    (Townsend and Townsend and Crew, San Francisco, CA)

66. Cordis* v. Boston Scientific
    (Patterson, Belknap et al. New York, N.Y.)

67. Advanced Energy Industries v. Astec America*
    (Fish & Neave, New York, N.Y.)

68. In the Matter of Hoechst Marion Roussel, Inc.
    (FTC, Washington DC)

69. Oxford Gene v. Affymetrix*
    (Orrick, Herrington & Sutcliffe, Palo Alto, CA)

70. U.S. Filter* v. Ionics
    (Hale and Dorr, Boston, MA)

71. Proctor & Gamble* v. Brita
    (Dorsey & Whitney LLP, Minneapolis, Minn.)

72. In the Matter of Certain Polyethylen Terephthalate Yarn
    (Pennie & Edmonds, Washington, D.C.)

73. Valitek v. Iomega*
    (Hale & Dorr, Boston, Mass.)

74. Dictaphone* v. Nice
    (Pennie & Edmonds, New York, N.Y.)

75. Mercexchange* v. Ebay
    (Hunton & Williams, Washington, D.C.)

76. Katz* v. Verizon
    (Fish & Neave, New York, N.Y.)

77. PharmaStem* v, Viacell
    ( Perkins Coie LLP , Menlo Park, CA)

5

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

78. Glaxo Group* v. Ranbaxy
(Morgan Lewis, New York, N.Y.)

79. Syngentia Seeds v. Dow Agrosciences*
(Orrick, Herrington & Sutcliffe, New York, N.Y.)

80. Muniauction* v. Thomson Corp.*
(Hale & Dorr LLP, Washington, DC)

81. In the Matter of Light-Emitting Diodes
(Fish & Richardson, Washington D.C.)

82. In the Matter of Certain Personal Computers,
Monitors and Components Thereof
(DLA Piper Rudnick Gray Cary US LLP, San Diego, CA.)

83. SKB* v. Ranbaxy
(Wilmer Cutler Pickering Hale & Dorr, Boston, Mass.)

84. Scimed* v. Medtronic
(Jones Day, New York, NY)

85. Shire* v. Barr
(Frommer Lawrence & Haug LLP, New York, NY)

86. Par* v. Roxane
(Frommer Lawrence & Haug LLP, New York, NY)

87. Qualcomm v. Broadcom*
(Wilmer Hale, Boston MA)

88. Qualcomm v. Broadcom*
(McAndrews, Held & Malloy, Chicago, IL)

89. Semiconductor Energy Lab.* v. Chi Mei
(Jenner & Block, Chicago, IL)

90. Amgen v. Roche
(Kaye Scholer, New York, NY)


ARBITRATIONS

CASES IN WHICH MARTIN J. ADELMAN WAS DEPOSED AS A PATENT EXPERT

91. Acrison* v. Hyer Industries (Special Master James F. Davis)
    (Davis Hoxie, New York, N.Y.)

92. Kaiser* v. Government of Israel, (arbitration before Messrs  Robert Rifkind, Evan Davis and
Thomas Munno involving a comparison of Israeli and United States infringement law)
    (Collette & Erickson, San Francisco, California)

93. Varian Semiconductor v. Applied Materials (arbitration of patent dispute before Messrs John
K. Uilkema, Harry F. Manbeck and Bryan Medlock)
(Fish & Neave, Palo Alto, California)

**CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
IN COURT AS A PATENT EXPERT**

1. Calderon v. G.M.,* 206 U.S.P.Q. 782 (E.D. Mich. l980).

2. Oakwood Mfg., v. Novi American,* 212 U.S.P.Q. 261 (E.D. Mich.l981), 213 U.S.P.Q. 1014 (E.D. MI. l982).

3. Mead Digital Systems* v. A.B. Dick, 213 U.S.P.Q. 328  (S.D. Ohio l981).

4. General Battery v. Gould,* 215 U.S.P.Q. l007 (D.Del. l982).

5. RCA v. Applied Digital Data Systems,* 217 U.S.P.Q. 421  (D.Del. l983), rev'd 221 U.S.P.Q. 385 (Fed. Cir. l984).

6. Alco Standard v. Westinghouse,* 1 U.S.P.Q.2d 1337
   (Fed. Cir. 1987).

7. Litton v. Whirlpool,* 221 U.S.P.Q. 97 (Fed. Cir. l984).

8. Multifastener* v. MacLean-Fogg, 219 U.S.P.Q. 1074
   (E.D. Mich. l983).

9. Jackson-Jordan* v. Plasser American, 219 U.S.P.Q. 922 (E.D. Va. l983).

10. Foseco International* v. Fireline, 226 U.S.P.Q. 33
    (N.D. Ohio 1984).

11. Shatterproof* v. L.O.F., 225 U.S.P.Q. 634 (Fed. Cir. l985).

12. Independent Die Association v. Ford Motor,* (E.D. Mich.).
    (Brooks & Kushman, Southfield, Michigan)

13. Stewart-Warner* v. City of Pontiac, 226 U.S.P.Q. 676  (Fed. Cir. l985).

14. Witco Chemical v. Mobay,* 229 U.S.P.Q. 188 (Fed. Cir. l986).

15. Tiegel Mfg v. Farmer Mold & Machine Works,* 225 U.S.P.Q. 1051(N.D. Fla. l984).

16. Windsurfing* v. Bic Leisure, 227 U.S.P.Q. 927 (S.D.N.Y. l985).

17. A.B.Dick v. Burroughs,* 230 U.S.P.Q. 849 (Fed. Cir. l986).

18. Vieau v. Japax,* 230 U.S.P.Q. 500 (E.D. Mich. 1985).

### CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
### IN COURT AS A PATENT EXPERT

19. Kaepa v. Payless Shoesource,* (W.D. Tex. l985).
     (Cox & Smith, San Antonio, Texas)


20. Hybritech* v. Monoclonal Antibodies, 227 U.S.P.Q. 215  (N.D. Cal. l985).


21. Key Tronic v. Burroughs,* 861 F.2d 729 (Fed. Cir. 1988).


22. Ricon* v. Adaptive Driving Systems, 229 U.S.P.Q. 731  C.D. Cal.1986).


23. United States of America v. Telectronics,* 3 U.S.P.Q.2d 1571  (D.Col. 1987).


24. Andrew* v. Gabriel, 6 U.S.P.Q.2d 2011 (Fed. Cir. 1988).


25. ZMI v. Cardiac Resuscitator,* 2 U.S.P.Q.2d 1985
     (D. Ore. l987).


26. Napp* v. BASF, (S.D. Cal.).
     (Lyon & Lyon, Los Angeles, California)


27. Gabriel v. Andrew,* 2 U.S.P.Q.2d 1792 (D. Maine l987).


28. Carl Cooper v. Harris,* 902 F.2d 43 (Fed. Cir. 1989).


29. Dana* v. IPC, 8 U.S.P.Q.2d 1692 (Fed. Cir. 1988).


30. Gemveto Jewelry* v. Cooper, 694 F. Supp. 1085 (S.D.N.Y. 1988).


31. Gould v. Control Laser,* 9 U.S.P.Q.2d 1718 (Fed. Cir. 1989).


32. Haworth* v. Steelcase, 8 U.S.P.Q. 2d 1001 (W.D. Mich  1988).


33. Dana* v. NOK, 11 U.S.P.Q.2d 1883 (Fed. Cir. 1989).


34. Freeman* v. Minnesota Mining & Manufacturing,  9 U.S.P.Q.2d 1111 (D.Del. 1988).


35. Laitram v. IBM,* (E.D. Va.).
     (Cravath, Swaine & Moore, New York, N.Y.)


36. Hughes v. United States,* 31 Fed. Cl. 481 (Cl. Ct. 1994).


37. Pioneer Research v. Wilson Laboratories,* 12 U.S.P.Q.2d 1432   (M.D. Cal.1989).

CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
IN COURT AS A PATENT EXPERT

38. T.T.I.-Vend A. Video* v. Flixcorp of America, (S.D. Cal. 1989).

39. Standard Manufacturing v. United States,* 25 Cl. Ct. 1 (Cl. Ct. 1991).

40. National Semiconductor Corp. v. Linear Technology Corp.,* (N.D. Cal.).
    (Fish & Neave, New York, N.Y.)

41. Ralston Purina v. A. E. Staley,* 909 F.2d 1494
    (Fed. Cir. 1990).

42. Polaroid* v. Kodak, 16 U.S.P.Q.2d 1481 (D. Mass. 1990).

43. Lemelson v. General Mills,* 968 F.2d 1202 (Fed. Cir. 1992).

44. Kearns v. Ford Motor,* 19 U.S.P.Q. 2d 1838
    (E.D. Mich. 1990).

45. Envirotech* v. Amstar, (D. Utah).
    (Carl A. Rowold, Baker Hughes, Houston, Texas)

46. Corning Glass* v. Lightwave, 19 U.S.P.Q.2d 1838
    (S.D.N.Y. 1991)

47. Arrow* & Howes v. Medcomp & AHS 16 U.S.P.Q.2d 1671
    (E.D. Pa. 1990).

48. Ortho Pharmaceutical* v. American Home Products,
    18 U.S.P.Q.2d. 1977 (E.D. Pa. 1990).

49. Solarex v. Arco Solar and Siemens Solar,* 805 F. Supp. 252
    (D. Del. 1992).

50. Minnesota Mining & Manufacturing v. Johnson & Johnson,* 22 U.S.P.Q.2d 1401 (D. Minn. 1991).

51. Kingsdown v. Hollister,* 1992 U.S. Dist. LEXIS 11882
    (N.D. Ill. 1992).

52. Molins PLC and Smith v. Textron,* 26 U.S.P.Q.2d 1889 (D. Del.1992).

## CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
## IN COURT AS A PATENT EXPERT

53. Smith Carona v. Pelikan,* 784 F. Supp. 452 (M.D. Tenn. 1992).
   (Reed Smith, Pittsburg, Pennsylvania)

54. Stx, Inc.* v. Franklin Sports Indus., 1991 WL 114385
   (Fed. Cir. 1991).

55. Chesebrough-Pond's USA* v. Benjamin Ansehl, 32 U.S.P.Q.2d 1225 (Fed. Cir. 1994).

56. American Cyanamid* v. U.S. Surgical, 30 U.S.P.Q.2d 1561
   (D. Conn. 1992).

57. Kearns v. Chrysler,* 31 U.S.P.Q.2d 1746 (Fed. Cir. 1994).

58. ORC* v. Time-Warner, discussed in 26 U.S.P.Q.2d 1718
   (D. Del. 1992).

59. Scripps v. Baxter,* 729 F. Supp. 1473(D. Del. 1990).

60. Exxon v. Lubrizol,* 26 U.S.P.Q.2d 1871 (S.D. Tex. 1993).

61. Baxter v. Spectramed,* (C.D. Cal. 1993).
   (Lyon & Lyon, Los Angeles, California)

62. Diasonics* v. Acuson, 1993 U.S. Dist. LEXIS  8871
   (N.D. Cal. 1993).

63. Concept Design* v. Duplitronics, 1995 U.S. App. LEXIS 848.

64. Gentex* v. Donnelly, 27 U.S.P.Q.2d 1714
   (W.D. Mich. 1993).

65. Sanders* v. Summagraphics, 19 U.S.P.Q.2d 1859
   (D. Conn 1991).

66. Refac v. Lotus Development,* 1995 U.S. Dist. LEXIS 4678  (S.D.N.Y. 1995).

67. Glaxo v. Novopharm,* 29 U.S.P.Q.2d 1126
   (E.D. N. C. 1993).

68. Transmatic v. Mark IV,* 29 U.S.P.Q.2d 1541
   (E.D. Mich. 1993).

4

**CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
IN COURT AS A PATENT EXPERT**

69. Schneider v. Scimed,* 852 F. Supp. 813 (D. Minn. 1993).

70. Teradyne v. Hewlett-Packard,* 1994 U.S. Dist. LEXIS 4806  (N.D. Cal. 1994).

71. Motor Wheel* v. Superior (E.D. Mich. 1994).
   (Jones Day, Cleveland, Ohio)

72. InterDigital Technology* v. QUALCOMM, 30 U.S.P.Q.2d 1205   (E.D. Pa. 1994).

73. Terumo* v. Cook and Wilson-Cook, (E.D. Va. 1994).
   (Fish & Richardson, Washington D.C.)

74. A & L v. ReSound,* (N.D. Cal. 1995).
   (Pillsbury Madison, San Francisco, California)

75. InterDigital Technology* v. Motorola, (D.Del. 1995).
   (Dickstein Shapiro, Washington, D.C.)

76. Enzo Biochem v. Calgene,* 27 U.S.P.Q.2d 1636 (D. Del 1993).

77. Hewlett-Packard* v. GenRad, (D. Mass 1995).
   (Pennie & Edmonds, New York, N.Y.)

78. Johns-Hopkins University v. Cellpro* (jury verdict for  Cellpro), (D. Del. 1995).
   (Lyon & Lyon, Los Angeles, California)

79. Varian* v. Lam, (N.D. Cal. 1995).
   (Fish & Neave, New York, N.Y.)

80. Weatherchem Corp. v. J.L. Clark, Inc.,* (  U.S.P.Q.2d   (N.D. Ohio 1996).

81. Odetics v. Storage Technology* (E.D. Va. 1996).
   (Pennie & Edmonds, Menlo Park, Cal.)

82. Emerson v. General Electric,* (E.D. Missouri 1996).
   (Welsh & Katz, Chicago, Illinois)

83. Akro Corp.* v. Ken Luker, (N.D. Ohio 1996).
   (Bell, Seltzer, Raleigh, North Carolina)

84. Bard v. Boston Scientific,* (D. Del. 1997).

**CASES IN WHICH MARTIN J. ADELMAN HAS APPEARED
IN COURT AS A PATENT EXPERT**

(Fish & Richardson, Boston, Mass.)85.

86. Labatt v. Molson* (E,D. MI 1997).
    (Fitzpatrick, Cella, Harper & Scinto, New York, N.Y.)

87. R2* v. Ketcho (N.D. Ill. 1997)
    (Fish & Neave, New York)

88. Novo Nordisk* v. Genencor (D. Del. 1998)
    (Darby & Darby, New York, N.Y.).

89. Forest Labs* v. Abbott and Tokyo Tanabe
    (Fish & Neave, New York, N.Y.)

90. In the Matter of Schering-Plough Corp. (FTC Docket No. 9297).
    (FTC-Washington D.C.)

91. Symbol Technologies v. Lemelson (D. Nev. 2003)
    (Fish & Neave, New York, N.Y.)

92. Reiffin v. Microsoft (N.D. Cal. 2003)
    (Fish & Neave, Palo Alto, California)

93.  Creo* v. Agfa, (D. Mass. 2003)
     (Hale & Dorr, New York, N.Y.)

94. Zenon Environmental v. United States Filter* (S.D. Cal. 2005)
    (Wilmer Cutler Pickering Hale & Dorr, Boston Ma.)

95. In the Matter of Certain Nor and Nand Flash Memory (ITC 2006)
    (Wilmer Hale, Washington, DC)

EXHIBIT B

# Buchanan Ingersoll ∧ Rooney PC
Attorneys & Government Relations Professionals

P.O. Box 1404
Alexandria, VA 22313-1404

1737 King Street, Suite 500
Alexandria, VA 22314-2727

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

July 2, 2007

**VIA ELECTRONIC MAIL**

John Josef Molenda, Ph.D.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:  *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
     Case Nos. 06-113-*** and 06-604-*** (Consolidated)

Dear John:

This is in response to your letter dated June 25, 2007, regarding Dey's identification of Professor Martin Adelman as a potential expert in the above-referenced case.

In accordance with Paragraph 11(a) of the Stipulated Protective Order, Sepracor hereby timely serves the present written objection to the proposed disclosure of any of Sepracor's Confidential Information to Professor Adelman.  The United States District Court for the District of Delaware does not permit expert testimony from attorneys regarding patent practice and procedure, nor does it permit expert legal testimony on substantive issues in patent cases.  Thus, there is no apparent reason for Dey to disclose Sepracor's Confidential Information to Professor Adelman.

Sincerely,

BUCHANAN INGERSOLL & ROONEY PC

Susan M. Dadio

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

EXHIBIT C

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                      www.flhlaw.com
745 Fifth Avenue
New York, NY 10151           Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500

July 5, 2007                                  **John Josef Molenda, Ph.D.**
                                             JMolenda@flhlaw.com

**VIA E-MAIL**

Re:    *Sepracor Inc. v. Dey, L.P., Inc.,*
       *Civil Action Nos. 06-113-\*\*\* and 06-604\*\*\** (consolidated)

Dear Susan:

This is in response to your letter dated July 2, 2007 concerning Sepracor's objection to disclosure of Sepracor's Confidential Information to Professor Martin Adelman.

We disagree with your assertion that the District of Delaware would preclude Professor Adelman's testimony, and that, as a result, "there is no apparent reason for Dey to disclose Sepracor's Confidential Information to Professor Adelman." Even if the Court were to preclude Professor Adelman from serving as a testifying expert (which we believe it would not), Dey is nonetheless entitled to use Professor Adelman as a consulting expert. Sepracor's objection is therefore without cause.

Please let me know by the close of business tomorrow whether Sepracor objects to the disclosure of Confidential Information to Professor Adelman with cause and the basis for that objection. If we do not hear from you by that time, we will disclose Sepracor Confidential Information to Professor Adelman.

Yours sincerely,

John Josef Molenda

JJM/jjm
Attachments

EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**CHAMBERS OF**
**SUE L. ROBINSON**
**CHIEF JUDGE**

**LOCKBOX 31**
**844 KING STREET**
**U.S.COURTHOUSE**
**WILMINGTON, DELAWARE 19801**

Guidelines: Legal Expert Testimony in Patent Cases

In all patent jury trials, the court shows the video "An Introduction to the Patent System" to the jurors in connection with its preliminary jury instructions. The 18 minute video is distributed by the Federal Judicial Center and provides jurors with an overview of patent rights in the United States, patent office procedure and the contents of a patent. Thus, expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted except in the case of extraordinary circumstances.

"Expert" legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement, generally is not admitted, as descriptions of the law and instructions on the law are matters for the court.

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

**CHAMBERS OF**
**KENT A. JORDAN**
**DISTRICT JUDGE**

**LOCKBOX 10**
**844 KING STREET**
**U.S. COURTHOUSE**
**WILMINGTON, DELAWARE 19801**

Guidelines:     Legal Expert Testimony in Patent Cases

In patent jury trials, the court will either provide a brief description of the procedure for obtaining patents or show the video "An Introduction to the Patent System" to the jurors in connection with the preliminary jury instructions.  The 18 minute video is distributed by the Federal Judicial Center and provides jurors with an overview of patent rights in the United States, patent office procedure and the contents of a patent.  Expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted, except, perhaps, in the case of truly extraordinary circumstances.

"Expert" legal testimony (as opposed to technical testimony) on such substantive issues as invalidity (by anticipation, obviousness, on-sale bar, prior conception, etc.) and claim construction and infringement will also not be permitted, as descriptions of the law and instructions on the law are matters for the court.  This principle also holds for issues tried to the court, such as inequitable conduct.

August 2005

Not Reported in F.Supp.                                                                  Page 1
Not Reported in F.Supp., 1997 WL 158281 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

H

Revlon Consumer Products Corp. v. L'Oreal S.A.
D.Del.,1997.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
REVLON CONSUMER PRODUCTS
CORPORATION, Plaintiff,
v.
L'ORÉAL S.A., Cosmair, Inc., Maybelline, Inc.,
and Maybelline Sales, Inc., Defendants.
**Civil Action No. 96-192 MMS.**

March 26, 1997.

Jack Blumenfeld, Jon E. Abramczyk, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Daniel J. Leffell, Elizabeth J. Holland, Douglas A. Berman, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, John W. Behringer, Fitzpatrick, Cella, Harper & Scinto, of Counsel, for plaintiff.
Rudolph E. Hutz, Stanley C. Macel, III, Connolly, Bove, Lodge & Hutz, Wilmington, DE, Norman H. Stepno, Frederick G. Michaud, Jr., David M. Schlitz, Ronni S. Jillions, Burns, Doane, Swecker & Mathis, L.L.P., Alexandria, VA, Norman F. Oblon, Richard D. Kelly, Jean-Paul Lavalleye, Frank J. West, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., Arlington, VA, of Counsel, for defendants.

*MEMORANDUM OPINION*
MURRAY M. SCHWARTZ, Senior District Judge.

INTRODUCTION

*1 Revlon Consumer Products Corp. ("Revlon") filed this lawsuit against L'Oréal S.A., Cosmair Inc., Cosmair Canada, Inc.,[FN1] Maybelline, Inc. and Maybelline Sales, Inc. (collectively "defendants") alleging infringement of Revlon's patented composition for transfer resistant lipstick. *See* Docket Item ("D.I.") 61 (Amended Complaint). Three defendants, Cosmair Inc., Maybelline Inc., and Maybelline Sales Inc., asserted a counterclaim seeking a declaratory judgment that Revlon's patent

is invalid and they have not infringed nor induced infringement.

> FN1. Cosmair Canada, Inc. has since been dismissed as a defendant. D.I. 24.

Before the Court is Revlon's motion to preclude the testimony of defendants' patent law expert, John Witherspoon. D.I. 147. According to his report, Mr. Witherspoon proposes to offer opinions on a wide range of issues, including Patent and Trademark Office ("PTO") practice and procedure as well as many substantive areas of patent law.[FN2] *Id.,* Exh. A at 2. The parties agree Mr. Witherspoon may testify as to PTO practice and procedure. D.I. 154, at 1; D.I. 157 at 2. Revlon asserts, however, the remainder of Mr. Witherspoon's proposed testimony goes to topics inappropriate for expert testimony in a patent case. D.I. 157, at 2. In their answer to Revlon's motion, defendants indicate other than PTO practice and procedure, they wish only to introduce Mr. Witherspoon's testimony on the issue of inequitable conduct. D.I. 154, at 1. Thus, to resolve Revlon's motion, the Court must decide whether to admit testimony by a proffered patent law expert on the topic of inequitable conduct.

> FN2. Specifically, these areas are: "patent infringement, both literal and under the doctrine of equivalents; principles of claim construction and interpretation; prosecution history estoppel; conditions for patentability, including novelty, utility and nonobviousness under 35 U.S.C. §§ 101, 102 and 103; requirements for and purposes of patent specifications and claims under 35 U.S.C. § 112; the prohibition regarding the addition of new matter under 35 U.S.C. § 132; duties and responsibilities of an inventor, his or her attorney or agent, and others substantively involved in the preparation and prosecution of a patent application in the PTO; and the prosecution history of the

Not Reported in F.Supp., 1997 WL 158281 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

patent in suit." D.I. 147, Exh. A, at 2.

DISCUSSION

I. Inequitable Conduct

Inequitable conduct has been defined by the Federal Circuit Court of Appeals as "an 'affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive.' " *Micro Chemical, Inc. v. Great Plains Chemical Co., Inc.,* 103 F.3d 1538, 1549 (Fed.Cir.1997) (citation omitted); *accord Refac International, Ltd. v. Lotus Development Corp.,* 81 F.3d 1576 (Fed.Cir.1996). "Information is 'material' when there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Refac International,* 81 F.3d at 1581.

The proponent of a claim of inequitable conduct must prove "the threshold elements of materiality and intent by clear and convincing evidence." *Micro Chemical, Inc.,* 103 F.3d at 1549. "The district court must then weigh the threshold findings of materiality and intent in light of all the circumstances to determine whether they warrant a conclusion that inequitable conduct occurred." *Id.* "A determination of inequitable conduct is committed to a district court's discretion." *Id.*

II. Expert Testimony

Defendants assert Mr. Witherspoon's testimony as to inequitable conduct may assist the trier of fact and thus is admissible under Federal Rule of Evidence 702. That rule states:

**\*2** If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed.R.Evid. 702.

Because the admission of expert testimony is a "procedural matter" not unique to patent issues, the law of the Third Circuit Court of Appeals governs this motion, as opposed to the law of the Federal Circuit. *Panduit Corp. v. All States Plastic Manufacturing Co.,* 744 F.2d 1564, 1574-75 (Fed.Cir.1984); *accord National Presto Industries, Inc. v. The West Bend Co.,* 76 F.3d 1185, 1188 n. 2 (Fed.Cir.1996).

The decision whether to admit expert testimony is committed to the discretion of the district court. *United States v. Velasquez,* 64 F.3d 844, 847-48 (3d Cir.1995). As might be gleaned from the rule, several bases exist for excluding expert testimony. They are: "(1) if the testimony will not assist the trier of fact; (2) if scientific [or technical or other specialized] evidence is not sufficiently reliable; and (3) if the particular expert does not have sufficient specialized knowledge to assist the jurors." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.,* 998 F.2d 1224, 1238 (3d Cir.1993); *see also Holbrook v. Lykes Bros. Steamship Co., Inc.,* 80 F.3d 777, 781 (3d Cir.1996).

The Third Circuit Court of Appeals has adopted a broad interpretation of Rule 702; close calls on the admission of expert testimony are to be resolved in favor of admissibility. *Dunn v. Hovic,* 1 F.3d 1362, 1367 (3d Cir.1993). However, "it is not permissible for a witness to testify as to the governing law since it is the district court's duty to explain the law to the jury...." *United States v. Leo,* 941 F.2d 181, 196 (3d Cir.1991). As relevant to Revlon's motion, Mr. Witherspoon's testimony will be inadmissible either if it is not helpful to the trier of fact, or if it constitutes impermissible testimony before the jury as to the governing law.

Defendants have not provided the details of Mr. Witherspoon's proposed testimony on inequitable conduct, beyond the sentence: "Defendants request that Mr. Witherspoon be allowed to testify as to the inequitable conduct issue if the Court determines that Mr. Witherspoon's testimony as a legal expert would assist in its determination." D.I. 154, at 2.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 158281 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Defendants' answer to Revlon's motion places into issue the currently unsettled question of whether, in this case, the judge or the jury will act as fact-finder on the issue of inequitable conduct.

With respect to that question, the Federal Circuit recently explained:
There are a variety of ways in which the district court may choose to handle the issue of inequitable conduct during a jury trial. .... Some courts have reserved the entire issue of inequitable conduct unto themselves; some have submitted special interrogatories to the jury on the facts of materiality and intent; and some have instructed the jury to find and weigh the facts of materiality and intent and decide the ultimate question of inequitable conduct.... Absent a clear showing of prejudice, or failure to achieve a fair trial, the district court's choice of procedure will not be disturbed.

**\*3** *Hebert v. Lisle Corp.,* 99 F.3d 1109, 1114 (Fed.Cir.1996). The court noted in the last instance the parties agreed to submit the entire issue of inequitable conduct to the jury. *Id.*

Failing to achieve similar agreement of the parties in the present case, the Court will opt to submit to the jury special interrogatories on the facts of materiality and intent. The Court will then weigh the findings on these two elements "in light of all the circumstances," and decide the ultimate question of inequitable conduct. *See Micro Chemical, Inc.,* 103 F.3d at 1549; *see also Akzo N.V. v. U.S. International Trade Commission,* 808 F.2d 1471, 1481-82 (Fed.Cir.1986) ("Materiality and intent must ... be considered together: the more material the omission or misrepresentation, the less intent that must be shown to reach a conclusion of inequitable conduct.")

As the determination of the Court consists of a 'weighing' of the factual findings on materiality and intent, and then a determination in light of all the circumstances whether inequitable conduct occurred, *see Micro Chemical, Inc.,* 103 F.3d at 1549, it follows that the jury will act as the sole fact-finder on the issue of inequitable conduct. The

Court therefore cannot permit Mr. Witherspoon to testify as an expert on inequitable conduct; to do otherwise would usurp the respective functions of the jury and the Court. [FN3]

> FN3. The Federal Circuit recently noted one of the hazards of permitting expert testimony on patent law:
> We take note of the extent to which ... incorrect law was announced by a patent law expert witness. We encourage exercise of the trial court's gatekeeper authority when parties proffer, through purported experts ... markedly incorrect law.
> *Hebert,* 99 F.3d at 1117.

In accordance with the other cases in this District, the Court holds defendants' expert John Witherspoon may testify only as to matters of PTO practice and procedure. *See Lucas Aerospace, Ltd. v. Unison Industries, L.P.,* No. 93-525 (D.Del. March, 9, 1995); *General Battery Corp. v. Gould, Inc.,* 545 F.Supp. 731, 758 n. 30 (D.Del.1982); *see also Thorn EMI North America Inc. v. Micron Technology, Inc.* No. 92-673 (D.Del. Nov.23, 1993) (McKelvie, J.) (hearing transcript); *The Read Corporation v. Portec, Inc.,* No. 88-29 (D.Del. March 9, 1990) (Roth, J.) (hearing transcript); *RCA Corp. v. Data General Corp.,* No. 84-270 (D.Del. Dec. 17, 1986) (Farnan, J.) (hearing transcript); Guidelines: Legal Expert Testimony in Patent Cases (Robinson, J.). [FN4] Mr. Witherspoon may not testify as to substantive issues of patent law, including inequitable conduct. For purposes of clarity, it is noted this holding precludes, among other things, Mr. Witherspoon's proposed testimony regarding the "duties and responsibilities of an inventor, his or her attorney or agent, and others substantively involved in the preparation and prosecution of a patent application in the PTO...." D.I. 147, Exh. A, at 2.

> FN4. While this rule regarding patent experts is followed in this District, it is not uniform throughout the country. Several Federal Circuit cases refer, in passing, to expert testimony that was permitted on the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 158281 (D.Del.)
(Cite as: Not Reported in F.Supp.)

topic of inequitable conduct, *see Hebert,* 99 F.3d at 1115; *Kingsdown Medical Consultants Ltd. v. Hollister, Inc.,* 863 F.2d 867, 872 (Fed.Cir.1988).

An order will issue consistent with this opinion.

D.Del.,1997.
Revlon Consumer Products Corp. v. L'Oreal S.A.
Not Reported in F.Supp., 1997 WL 158281 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 2106583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H

Syngenta Seeds, Inc. v. Monsanto Co.
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
**SYNGENTA** SEEDS, INC., Plaintiff,
v.
**MONSANTO** CO., Dekalb Genetics Corp., Pioneer
Hibred International, Inc., Dow Agrosciences, LLC,
and Mycogen Plant Science, Inc. and Agrigenetics,
Inc., collectively d.b.a. Mycogen Seeds,
Defendants.
**No. Civ.02-1331-SLR.**

Sept. 8, 2004.

Paul M. Lukoff, Prickett, Jones & Elliott,
Wilmington, DE, for Plaintiff.
Richard L. Horwitz, Potter Anderson & Corroon,
LLP, Wilmington, DE, for Defendants.

MEMORANDUM ORDER
ROBINSON, J.

I. INTRODUCTION

**\*1** On July 25, 2002, plaintiff Syngenta Seeds, Inc.,
filed a complaint alleging defendants infringed
three of its patents. (D.I.1) Discovery in the action
concluded on July 14, 2004, and the case is
scheduled for a jury trial commencing on
November 29, 2004. (D.I.228) Before me is
plaintiff's motion to exclude some of defendants'
expert reports. (D.I.220)

II. BACKGROUND

In response to plaintiff's claims, defendants argue,
among other things, that plaintiff's patents are
invalid due to double patenting, failure to disclose
pending applications during interference
proceedings and inequitable conduct.

With respect to the motion at issue, plaintiff claims
that defendants' experts, John T. Goolkasian, Esq.,
Martin J. Adelman, Esq., Gerald Bjorge, Esq. and

Dr. Joachim Messing, made conclusions of law and
discussed general patent practices and procedures.
Defendants assert that in this complicated case the
experts are required to understand their defenses. In
the alternative, the defendants claim their experts
will not testify to all the issues referred to by the
expert reports, especially those issues of patent
procedure that the court finds would not be helpful
to the finder of fact.

Mr. Adelman is the expert for Dow AgroSciences,
Mycogen Plant Science and Agrigentics. (D.I. 222
at A048) Mr. Borjge issued an expert report for
Pioneer Hi-Bred International, Inc. (*Id.* at A011)
Mr. Goolkasian is testifying for Monsanto and
Dekalb. (*Id.* at A062) All three are lawyers with
significant experience in patent law and the United
States Patent and Trademark Office ("PTO"). (Id. at
A011-A013, A048, A063-A066) All have a
technical background as well. (*Id.* at A011, A063)

The reports at issue provide a general overview of
patent law and the PTO. Each discusses specific
PTO procedures with respect to continuing patent
applications, double patenting and interference. (*Id.*
at A013-A018, A045, A049-A052, A066-A071,
A073-A077, A133-A135) Each expert discusses the
prosecution history of the three patents at issue and
the role prior history played in the 10 years of
prosecution. (*Id.* at A018-A029, A052-A060,
A077-A118) In some instances, the experts draw
conclusions from the prosecution record, such as,
"it appears that both Drs. Koziel and Evola had a
duty to tell the patent office about either Dr.
Fowler's Patent Applications [sic], and did not
comply with that duty." (*Id.* at A118)

Dr. Messing received an M.S. degree in Pharmacy
from the Free University of Berlin, and a doctorate
degree from the Ludwig Maximilian University of
Munich. (*Id.* at A140) He is a member of the
Rutgers faculty, and has founded both Rutger's
Department of Molecular Biology and
Biochemistry, and its Department of Genetics. (Id.)
Section VII of Dr. Messing's expert report, entitled

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 2106583 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

"All of the Patent Claims are Unenforceable Due to the Inequitable Conduct of Syngenta and Its Counsel," discusses the PTO's policy of candor and its application to the plaintiff's duty to disclose certain prior art. FN1  (*Id.* at A142) In part A of this section, Dr. Messing concludes that the plaintiff is not entitled to the conception date cited in the three patents. (Id. at A156) In the other parts of Section VII, he concludes that plaintiff did know, or at least should have known, that it was failing to disclose necessary information to the PTO. (Id. at A157-A164)

> FN1. Of course, any claims of inequitable conduct will be presented in a bench trial, further obviating the need for legal experts.

### III. DISCUSSION

**\*2** I have issued guidelines for patent litigation that explicitly state, "expert testimony from attorneys regarding patent practice and procedure is not required and will not be permitted except in the case of extraordinary circumstances." FN2  (D.I. 222 at A001) In all patent cases tried before me, the jury is shown a Federal Judicial Center video about patent law, PTO policies and procedures. I have determined that this video is a sufficient basis for instructing jurors. I am not convinced that additional information about patent law is required in this case. Therefore, pursuant to this court's guidelines on legal testimony in patent cases, the expert opinions challenged by the plaintiff are excluded.

> FN2. These guidelines are also available at http:// www.ded.uscourts.gov/SLRmain.htm.

### IV. CONCLUSION

Therefore, at Wilmington this 8th day of September, 2004;

IT IS ORDERED that plaintiff's motion to exclude (D.I.220) is granted.

D.Del.,2004.

Syngenta Seeds, Inc. v. Monsanto Co.
Not Reported in F.Supp.2d, 2004 WL 2106583 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.