# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

July 24, 2007

The Honorable Mary Pat Thynge             <u>VIA ELECTRONIC FILING</u>
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*
             C.A. No. 06-113-*** (MPT) (Consolidated)

Dear Magistrate Judge Thynge:

      This letter responds to Plaintiff Sepracor Inc.'s ("Sepracor's") letter in support of its motion to preclude Defendants Dey, L.P. and Dey, Inc. ("Dey") from disclosing Confidential Information to Dey's expert, Professor Martin J. Adelman. Because Sepracor has failed to "object for cause" as required by Paragraph 11(a) of the Protective Order (D.I. 42), Sepracor's motion should be denied.

<u>Background</u>

On June 25, 2007, Dey identified Professor Adelman as an independent expert in this case, attaching all relevant documentation required by Paragraph 11 of the Protective Order. *See* Exhibit A. On July 2, Sepracor objected to the disclosure of Confidential Information to Professor Adelman with the blanket, and unsupported, statement that "the District of Delaware does not permit expert testimony from attorneys regarding patent practice and procedure, nor does it permit expert legal testimony on substantive issues in patent cases." *See* Exhibit B.

In a letter dated July 5, Dey indicated that it disagreed with Sepracor's blanket objection and that, in any event, nothing precluded Dey from using Professor Adelman as a consulting expert. As such, Dey maintained that Sepracor failed to "object for cause" as required by Paragraph 11(a) of the Protective Order. *See* Exhibit C. Sepracor responded in a July 6 letter by repeating its blanket objection, further adding that Dey's counsel should have no need for a consulting expert because it is "a firm that advertises as having 'expertise' in patent law." *See* Exhibit D.

The Honorable Mary Pat Thynge
July 24, 2007
Page 2

In a final attempt to resolve the dispute without Court assistance, Dey responded on the same day, noting that Dey's pejorative remark was not an objection for cause, and that in any case patent firms and non-patent firms alike employ consulting experts in patent cases. See Exhibit E. Dey proposed a time and date for a meet-and-confer to resolve the issue. Sepracor never responded, prompting Dey to seek assistance from the Court.

Under the Terms of the Protective Order, Dey May Provide Confidential Information to Professor Adelman as a Consulting Expert on the Issue of Inequitable Conduct, Because Sepracor Has Not Identified Any Conflict or Other Good Cause that Would Justify Preclusion.

Failing to cite any authority in support of its position, Sepracor contends that Professor Adelman should not be allowed access to Confidential Information in the capacity of a consulting expert. Each of Sepracor's arguments in support of this contention lacks merit.

Sepracor first expresses concern that Professor Adelman will fail to obey the terms of the Protective Order and disclose its "higly sensitive technical information," particularly since he testifies regularly on behalf of pharmaceutical companies, including Sepracor's competitors. Sepracor Letter at 3. The flaws in this argument are two-fold: (1) it assumes that Professor Adelman would violate the Protective Order, even though Sepracor provides no basis whatsoever for this assertion, and (2) if this argument were accepted, any expert could be precluded from testifying based on the speculative belief that the expert would not comply with a Protective Order. This argument particularly lacks merit since Professor Adelman is an attorney and is thus especially sensitive to the need to comply with court orders.

Sepracor further argues that Professor Adelman would have no need to view confidential information since he is a "patent law generalist." Id. This argument also fails, because the basis for Dey's inequitable conduct claims concerns Sepacor's failure to disclose highly technical information to the Patent and Trademark Office, including pre-clinical and clinical studies set forth in Sepracor's NDA. In assessing the materiality of those confidential documents and Sepracor's intent in failing to disclose them, Professor Adelman will need to review and evaluate those technical documents, as well as (1) confidential communications within Sepracor discussing those studies, (2) confidential expert reports by Dey's other experts upon which Professor Adelman will rely in assessing materiality, and (3) confidential deposition testimony of Sepracor's witnesses, including James Young, Gunnar Aberg, and John McCullough.

Sepracor also asserts that Professor Adelman should not be allowed to serve as a consulting expert because he may participate as an expert in the Dey v. Sepracor case, in which Dey is represented by the same counsel as this case. Id. While those facts are true, they simply do not provide a reason to preclude Professor Adelman as a consulting expert. This argument again assumes that Professor Adelman will not respect the terms of the Protective Order, which, as outlined above, is not a basis for precluding him. Moreover, Sepracor concedes that the Dey v.

*Sepracor* case involves a "different product," *id.*, thus further undermining Sepracor's argument in favor of preclusion.

Sepracor's remaining arguments concern Professor's Adelman's ability to serve as a testifying expert. *Id.* at 2. Those arguments are simply irrelevant as to whether Professor Adelman can serve as a consulting expert and have access to Confidential Information.

Even if those arguments were relevant, there is no monolithic policy concerning the admission of expert reports and expert testimony, and Sepracor cites no District of Delaware Local Rule to the contrary. Admissibility is considered on a case-by-case and judge-by-judge basis, and this case has not been assigned a new District Judge since Judge Jordan was elevated to the Third Circuit. If this Court were to preclude Professor Adelman from having access to Confidential Information, Dey would be severely prejudiced in the event that a new judge would allow Professor Adelman to submit an expert report.

In sum, Dey should be allowed to consult with the expert of its choice on the issue of inequitable conduct and be able to provide that expert access to Confidential Information, absent a conflict or some other good cause. Having failed to provide good cause as required by the Protective Order, this Court should deny Sepracor's motion.

Respectfully,

/s/ *Lauren E. Maguire*

Lauren E. Maguire

LEM: nml
Attachments
182538.1

cc:   Richard D. Kirk, Esquire (by hand delivery; w/attachments)
      Jack M. Stover, Esquire (via electronic mail; w/attachments)
      Todd R. Walters, Esquire (via electronic mail; w/attachments)
      Elizabeth A. Leff, Esquire (via electronic mail; w/attachments)

# EXHIBIT A

**FLH FROMMER LAWRENCE & HAUG LLP**

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

June 25, 2007

**John Josef Molenda, Ph.D.**
JMolenda@flhlaw.com

**VIA E-MAIL**

Re: *Sepracor Inc. v. Dey, L.P., Inc.,*
    *Civil Action Nos. 06-113-\*\*\* and 06-604\*\*\** (consolidated)

Dear Ms. Dadio:

Pursuant to paragraph 11 of the Protective Order, Dey identifies Professor Martin Adelman as an independent expert in this case. As such, I attach the following: (1) Professor Adelman's curriculum vitae, (2) his declaration (from Exhibit A of the Protective Order), (3) a list of all cases in which Professor Adelman has been deposed as a patent expert, and (4) a list of all cases in which he has appeared in court as a patent expert.

To his knowledge, Professor Adelman has had no relationship or connection with Sepracor, Inc. Dey has contacted Professor Adelman concerning participation in the *Dey v. Sepracor* case, Civ. Action No. 1:07-cv-2353.

Yours sincerely,

John Josef Molenda

JJM/jjm
Attachments

# EXHIBIT B

# Buchanan Ingersoll ⅋ Rooney PC
Attorneys & Government Relations Professionals

P.O. Box 1404
Alexandria, VA 22313-1404

1737 King Street, Suite 500
Alexandria, VA 22314-2727

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

July 2, 2007

**VIA ELECTRONIC MAIL**

John Josef Molenda, Ph.D.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re: *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
<u>Case Nos. 06-113-*** and 06-604-*** (Consolidated)</u>

Dear John:

This is in response to your letter dated June 25, 2007, regarding Dey's identification of Professor Martin Adelman as a potential expert in the above-referenced case.

In accordance with Paragraph 11(a) of the Stipulated Protective Order, Sepracor hereby timely serves the present written objection to the proposed disclosure of any of Sepracor's Confidential Information to Professor Adelman. The United States District Court for the District of Delaware does not permit expert testimony from attorneys regarding patent practice and procedure, nor does it permit expert legal testimony on substantive issues in patent cases. Thus, there is no apparent reason for Dey to disclose Sepracor's Confidential Information to Professor Adelman.

Sincerely,

BUCHANAN INGERSOLL & ROONEY PC

*[signature]*
Susan M. Dadio

# EXHIBIT C

**FL-H FROMMER LAWRENCE & HAUG LLP**

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

July 5, 2007

**John Josef Molenda, Ph.D.**
JMolenda@flhlaw.com

**VIA E-MAIL**

Re:  *Sepracor Inc. v. Dey, L.P., Inc.,*
     Civil Action Nos. 06-113-*** and 06-604*** (consolidated)

Dear Susan:

This is in response to your letter dated July 2, 2007 concerning Sepracor's objection to disclosure of Sepracor's Confidential Information to Professor Martin Adelman.

We disagree with your assertion that the District of Delaware would preclude Professor Adelman's testimony, and that, as a result, "there is no apparent reason for Dey to disclose Sepracor's Confidential Information to Professor Adelman." Even if the Court were to preclude Professor Adelman from serving as a testifying expert (which we believe it would not), Dey is nonetheless entitled to use Professor Adelman as a consulting expert. Sepracor's objection is therefore without cause.

Please let me know by the close of business tomorrow whether Sepracor objects to the disclosure of Confidential Information to Professor Adelman with cause and the basis for that objection. If we do not hear from you by that time, we will disclose Sepracor Confidential Information to Professor Adelman.

Yours sincerely,

John Josef Molenda

JJM/jjm
Attachments

# EXHIBIT D

## Buchanan Ingersoll & Rooney PC
Attorneys & Government Relations Professionals

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

July 6, 2007

**VIA ELECTRONIC MAIL**

John Josef Molenda, Ph.D.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

Re:  *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
      Case Nos. 06-113-*** and 06-604-*** (Consolidated)

Dear John:

This is in response to your letter dated July 5, 2007.

We disagree with your assertion that Sepracor's objection to disclosure of Sepracor's Confidential Information to Professor Adelman is not for cause and we maintain our objection. Based on the practice of the U.S. District Court for the District of Delaware we do not believe Professor Adelman will be permitted to testify in this case. Moreover, Dey has not demonstrated a need for Professor Adelman to access Sepracor's Confidential Information in order to assist your law firm -- a firm that advertises as having "expertise" in patent law -- as a consulting patent law expert in this case.

Paragraph 11(a) of the Stipulated Protective Order specifically states that "[i]f a party objects to the proposed disclosure, the objecting party's Confidential Information **shall not** be disclosed to such person except by order of the Court or by written consent of the objecting party." (Emphasis added.) Should Dey, as indicated in the last sentence of your letter, proceed with disclosing Sepracor's Confidential Information to Professor Adelman in view of Sepracor's objection, Dey will be doing so in violation of the Stipulated Protective Order in this case.

Sincerely,

BUCHANAN INGERSOLL & ROONEY PC

*Susan M. Dadio*
Susan M. Dadio

SMD/lp

cc: Richard D. Kirk, Esq.

# EXHIBIT E

**FLH FROMMER LAWRENCE & HAUG LLP**

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

July 6, 2007

**John Josef Molenda, Ph.D.**
JMolenda@flhlaw.com

**VIA E-MAIL**

Re:  *Sepracor Inc. v. Dey, L.P., Inc.,*
     *Civil Action Nos. 06-113-\*\*\* and 06-604\*\*\** (consolidated)

Dear Susan:

This is in response to your letter dated today concerning Sepracor's continued objections to disclosure of Sepracor's Confidential Information to Professor Martin Adelman.

Under the terms of the protective order, it is Sepracor's burden to "object for cause" to the disclosure of confidential information to Professor Adelman. Protective Order ¶ 11(a). Pointing out that Dey's counsel is a firm "that advertises as having 'expertise' in patent law" is not an objection for cause. It is manifest that patent and non-patent firms alike employ consulting experts on various patent-related issues in patent cases.

Please let me know if you are available for a conference call at 10:00 a.m. next Tuesday to resolve this issue. If you are not available at that time, please offer an alternative time early next week, as expert reports are due in the near future.

Yours sincerely,

John Josef Molenda

JJM/jjm
Attachments