# THE BAYARD FIRM

A  T  T  O  R  N  E  Y  S

222 DELAWARE AVENUE, SUITE 900
P.O. BOX 25130
WILMINGTON, DE 19899

MERITAS LAW FIRMS WORLDWIDE

302-655-5000
(FAX) 302-658-6395

Richard D. Kirk

302-429-4208
rkirk@bayardfirm.com

FILED ELECTRONICALLY

August 1, 2007

The Honorable Mary Pat Thynge
United States District Court for the District of
Delaware
844 North King Street, Lock Box 8
Wilmington, DE 19801

      RE:   *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*,
              <u>C.A. Nos. 06-113-*** & 06-604-*** (Consolidated Cases)</u>

Dear Magistrate Judge Thynge:

      Plaintiff Sepracor Inc. ("Sepracor") previously moved pursuant to paragraph 11(a) of the Amended Stipulated Protective Order[1] for an order directing that defendants Dey, L.P. and Dey, Inc. ("Dey") not disclose Sepracor's Confidential Information to Dey's independent expert, Martin J. Adelman ("Professor Adelman"). (D.I. 166.) Dey filed a responsive letter (D.I. 168) and the Court conducted a telephone conference on July 25, 2007 (D.I. 170). During the July 25th telephone conference, the Court ruled that "Professor Adelman . . . will not be a testifying expert . . . ."[2]  (D.I. 170, at 16; D.I. 171.)

      While the Court also heard arguments by both parties during the July 25th telephone conference as to Dey's request to permit Professor Adelman to have access to Sepracor's Confidential Information on the basis of being a non-testifying consultant to Dey, the Court requested additional submissions "solely on the issue of why [Dey] needs [Professor Adelman] as a consultant and why [Sepracor] think[s] this is such a problem on balance." (D.I. 170, at 17.) This letter by Sepracor thus addresses this focused issue.

      Sepracor has produced a significant amount of information in this case which has varying degrees of proprietary and sensitivity concerns by Sepracor. All of this information has been produced under the single level of confidentiality available pursuant

---

[1] The Amended Stipulated Protective Order (D.I. 165) will hereinafter be referred to as the "Protective Order."

[2] The Court indicated, however, that "if Dey feels strongly . . . , this can be brought up to the judge to whom this case is eventually assigned . . . ." (D.I. 170.) Though the Court went on to state: "I just don't see a judge on this bench doing it. I sincerely doubt any new judge coming on this bench is going to break with that practice. Certainly nobody has so far." (D.I. 170.)

666511-1

THE BAYARD FIRM

The Honorable Mary Pat Thynge
August 1, 2007

to the Protective Order and referred to as "Confidential Information." This information includes, for example, highly sensitive and proprietary information such as Sepracor's revenue and sales information. This information also includes studies by Sepracor that included both the (R)-enantiomer of albuterol (the isomer at issue in this case) along with the (R,R)-enantiomer of formaterol (the isomer in Sepracor's product that is the subject of Dey's allegation of infringement in the *Dey v. Sepracor* case). As a consultant under the Protective Order, Professor Adelman would have access to <u>all</u> of Sepracor's Confidential Information. However, Dey has not articulated a need for Professor Adelman, who has an area of purported expertise in patent law and PTO practice and procedure (*see* Exh. A to D.I. 166), to have access to all of Sepracor's Confidential Information which would include information that he would have no need to see given his defined area of alleged expertise and would work a clearly defined and serious injury to Sepracor.

      Dey is essentially attempting to equate Professor Adelman to an attorney in the law firm of Dey's counsel. Attorneys in the law firm of Dey's counsel, however, have presumptive needs to see all of Sepracor's Confidential Information to prepare and present Dey's defense on all issues in this case. However, attorneys in the law firm of Dey's counsel will not attempt to testify as an expert against Sepracor in the *Dey v. Sepracor* case[3] in which Professor Adelman has been contacted to participate in on behalf of Dey. Thus, there is no risk that an attorney in the law firm of Dey's counsel will inadvertently utilize information obtained through this case in any testimony he/she may give as a witness in the other case between the parties.[4] Moreover, as admitted by Dey in the July 25th telephone conference, Dey has other experts who have looked at Sepracor's preclinical studies. Thus, it is difficult to understand why Dey's counsel has a "need" to consult with Professor Adelman on whether these clinical studies, which have apparently already been reviewed by a technical expert, were misrepresented before the PTO when Dey's counsel include patent attorneys that are themselves registered to practice before the PTO and thus fully understand all aspects of inequitable conduct before the PTO.

      An argument that the issue of Professor Adelman's involvement in the *Sepracor v Dey* case can be handled in that court does not discount the lack of a showing of a need by Dey as to why Professor Adelman should have access to <u>all</u> of Sepracor's Confidential Information in this case.

      Dey has only informed the Court that it wants to consult with Professor Adelman on issues relating to allegations of inequitable conduct. As discussed *supra*, Sepracor disagrees that Dey's counsel has a "need" to consult with Professor Adelman on issues

---

[3] See D.I. 166 for a brief description of the *Dey v Sepracor* case in the U.S. District Court for the Southern District of New York.

[4] As discussed during the July 25th telephone, despite any individual's best efforts, it is common (as it is in this case) that individuals like in-house counsel have practice restrictions placed upon them to minimize the risk to inadvertently utilize confidential information in work outside of the particular case that it obtained such information as it often difficult to compartmentalize such information once it is learned. (D.I. 170, at 7-8.)

666511-1

THE BAYARD FIRM

The Honorable Mary Pat Thynge
August 1, 2007

such as allegations of inequitable conduct before the PTO when Dey's counsel include registered patent attorneys themselves. Nevertheless, Dey has at most articulated a purported need for Professor Adelman to have access to a very limited subset of Sepracor's Confidential Information.

In the spirit of cooperation, Sepracor's counsel contacted Dey's counsel after the July 25th telephone conference in attempt to resolve this issue between the parties. (Exh. A.) In brief, Sepracor proposed that, based on Dey's representation that it apparently only wants Professor Adelman to have access to Confidential Information of Sepracor that might relate to Dey's inequitable conduct allegations, then Sepracor would be willing to review that limited subset of information that Dey would identify. Sepracor could then determine if there were particular concerns with respect to any of the identified material and, if not, then Sepracor would be willing to grant Professor Adelman access to that limited subset of information. (Exh. A.) Unfortunately, Dey has refused this proposal calling it "unreasonable." (Exh. B.)

Dey's characterization of Sepracor's proposal aside, Sepracor believes it is appropriate to limit disclosure of its Confidential Information to individuals based on the material and relevant scope of the individual's purported need to have access to such Confidential Information. This is precisely the reason why both parties agreed that the Protective Order should be entered in this case; that is to "prevent unnecessary dissemination or disclosure of such confidential information" and to place restrictions (some restrictions greater than others) on those individuals who have material and relevant needs for access to such information during the course of this litigation. (D.I 165.)

Dey's comment that, despite his alleged area of expertise, "Professor Adelman should be allowed to view Confidential Information <u>without restriction</u> . . ." (Exh. B (emphasis added)), particularly when combined with Dey's representation to the Court that Professor Adelman would advise both Dey's counsel and Dey itself on issues relating to Sepracor's Confidential Information (D.I. 170, at 10-11) and that Professor Adelman has been contacted in connection with the *Dey v. Sepracor* case, show that disclosure will work a clearly defined and serious injury. Moreover, Dey has not articulated a need for Professor Adelman to have access to <u>all</u> of Sepracor's Confidential Information. As such, the balance should favor not permitting disclosure of Sepracor's Confidential Information to Professor Adelman as a consultant.

Respectfully submitted,

/s/ Richard D. Kirk (rk0922)

cc:   Original to Court, by hand
      All counsel of record as shown on attached service list

666511-1

# EXHIBIT A

**Buchanan Ingersoll ▲ Rooney** PC
Attorneys & Government Relations Professionals

P.O. Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

T 703 836 6620
F 703 836 2021
www.buchananingersoll.com

July 30, 2007

Elizabeth A. Leff, Esq.
Frommer Lawrence & Haug, LLP
1667 K Street, N.W.
Suite 500
Washington, D.C.  20006

VIA ELECTRONIC MAIL

Re:   *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
      Civil Action Nos. 06-113-*** & 06-604-*** (Consolidated Cases)

Dear Elizabeth:

Further to our conference call with Magistrate Judge Thynge regarding Dey's desire to have Professor Adelman view Sepracor's Confidential Information in a non-testifying expert capacity, it is my understanding that you and Bill Davis had a telephone discussion today whereby Bill set forth Sepracor's proposal in attempt to reach some form of agreement on this issue. It is my understanding that you were not interested in entertaining Sepracor's proposal.

This letter is being written to you in the spirit of cooperation to attempt one last time to reach resolution on this matter before the parties submit their letters to the Court on this issue or in the event that my understanding of Dey's interest (or lack of interest) in Sepracor's proposal is not complete.

During the July 25th telephone conference, you indicated that you wanted to show Professor Adelman Sepracor's Confidential Information so he can advise Dey on matters regarding its allegations of inequitable conduct. (D.I. 171, at 10.) In particular, you indicated that such documents "include things like clinical studies" and "testimony for the inventors, the declarants in the case." (D.I. 171, at 11.) Should this be the full scope of Dey's desired disclosure to Professor Adelman, Sepracor would be willing to review the particular information that Dey would like to disclose to Professor Adelman to determine if there are any concerns with Professor Adelman having access in accordance with the Stipulated Protective Order to this particular information and, even if Sepracor had some concern, whether such documents could be redacted so that Professor Adelman could at least review certain of the information in those documents.

Elizabeth A. Leff, Esq.
July 30, 2007
Page - 2 -

    Therefore, if Dey is interested in attempting to resolve this matter without further Court intervention, please (i) confirm that the scope of Sepracor's Confidential Information that Dey desires to show to Professor Adelman only includes the information described above and (ii) provide us with the bates ranges for the particular Sepracor documents and pages of the particular transcripts. We will then review that information to determine if Sepracor can grant Professor Adelman access to this Confidential Information in accordance with the Stipulated Protective Order.

    In light of the fact that Sepracor needs to submit its letter to the Court on Wednesday, we request that you respond to our letter no later than noon on Tuesday, July 31, 2007.

                                    Sincerely,

                                    BUCHANAN INGERSOLL & ROONEY PC

                                    Susan M. Dadio

SMD/lp

# EXHIBIT B

**FLH  FROMMER LAWRENCE & HAUG LLP**

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

July 31, 2007

**John Josef Molenda**
Direct Dial: (212) 863-2658
jmolenda@flhlaw.com

**VIA E-MAIL**

Susan M. Dadio, Esq.
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727

Re:   *Sepracor v. Dey, CA 06 CV 113*

Dear Susan:

We are in receipt of your letter dated July 30, 2007 regarding disclosure of Confidential Information to Dey's consultant, Professor Adelman. To resolve this issue, we understand that Sepracor proposes a procedure in which: (1) Dey defines the precise scope of materials it wishes to show Professor Adelman, including "Bates ranges for the particular Sepracor documents and pages of the particular transcript," and (2) Sepracor then screens and/or redacts this information before Professor Adelman may be shown these materials. Dey cannot agree to this unreasonable proposal.

It is unrealistic and overly burdensome for Dey to itemize the scope of materials it wishes to show Professor Adelman, and Rule 26 contains no such requirement for consulting experts. While we anticipate that Professor Adelman will be shown clinical studies and portions of various deposition transcripts, it is not possible for Dey to predict all of the Confidential Information Professor Adelman will ultimately need to review. Sepracor has recently produced over fifty DVDs of materials, and it is likely that some portion of those materials will assist Professor Adelman in his capacity as a consultant. In addition, it is likely that Dey will want to provide its consultant with future deposition transcripts which it cannot identify with precision at this time. As a consulting expert, Professor Adelman should be allowed to view Confidential Information without restriction, absent some compelling reason to the contrary. To this point, Sepracor has offered no such reason.

To the extent your letter suggests that Dey's refusal to agree to Sepracor's proposal demonstrates an unwillingness to reach an agreement without Court involvement, we believe that suggestion to be incorrect. As you are aware, Dey recently agreed to Sepracor's two-week extension for the disclosure of expert reports, despite Dey's desire to proceed with the case as scheduled. We have carefully considered Sepracor's proposal, and Dey does not believe it should have to

identify to Sepracor the Confidential Information it wishes to provide to its consultant, nor does Dey believe that this information should be screened and/or redacted by Sepracor prior to its disclosure.

Yours Sincerely,

John Josef Molenda

cc:   Bill Davis, Esq.

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on August 1, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that copies of the foregoing document were sent on August 1, 2007 by email to the to the above local counsel and the following non-registered participants and will be sent on August 2, 2007 by hand to the above local counsel and by first class mail to the following non-registered participants:

| | |
|---|---|
| Edgar H. Haug, Esquire | Elizabeth A. Leff, Esquire |
| Kimberly J. McGraw, Esquire | Frommer, Lawrence & Haug L.L.P. |
| Frommer, Lawrence & Haug L.L.P. | 1667 K. Street, N.W. |
| 745 Fifth Avenue | Washington, D.C. 20006 |
| New York, NY 10151 | |

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

638231-1