# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 8, 2007

The Honorable Mary Pat Thynge  
United States District Court  
844 N. King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re: *Sepracor, Inc. v. Dey, L.P. and Dey, Inc.*  
C.A. No. 06-113-*** (MPT); (Consolidated)

Dear Judge Thynge:

On July 25, 2007, the Court heard argument concerning Plaintiff Sepracor Inc.'s ("Sepracor's") motion to preclude Defendants Dey, L.P. and Dey, Inc. ("Dey") from disclosing Confidential Information to Professor Martin J. Adelman in his capacity as either a testifying or a consulting expert. The Court held that it would not allow Professor Adelman to serve as a testifying expert, Tr. 16:9-17:5 (D.I. 170), but indicated that it "was leaning on the side of allowing him to be a consultant and to see this material," Tr. 18:14-15. The Court then instructed the parties to file additional submissions focusing on "why you [Dey] need him as a consultant and also why you [Sepracor] think this is such a problem on balance." Tr. 17:18-20. This Letter Brief addresses those issues and responds to various arguments set forth in Sepracor's August 1, 2007 Letter Brief.

As an initial matter, Dey respectfully submits that under the terms of the Amended Protective Order, it is Sepracor's burden to prove that Confidential Information should not be disclosed to Professor Adelman in his capacity as a consultant, *not* Dey's burden to show why Confidential Information should be disclosed to him. Protective Order ¶ 11(a) ("In the event that a motion is made, ***the objecting party shall have the burden*** of proving that disclosure should not be made and any such motion shall be filed no later than fourteen (14) days after the objections are made.") (emphasis added). As explained later in this brief, Sepracor has failed to carry its burden despite numerous rounds of letter briefing, including its August 1 Letter Brief.

Focusing specifically on the Court's question, Dey seeks to employ Professor Adelman in an advisory role to assist in analyzing and focusing Dey's allegations of inequitable conduct. Having worked in private practice for almost ten years and then as a professor for over 30 years, Professor Adelman has vast experience in patent law generally and in the issue of inequitable

The Honorable Mary Pat Thynge
August 8, 2007
Page 2

conduct in particular. Specifically, Professor Adelman has acquired a deep understanding of the legal principles underlying the doctrine of inequitable conduct while serving as sole editor of the treatise Patent Law Perspectives for nearly 20 years. He is also well-versed in the application of those principles both in private practice as well as in his work consulting in numerous patent cases involving allegations of inequitable conduct. While Dey's attorneys have considerable experience in litigating patent cases, Dey believes that having someone of Professor Adelman's experience as a consultant on inequitable conduct will assist Dey in both fully formulating and narrowing Dey's inequitable conduct allegations.

Turning to Sepracor's August 1 Letter Brief, Sepracor alleges that it will suffer "clearly defined and serious injury" if Professor Adelman is allowed access to Confidential Information. Sepracor Letter Br. at 2-3. Sepracor, however, fails to provide any concrete examples of what that injury might be. Rather, Sepracor again assumes, without basis, that Professor Adelman will violate the Protective Order and share Confidential Information he sees with Sepracor's competitors. *Id.* at 2. As Dey noted in its prior letter brief, Professor Adelman is both an attorney and an officer of the Court. As such, he understands the importance of following protective orders and Sepracor has offered no credible reason for this Court to assume that he cannot be trusted to honor the Protective Order in this case.

As a fallback position, Sepracor urges this Court to adopt a procedure in which Dey first discloses to Sepracor the Confidential Information it wishes to provide Professor Adelman, after which Sepracor screens/redacts that information prior to its disclosure. Letter Br. at 3. This proposal is both unrealistic and unworkable for several reasons.

First, Rule 26 contains no such disclosure requirement for consulting experts, and requiring disclosure would reveal the thoughts and impressions of Dey's counsel to Sepracor's counsel, thereby violating the attorney work product doctrine. Second, adopting Sepracor's procedure would be overly burdensome in requiring Dey to itemize the entire scope of materials it wishes to show Professor Adelman. Lastly, while Dey anticipates providing Professor Adelman with certain clinical and preclinical studies, as well as portions of various deposition transcripts, it is not possible for Dey to predict all of the Confidential Information Professor Adelman will need to review. It is likely that Dey will want to show Professor Adelman some portion of the over 50 DVDs of materials that Sepracor has recently produced, as well as certain portions of future deposition transcripts that Dey cannot identify with precision at this time.

Finally, Sepracor suggests that it will suffer injury because Professor Adelman would be serving as an expert in both this case and the *Dey v. Sepracor* case in the Southern District of New York. Sepracor, however, fails to identify any injury that might possibly result, nor can it. As Sepracor concedes, the products in the two cases are different, *i.e.*, albuterol in this case and formoterol in the other case. Moreover, to the extent Professor Adelman would see formoterol

The Honorable Mary Pat Thynge
August 8, 2007
Page 3

documents in this case, he would see those exact same documents in the Southern District case where that drug is at issue.[1]

In sum, Sepracor has failed to satisfy its burden under ¶ 11(a) of the Protective Order of providing a concrete reason as to why Professor Adelman should not be allowed to assist Dey as a consultant and be shown Confidential Information without limitation. Moreover, Dey has articulated compelling reasons for why it has a need for Professor Adelman's services as a consultant, and why he should be shown Confidential Information. Accordingly, Dey respectfully requests this Court to deny Sepracor's motion and to permit Professor Adelman to serve as a consultant and be shown Confidential Information.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD: nml
.182966.1

cc:   Richard D. Kirk, Esquire (by hand delivery)
      Jack M. Stover, Esquire (via electronic mail)
      Todd R. Walters, Esquire (via electronic mail)
      Elizabeth A. Leff, Esquire (via electronic mail)

---

[1] Sepracor states that it produced to Dey studies that include the (RR) enantiomer of formoterol. Dey notes that Sepracor has in fact taken pains *not* to disclose formoterol-related documents in this case, including redacting portions of sentences. Dey knows this because it received redacted and unredacted versions of the same documents, a fact it informed Sepracor of during discovery.