

ROTHWELL, FIGG, ERNST & MANBECK P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr
George R. Repper
Steven Lieberman
Joseph A. Hynds
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom
Jason M. Shapiro

Anne M. Sterba
Lisa N. Phillips
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim
R. Elizabeth Brenner-Leifer
Adam M. Treiber
Daniel L. Shores
Joseph E. Green
John A. Evans, Ph.D.
Thomas D. Lyford
Oliver L. Edwards
David B. Orange

Of Counsel
John A. McCahill
Brian E. Banner

**By Facsimile (302-573-6445)**

November 6, 2007

The Honorable Mary Pat Thynge
United States Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100
Wilmington, DE 19801

Re:  Sepracor Inc. v. Breath Limited, C.A. No. 06-10043-DPW
     (U.S. District Court for the District of Massachusetts)
     and
     Sepracor Inc. v. Dey, L.P., et al. C.A. Nos. 06-113 (MPT) and 06-604 (MPT)
     (U.S. District Court for the District of Delaware)

Dear Magistrate Judge Thynge:

     We write on behalf of Breath Limited, defendant in the above-referenced case pending in the District of Massachusetts.

     On September 12, 2007, the District Court in Massachusetts held that defendant Sepracor was required to produce to Breath the expert reports that had been filed in Sepracor v. Dey, C.A. Nos. 06-113 (MPT) and 06-604 (MPT). To date, neither the expert reports filed by Dey nor the Sepracor reports rebutting Dey's reports (nor other discovery documents being withheld based on confidentiality claims) have been produced by Sepracor. Sepracor has withheld production on the grounds that Dey has indicated that it views those reports, even those reports addressing Dey's invalidity theories, as confidential pursuant to the protective order entered by this Court. Any materials produced to Breath by Sepracor would be covered by the Protective Order in the Massachusetts case, a copy of which is enclosed for your convenience.

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

The Honorable Mary Pat Thynge
November 6, 2007
Page 2

        We understand that Your Honor has scheduled a teleconference on November 9, 2007
with the parties to address this issue. Given Breath's interest in this matter and the potential need
for a response to any inquiries Your Honor may have concerning Breath's requests, we
respectfully request that we be permitted to participate in the November 9, 2007 teleconference
in whatever manner Your Honor deems appropriate.

                        Respectfully submitted,

                        *Sharon L. Davis*

                        E. Anthony Figg
                        Sharon L. Davis

Enclosure

cc (by email):  Michael Chinitz, Esq.
                Susan M. Dadio, Esq.
                Jayson Wolfgang, Esq.
                Richard D. Kirk, Esq.
                Steven J. Balick, Esq.
                Elizabeth A. Leff, Esq.
                Edward H. Haug, Esq.

SLD:djc

2/27/07

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SEPRACOR INC.,

          Plaintiff,

          v.

BREATH LIMITED,

          Defendant.

C.A. No. 06-10043-DPW

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiff, Sepracor Inc. ("Sepracor"), the defendant, Breath Limited ("Breath"), or non-parties, and that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

-- 1 --

## Definitions

1.       The term "Confidential Information" shall mean any document, information, data,

or other tangible thing, or oral testimony that contains or reveals what a party or non-party

considers to be its trade secret, business confidential, or proprietary information. In designating

information as "Confidential Information," a party or non-party shall designate only its trade

secrets, information that it has maintained in confidence, or information in which it has a

proprietary interest. Each party shall act in good faith in designating information as

"Confidential Information."

2.       "Confidential Information" shall not include any documents, information or other

things (i) which was lawfully in a receiving party's possession, with no obligation of

confidentiality, prior to the inspection of the information or material produced in this action; (ii)

which is already in the public domain at the time of disclosure; (iii) which becomes a part of the

public domain thereafter through no fault of the party receiving the information under this Order

and not as a result of conduct that constitutes a breach of an obligation of confidentiality by a

third party; or (iv) which was or is hereafter lawfully obtained from a source or sources not under

an obligation of confidentiality to the other party.

3.       The term "Attorney Eyes Only" shall mean non-public testimony, information,

documents, data and other things which constitute confidential business or technical information

which is reasonably considered by the disclosing party to be highly sensitive because it contains

competitive business information including, but not limited to, research or development

information, patent applications, commercial, financial, budgeting and/or accounting

information, information about existing customers, marketing studies, performance and

projections, business strategies, decisions and/or negotiations, personnel matters including

– 2 –

11/06/2007 11:53 FAX 202 783 6031                    ROTHWELL,FIGG,ERNST&MANB                    ☐006

compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships. It is the intention of the Parties to designate documents and information under this more restrictive category of confidentiality only where the disclosing party in good faith believes there is a likelihood of competitive harm from disclosure of the documents or information to the other party without such a designation.

4.    The term "Qualified Person" shall mean:

(a)    the Court and its official personnel;

(b)    Sepracor's outside counsel of record in Case No. 06-10043-DPW and their law firms' active members, associate attorneys, paralegals, and office staff working on this case, whose functions require access to Confidential or Attorney Eyes Only Information ("Sepracor's Outside Counsel");

(c)    Breath's outside counsel of record in Case No. 06-10043-DPW and their law firms' active members, associate attorneys, paralegals, and office staff working on this case, whose functions require access to Confidential or Attorney Eyes Only Information ("Breath's Outside Counsel");

(d)    court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

(e)    any independent expert or consultant who is retained by Sepracor's or Breath's Outside Counsel subject to the provisions of paragraph 13, and solely for the purpose of assisting in this action;

(f)    An in-house attorney for Sepracor, namely Jane Oswecki, and an in-house employee for The Arrow Group (the parent company of Breath) who is responsible for handling this litigation, namely Dr. Andrew Lowrie, each of whom shall first have executed a Declaration in the form attached hereto as Exhibit A, a copy of which shall be provided to the opposing party; and who further (A) shall not be involved in the preparation or prosecution of any patent application that involves levalbuterol including but not limited to processes for synthesizing levalbuterol, formulating levalbuterol, and/or products made using levalbuterol, that covers XOPENEX® described in New Drug Application ("NDA") No. 20-837 or Breath's generic version of XOPENEX® described in Abbreviated New Drug Application ("ANDA") No. 77-756 for the duration of the action including any appeals; (B) shall not use the opposing party's Confidential Information (or, if received, Attorney Eyes Only Information) to prepare or prosecute any future or pending patent application for Sepracor or Breath and any of Breath's affiliates, parents or subsidiaries, respectively; (C) shall not be involved with FDA regulatory responsibilities involving XOPENEX® described in New Drug Application ("NDA") No. 20-837 or Breath's generic version of XOPENEX® described in Abbreviated New Drug Application ("ANDA") No. 77-756; and (D) shall not engage in any strategic, competitive, or business decision-making with respect to levalbuterol that is unrelated to this litigation. Further, Dr. Andrew Lowrie, who is not an attorney and is a citizen of the United Kingdom, shall agree to submit to personal jurisdiction in the District of Massachusetts.

(g)    any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties.

– 4 –

## Use of Confidential and Attorney Eyes Only Information

5.    Confidential and Attorney Eyes Only Information shall be used solely for the purpose of this action.

6.    No information designated Confidential or Attorney Eyes Only shall be produced to, referred to, or otherwise attached to or summarized in any submission to any third party regulatory body or standards-setting organization, such as FDA and/or USP, PROVIDED HOWEVER that for documentation presently designated Confidential or Attorney Eyes Only, which has or will become publicly available from FDA upon FDA approval of an NDA and/or ANDA in response to a request for information under the Freedom of Information Act, 5 U.S.C. § 552, ("FDA Information"), a non-producing party seeking to provide FDA Information to the FDA may do so if:

    (a)    the non-producing party first identifies the specific documents and/or information, and the basis behind the public health or safety concern, in writing (said writing to be transmitted in both hard copy and electronic mail and/or facsimile form) to the producing party at least ten (10) business days prior to any proposed disclosure to FDA; AND

    (b)    the producing party does not move for an Order from the Court seeking to prevent the disclosure of some or any portion of the identified information within that ten (10) business day period.

    In the event that the producing party does separately move to request that the Court order that the disclosure not occur, no disclosure shall be made to FDA by the non-producing party until the motion is resolved either by the Court or by agreement by the producing party. Further, if there is a procedural mechanism by which FDA agrees to accept the

-- 5 --

documents on a confidential basis, the non-producing party must seek to adhere to such mechanisms in order to avoid public disclosure.

      7.    Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Confidential Information if such information:

      (a)    was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

      (b)    was or becomes available to the public through no fault of a receiving party;

      (c)    was or is obtained from a source not under an obligation of secrecy to the designating party; or

      (d)    is exempted from the operation of this Protective Order by written consent of the designating party.

<u>Disclosure of Confidential or Attorney Eyes Only Information</u>

      8.    Confidential Information shall not be made available to anyone other than a Qualified Person or the party who produced such Confidential Information, except as otherwise provided in this Protective Order. Attorney Eyes Only Information shall not be made available to anyone other than a Qualified Person identified in paragraphs 4(a)-(e) above, or paragraph 4(g) upon written consent by both parties.

      9.    A document that contains or reveals Confidential Information or Attorney Eyes Only Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy. As set forth in paragraph 4(f), a document that contains or reveals Confidential or Attorney Eyes Only Information may be copied by an independent

– 6 –

commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator. Any exhibit(s) so prepared shall be given the same confidentiality treatment as the underlying information used to prepare such copies or exhibits.

10. Confidential or Attorney Eyes Only Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Confidential or Attorney Eyes Only Information.

11. Confidential or Attorney Eyes Only Information may be disclosed to a witness testifying under oath if:

(a) the witness was formerly an officer, director, or employee of the party who produced such Confidential or Attorney Eyes Only Information;

(b) the Confidential or Attorney Eyes Only Information was in existence during the period of his or her service or employment; and

(c) a foundation is established that the witness was involved in the project to which the Confidential or Attorney Eyes Only Information relates so that it is reasonable that the witness had access to the Confidential or Attorney Eyes Only Information during the course of his or her service or employment.

12. Nothing in this Protective Order shall prevent disclosure of Confidential or Attorney Eyes Only Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

13. (a) Counsel desiring to disclose Confidential or Attorney Eyes Only Information to an independent expert or consultant according to paragraph 4(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person. At least ten (10) days in advance of the proposed disclosure of any Confidential or Attorney Eyes Only

– 7 –

Information to that person, counsel shall serve that person's signed declaration, a curriculum vitae or resume, a general statement of any prior or current relationship or connection with either party, and a list of all cases in which such person has been deposed or testified as an expert for the preceding four (4) years by facsimile on each other party. A party may object for cause to the proposed disclosure by serving a written objection upon each other party within seven (7) days after receiving the copy of the signed declaration and other materials by facsimile. Failure to timely object shall operate as a waiver of the objection. If a party objects to the proposed disclosure, the objecting party's Confidential or Attorney Eyes Only Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party. In the event that a motion is made, the objecting party shall have the burden of proving that disclosure should not be made and any such motion shall be filed no later than fourteen (14) days after the objections are made. A party shall not attempt to make any contact with, including but not limited to deposing, any person whose declaration has been served by another party pursuant to this paragraph regarding their work or the opinions formed as an expert, investigator, consultant or advisor for the other party serving the declaration, unless an expert report written pursuant to Fed. R. Civ. P. 26 has been served. Nothing in this paragraph shall preclude a party from contacting fact witnesses directly or, if the fact witness is represented through counsel.

(b)    Counsel desiring to disclose Confidential or Attorney Eyes Only Information to a person according to paragraphs 4(f), and/or 4(g) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person and serve it upon the designating party prior to any disclosure.

### Identification and Marking of Confidential or Attorney Eyes Only Information

14.     Any document or other tangible thing that contains or reveals Confidential Information shall be labeled with the legend "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER" or a marking of like import. Any document or other tangible thing that contains or reveals Attorney Eyes Only Information shall be labeled with the legend "ATTORNEY EYES ONLY INFORMATION UNDER PROTECTIVE ORDER" or a marking of like import. For a document, such marking shall appear on each page of the document that contains Confidential or Attorney Eyes Only Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order. Any Confidential or Attorney Eyes Only Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party.

15.     When a party initially produces documents for inspection by a Qualified Person, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Attorney Eyes Only Information. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

16.     Information disclosed in a deposition may be designated as Confidential or Attorney Eyes Only Information by a party or by the non-party giving the deposition either (a) on the record at the deposition or (b) by serving a written notification on all parties and, if applicable, the non-party who gave the deposition, within twenty (20) days of the date on which the deposition took place or within four (4) days of the date on which the deposition transcript

becomes final, either by completion and service of an errata sheet or passage of the time allowed

for doing so, whichever first occurs. Such written notification shall identify the specific pages

and lines of the transcript that contain Confidential or Attorney Eyes Only Information. A copy

of such written notification shall be attached to the face of the transcript and each copy of the

transcript in the possession, custody, or control of any Qualified Person. Until the transcript

becomes final, either by completion and service of an errata sheet or passage of time allowed for

doing so, whichever first occurs, all information disclosed during any deposition shall be treated

as Attorney Eyes Only Information if no confidentiality designation is made during the

deposition itself.

17.    Only Qualified Persons, the deponent, and the court reporter shall be allowed to

attend any portion of a deposition in which Confidential or Attorney Eyes Only Information is

used or elicited from the deponent.

18.    Deposition transcripts containing testimony with Confidential Information shall

be prominently marked on the front page with a statement that provides "THIS DEPOSITION

TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO

PROTECTIVE ORDER." Except as to experts, all such deposition transcripts shall also be

prominently marked on the front page with a statement that provides "Deponents shall not retain

or copy portions of the transcript of their depositions that contain Confidential Information not

provided by them or entities they represent." Deposition transcripts containing testimony with

Attorney Eyes Only Information shall be prominently marked on the front page with a statement

that provides "THIS DEPOSITION TRANSCRIPT CONTAINS ATTORNEY EYES ONLY

INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER." Except as to experts, all

such deposition transcripts shall also be prominently marked on the front page with a statement

that provides "Deponents shall not retain or copy portions of the transcript of their depositions
that contain Attorney Eyes Only Information not provided by them or entities they represent."

<u>Inadvertent Production</u>

19.    The inadvertent failure by a producing party to designate specific documents or
materials as containing Confidential or Attorney Only Information shall not be deemed a
waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon
notice to the receiving party of such failure to designate, the receiving party shall cooperate to
restore the confidentiality of the inadvertently disclosed information.

20.    Inadvertent production of documents or information subject to the attorney-client
privilege, work product immunity, or any other applicable privilege or immunity shall not
constitute a waiver of such privilege(s). Inadvertent production of documents or information
shall be handled as follows, but is without prejudice to the right of any party to apply to the
Court for further protection or disclosure relating to discovery:

(a)    Immediately upon receiving notice from the producing party that
documents or materials subject to the attorney-client privilege or work-product immunity have
been inadvertently produced, the receiving party shall, except to the extent necessary to
challenge the privilege claim pursuant to paragraphs 21(b)-(e), not review, copy, or otherwise
disseminate the documents or materials, nor shall it disclose their substance. In addition, the
receiving party shall return the documents or materials and all copies or certify they have been
destroyed within ten (10) days from receiving notice.

(b)    If the receiving party believes it has a good-faith basis for challenging the
privilege claim, Outside Counsel for the receiving party shall provide the Outside Counsel for
the producing party with a written explanation of the good-faith basis for its belief that the

– 11 –

## ROTHWELL, FIGG, ERNST & MANBECK

Suite 800
1425 K Street, N.W.
Washington, D.C. 20005

Telephone:  (202)783-6040
Telefax:  (202)783-6031

### FACSIMILE TRANSMITTAL SHEET

DATE:                    November 6, 2007

TO:                      The Honorable Mary Pat Thynge
                         U.S. Magistrate Judge

FACSIMILE:               **(302) 573-6445**

TELEPHONE:

FROM:                    Sharon L. Davis/E. Anthony Figg

OUR REF. NO.:            3334-102

Number of Pages Including This Transmittal Sheet: ___24___

If any problems in connection with this facsimile, please contact: Debra Chaney at 202-783-6040.

*THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENCY RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICES.  THANK YOU.*

inadvertently produced documents or information are not privileged within fourteen (14) days after receipt of the producing party's request for return.

       (c)    Outside Counsel for the producing party shall respond in writing to receiving party's Outside Counsel's timely challenge to the privilege or immunity claim within seven (7) days from receipt of the challenge.

       (d)    In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party has fourteen (14) days from receipt of the producing party's written response to the privilege challenge to file a motion seeking an order compelling production of the inadvertently produced documents or information. In the event that a motion is made, the producing party shall have the burden of proving that the produced documents or information are privileged. To the extent the substantive content of the inadvertently produced documents or information is used in or with a motion to challenge the privilege or immunity status of such material, such material shall be treated as Attorney Eyes Only Information.

       (e)    Within five (5) days of the receiving party's timely filing of a motion seeking an order compelling production of the inadvertently produced documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the producing party shall file under seal with the Court a copy of the inadvertently produced documents or information for in camera inspection by the Court. A copy of the cover letter forwarding the inadvertently produced documents or information for in camera inspection by the Court shall be provided to the moving party.

<u>Challenges to Confidential or Attorney Eyes Only Information Designation</u>

21.    A party shall not be obligated to challenge the propriety of a Confidential or Attorney Eyes Only Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

(a)    In the event that a party disagrees at any time with a Confidential or Attorney Eyes Only Information designation made by another party, the following procedure shall be used: The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have fourteen (14) days after receiving that written notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

(b)    If, after conferring in good faith, the parties, or the parties and non-party, cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for the designated Confidential Information or Attorney Eyes Only Information shall follow the Court's procedures for discovery disputes as set out in paragraph 3(f) of the Rule 16 Scheduling Order entered in this matter. The designated material shall continue to be treated as Confidential Information or Attorney Eyes Only Information until the issue is resolved by Order of this Court or by agreement of the parties, or the parties and non-party.

(c)    On any motions arising out of the designation of any material as Confidential Information or Attorney Eyes Only Information under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

11/06/2007 11:56 FAX 202 783 6031          ROTHWELL, FIGG, ERNST&MANB                    ☒017

### Improper Disclosure

22.    If any designated material is disclosed to any person contrary to the terms of this Protective Order or other than in the manner authorized by this Protective Order, Outside Counsel of the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party, and without prejudice to the rights and remedies of the producing party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

### Third Party Designations

23.    Where a subpoena, deposition question, or discovery request directed to a party or non-party who is designating Confidential or Attorney Eyes Only Information under this Protective Order calls for otherwise discoverable information that is held by such party or non-party to whom it is directed under obligations of confidentiality owed to another, and the party or non-party to whom the subpoena, deposition question, or discovery request is directed refuses to provide such documents or information on that ground, that party or non-party:

(a)    Shall promptly identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by the subpoena, deposition question, or discovery request and the basis for the obligation of confidentiality, including a copy of any relevant protective order;

(b)    Shall promptly notify the person or entity whose confidentiality interests are implicated by the subpoena, deposition question, or discovery request so that the person or entity may have an opportunity to appear and be heard on whether the information should be disclosed.

- 14 -

**Impoundment of Confidential or Attorney Eyes Only Information**

24.    Confidential or Attorney Eyes Only Information so marked or designated as specified in paragraph 1 shall not be made public by the party to whom it is disclosed, unless it properly becomes part of the public record of this action through actions not in violation of this Protective Order. Any designated Confidential or Attorney Eyes Only Information to be filed by a party with the Court, including briefs, memoranda, transcripts, or other filings that disclose the substance or content of the Confidential or Attorney Eyes Only Information, shall be filed in accordance with Local Rule 7.2, provided that a party may file a motion for impoundment of Confidential or Attorney Eyes Only Information concurrently with the materials sought to be impounded. In the event that a party files a motion for impoundment at the same time as the actual material sought to be impounded and the motion for impoundment is denied in whole or in part, the party that sought impoundment shall have ten (10) business days from the denial of the motion for impoundment to retrieve any Confidential or Attorney Eyes Only Information and/or or file with the Court a version of the material that complies with the Court's order. The parties hereby consent to any motion seeking impoundment of Confidential or Attorney Eyes Only Information.

25.    Prior to the disclosure of any Confidential or Attorney Eyes Only Information or the substance or content thereof at the trial or any hearing of this action, notice shall be given to counsel for the party producing such Confidential or Attorney Eyes Only Information and the Court will entertain motions to assure that the disclosure occurs only in the presence of persons authorized to have access to the Confidential or Attorney Eyes Only Information.

**Advice to Clients**

26.    Nothing in this Protective Order shall bar or otherwise restrict an attorney who is a Qualified Person from rendering advice to his or her client with respect to this action and, in

the course thereof, referring to or relying upon his or her examination of Confidential or

Attorney Eyes Only Information. In rendering such advice and in otherwise communicating with

his or her client, the attorney shall not disclose any Confidential or Attorney Eyes Only

Information if such disclosure would be contrary to the provisions of this Protective Order.

### Miscellaneous

27.    No party shall be responsible to another party for any use made of information

that was produced and not designated as Confidential or Attorney Eyes Only Information.

28.    Nothing in this Protective Order shall prejudice the right of any party to oppose

production of any information for lack of relevance, privilege, or any ground other than

confidentiality.

29.    Nothing in this Protective Order shall prejudice the right of any party to seek at

any time a further order modifying this Protective Order.

30.    In the event that a new party is added, substituted, or brought in, this Protective

Order will be binding on and inure to the benefit of the new party, subject to the right of the new

party to seek relief from or modification of this Protective Order.

31.    Nothing in this Protective Order shall prejudice the right of any party to bring

before the Court at any time the question of whether any greater or lesser restrictions should be

placed upon the disclosure of any Confidential or Attorney Eyes Only Information.

32.    By entering this Protective Order and limiting the disclosure of information in this

case, the Court does not intend to preclude another court from finding that information may be

relevant and subject to disclosure in another case. Any person or party subject to this Protective

Order who becomes subject to a subpoena, motion, governmental or administrative agency

request, or order to disclose such information, documents or things designated as Confidential or

Attorney Eyes Only Information by another party pursuant to the Protective Order shall promptly (but in no event later than ten (10) days after receiving said subpoena, motion, governmental or administrative agency request, or order) notify the designating party of the subpoena, motion, governmental or administrative agency request, or order so that the designating party may have an opportunity to appear and be heard on whether the information should be disclosed.

33. Within ninety (90) days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Confidential or Attorney Eyes Only Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Confidential or Attorney Eyes Only Information shall be either: (a) returned to the attorney of record for the producing party; or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, outside counsel for a receiving party may retain Confidential or Attorney Eyes Only Information to the extent such Confidential or Attorney Eyes Only Information is contained in counsel's work product, correspondence between outside counsel, or in copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order.

34. Within ninety (90) days after the termination of this litigation (including any appeals), any Confidential or Attorney Eyes Only Information that was filed under seal with the Clerk of the Court shall be returned to the attorney of record for the filing party.

35. Time periods referred to herein shall be calculated in accordance with Fed. R. Civ. P. 6.

36. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

- 17 -

37.    Any notice under this Protective Order shall be by facsimile and e-mail to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Sepracor shall be made to Susan M. Dadio, Jayson R. Wolfgang, and William L. Patton; notice to Breath shall be to William A. Rakoczy, Paul J. Molino, Deanne M. Mazzochi and Alan D. Rose, all at their respective offices of record filed with this Court for this civil action.

**SO ORDERED:**

Dated: _February 27, 2007_        _Dwight P. Woodlock_
                                  Hon. Douglas P. Woodlock
                                  United States District Court for the
                                  District of Massachusetts

**SO STIPULATED AND AGREED TO:**

BUCHANAN INGERSOLL & ROONEY PC    ROPES & GRAY

By: _____    By: _____
   Todd R. Walters                  William L. Patton
   Susan M. Dadio                   F. Turner Buford
   Buchanan Ingersoll & Rooney PC   One International Place
   1737 King Street, Suite 500      Boston, MA 02210-2624
   Alexandria, VA 22314-2727        (617) 951-7242 (Phone)
   Telephone: (703) 836-6620        (617) 951-7050 (Fax)
   Facsimile: (703) 836-2021

   Jayson R. Wolfgang
   Buchanan Ingersoll & Rooney PC
   One South Market Square
   213 Market Street, 3rd Floor
   Harrisburg, PA 17101-2121
   Telephone: (717) 237-4800
   Facsimile: (717) 233-0852

Dated: February 19, 2007    Dated: 2/15/07


RAKOCZY MOLINO MAZZOCHI    ROSE CHINITZ & ROSE
SIWIK LLP

By: _____    By: _____
   William A. Rakoczy              Alan D. Rose, Sr
   Paul J. Molino                  Michael L. Chinitz
   Deanne M. Mazzochi              29 Commonwealth Avenue
   6 West Hubbard Street           Boston, MA 02116
   Suite 500                       (617) 536-0040
   Chicago, IL 60610
   (312) 222-6301
   (312) 222-6321

Dated: 2/19/07    Dated: 2/19/07

– 19 –

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

SEPRACOR INC.,

               Plaintiff,     C.A. No. 06-10043-DPW

               v.

BREATH LIMITED,

               Defendant.

### DECLARATION

I, _____, being duly sworn, declare as follows:

   1. My home address is _____.

   2. My present employer is _____ and the address of my present

employer is _____.

   3. My present occupation or job description is _____.

   4. I have carefully read and understand the provisions of the Stipulated Protective Order in

this case approved by the U. S. District Court Judge Douglas P. Woodlock on

_____, and I will comply with and agree to be bound by all of the

provisions of the Stipulated Protective Order.

   5. I will hold in confidence and not disclose to anyone any Confidential Information or

Attorney Eyes Only Information or any words, summaries, abstracts or indices of Confidential

Information or Attorney Eyes Only disclosed to me, except in accordance with the Stipulated

Protective Order.

— 1 —

6.  I shall not use or refer to any of the documents, things, and/or any information designated under the Stipulated Protective Order other than in connection with this litigation and as prescribed in the Stipulated Protective Order.

7.  Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as containing Confidential Information, or Attorney Eyes Only Information, and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

8.  I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Stipulated Protective Order.

9.  I declare under penalty of perjury that the foregoing is true and correct.

By: _____        Dated: _____

Subscribed and sworn to before me

this _____ day of _____ ,2006.

_____
Notary Public
My Commission Expires:

– 2 –