# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

June 11, 2008

The Honorable Joseph J. Farnan, Jr.  VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:   *Sepracor, Inc. v. Dey, L.P., et al.; Sepracor, Inc. v. Barr Laboratories, Inc.*,
      C.A. No. 06-113-JJF (Consolidated)

Dear Judge Farnan:

I represent the Dey defendants in the above litigation. During the March 7, 2008 hearing on Sepracor's motion to consolidate its cases against Dey and Barr, Your Honor directed counsel to call or write to request a *Markman* hearing date once *Markman* briefing was complete, promising an early hearing date if Sepracor's case against Breath in the District of Massachusetts (the "*Breath* case") had settled, and a later *Markman* hearing date if it had not (D.I. 259, at 23). *Markman* briefing is complete and the *Breath* case has in fact settled, but Sepracor and Barr are doing everything possible to hinder the seemingly simple task of requesting a hearing date – in the transparent hope of keeping Your Honor from remembering and honoring the promise of an early *Markman* hearing now that *Breath* has settled. I am writing to ask for the Court's help.

Noting that there currently is no scheduling order in place in this case, Ms. Krett asked that the request for a *Markman* hearing date be submitted in the form of a proposed order, so that there will be an order on the docket memorializing how the remainder of the litigation will proceed. I therefore prepared and circulated a stipulated order that accurately set forth the Court's March 7th ruling in every respect. Among other things, it: (i) recited that counsel were to contact the Court to request a *Markman* hearing date upon the completion of briefing, and that if the *Breath* case had settled, an early date would be set; (ii) stated that *Markman* briefing had been completed and the *Breath* case had settled; (iii) provided a blank for the Court to fill in a hearing date; and (iv) directed that one week after the issuance of the Court's *Markman* decision, the parties should submit a proposed schedule for the completion of expert discovery and should request the scheduling of dates for the pretrial conference and trial. In deference to representations by counsel for Sepracor and Barr that due to other commitments they could not be prepared for a hearing any sooner than mid-July, Dey's draft stipulated order proposed a date in mid-July or as soon thereafter as the Court's calendar could accommodate.

In drafting the proposed stipulated order, it was of paramount importance to Dey to remind Your Honor of the Court's promise to schedule an early *Markman* hearing if the *Breath*

The Honorable Joseph J. Farnan, Jr.
June 11, 2008
Page 2

case settled. All remaining significant case events are going to await the issuance of the Court's *Markman* decision, so Dey is understandably anxious for a *Markman* hearing to take place as soon as possible. As busy as this Court is, Your Honor cannot be expected to recall, without assistance, what you said at a hearing three months earlier, and in the absence of a reminder, Your Honor easily could forget to instruct your staff to select an early date. Nonetheless, Sepracor insisted upon the removal of all text containing any mention whatsoever of the Court's promise to set an early *Markman* hearing date in the event the *Breath* case settled -- even though Sepracor has not disputed the accuracy of the pertinent text in any respect, has not identified anything unfair or prejudicial about it, and has not offered a single reason for striking it other than to say Sepracor "does not see the need" for it. When Dey explained its unwillingness to strike that language, Barr quickly proposed a "compromise" version of the stipulation that differed from Sepracor's version in certain respects but similarly omitted any reminder of the Court's expressed intentions regarding an early hearing date, and Sepracor then even more quickly, "in the spirit of cooperation," graciously offered its consent to Barr's proposal. The only possible explanation for Sepracor's and Barr's insistence upon concealing any reference whatsoever to the early *Markman* hearing date the Court said it would schedule is the transparent hope that despite all parties saying they are available for a hearing in mid-July, the Court will forget its promise and schedule a *Markman* hearing date much later.

    Dey apologizes for burdening so busy a court with so ridiculous a dispute, but we are very frustrated by the gamesmanship to which we are being subjected by Sepracor and Barr. Dey respectfully requests that Your Honor select a *Markman* hearing date in mid-July or as soon thereafter as the Court's calendar permits, and that the Court enter the attached form of order.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
Attachment

c:    Jack B. Blumenfeld, Esquire (by hand and via electronic mail; w/attachment)
      Richard K. Herrmann, Esquire (by hand and via electronic mail; w/attachment)
      Joseph M. O'Malley, Jr., Esquire (via electronic mail; w/attachment)
      Imron T. Aly, Esquire (via electronic mail; w/attachment)

{00222756;v1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DEY, L.P. and DEY, INC., | ) C.A. No. 06-113-JJF |
| Defendants. | ) (Consolidated) ) |
| SEPRACOR, INC., | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BARR LABORATORIES, INC., | ) ) |
| Defendant. | ) |

## **ORDER**

WHEREAS, during the March 7, 2008 hearing on Sepracor, Inc.'s motion to consolidate its case against Dey, L.P. and Dey, Inc. (C.A. No. 06-113-JJF) with its case against Barr Laboratories, Inc. (C.A. No. 07-438-JJF), the Court decided to grant Sepracor's consolidation motion but stated that if the *Sepracor v. Breath* case in the District of Massachusetts (the "*Breath* case") were to settle, then the Court would schedule an early *Markman* hearing in this case;

WHEREAS, on March 20, 2008, the Court entered an order (D.I. 262) that, *inter alia:* (i) consolidated the aforementioned Delaware cases; (ii) directed the parties to contact the Court to schedule a *Markman* hearing once claim construction briefing was complete; (iii) directed that the completion of expert discovery occur after the Court issues its *Markman* decision; and (iv) stated that the parties should be prepared to go to trial within 90 days after the issuance of the Court's *Markman* decision;

WHEREAS, claim construction briefing in this case is complete;

WHEREAS, the *Breath* case has settled; and

WHEREAS, the Court is advised that due to scheduling commitments in June, Sepracor's counsel and Barr's counsel are not available for a *Markman* hearing until mid-July 2008, but that all parties are available for a *Markman* hearing in mid-July 2008 or as soon thereafter as the Court's calendar permits; now therefore,

IT IS HEREBY ORDERED as follows:

1. The Court will conduct a *Markman* hearing on _____, 2008 at _____.

2. One week after the issuance of the Court's *Markman* decision, the parties shall submit a proposed schedule for the completion of expert discovery, and shall request the scheduling of dates for the pretrial conference and trial.

_____                    _____
DATE                                            UNITED STATES DISTRICT JUDGE