# Morris James LLP

Richard K. Herrmann
302.888.6816
rherrmann@morrisjames.com

June 11, 2008

**VIA EFILING AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
USDC for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Sepracor Inc. v. Barr Laboratories, Inc.*, C.A. No. 06-113 JJF

Your Honor:

      The parties do not disagree that a *Markman* hearing date should be requested, now that the Massachusetts case *Sepracor v. Breath* has settled. The parties do not disagree that this request could be submitted in the form of a Proposed Order, something that could be done in a very straightforward way asking the Court for a hearing date. The parties also do not disagree that the hearing should occur "in mid-July 2008 or as soon thereafter as the Court's calendar permits."

      Indeed, there was and remains no substantive dispute. Instead, Dey disagreed about the form of the Proposed Order, and did not want to present a straightforward request for a hearing, despite efforts by both Barr and Sepracor to compromise on the proposed language. Instead, Dey insisted that the Proposed Order contain language with Dey's own interpretation and argument about what the Court stated at an earlier hearing. As Dey writes, it wanted to "remind" the Court when it should have its *Markman* hearing, and allege that the Court "promise[d]" to set an early hearing. We did not think it appropriate to make these arguments, particularly when such language is not pertinent to the universally-agreed understanding that the Court should schedule a *Markman* hearing whenever it is convenient to the Court after mid-July 2008. Again, Sepracor, Barr, and Dey all agreed and still agree that the hearing should occur "in mid-July 2008 ***or as soon thereafter as the Court's calendar permits***."

      We attach Barr's correspondence with the other parties and its compromise Proposed Order to the Court regarding a *Markman* hearing. Barr's proposal is submitted in red-line format for the Court's convenience, comparing Barr's proposal to Dey's. Barr did not communicate with Sepracor in advance of submitting its compromise proposal, but Sepracor agreed with Barr's compromise proposal. Given the correspondence and the non-dispute about the substance of the request, we are troubled by Dey's serious accusations that Barr was somehow "doing everything possible to hinder" scheduling a hearing, that Barr was "concealing" reference to a hearing date, or that Barr was somehow involved in "gamesmanship." This is simply not true.

The Honorable Joseph J. Farnan, Jr.  
June 11, 2008
Page 2

We are available for further information or communication at the Court's direction.

        Respectfully,

        *Richard K. Herrmann*

        Richard K. Herrmann, I.D. No. 405
        *rherrmann@morrisjames.com*

RKH/sch

cc:    Jack B. Blumenfeld, Esq. (via email and hand delivery)
       Steven J. Balick, Esq. (via email and hand delivery)
       Preston K. Ratliff, II, Esq. (via email)
       Elizabeth A. Leff, Esq. (via email)

## Hadley, Susan C.

**From:** Aly, Imron T. [IAly@winston.com]
**Sent:** Wednesday, June 11, 2008 2:25 PM
**To:** Herrmann, Richard K.; Hadley, Susan C.
**Subject:** FW: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

---

**From:** Aly, Imron T.
**Sent:** Tuesday, June 10, 2008 2:22 PM
**To:** 'SBalick'; prestonratliff@paulhastings.com
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; josephomalley@paulhastings.com; rherrmann@morrisjames.com; Lombardi, George C.; Erickson, Elizabeth H.; eleff@flhlaw.com; JDay; TLydon
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

I am intrigued by the hullabaloo caused by a pretty simple proposition: send something to the Court to schedule a Markman hearing.  Barr's point of view is that Dey's proposal adds argument that is the subject of interpretation based upon the March 7 hearing transcript.  Rather than dispute what is and what is not the proper interpretation, please see the attached compromise proposal (in redline format) to be submitted.  If Dey insists on filing its own separate proposal without consent, for no apparent reason other than to have something on file today, then Barr will simply point out that it tried to offer this alternative compromise proposal, for the reasons stated in this e-mail.

Imron

---

**From:** SBalick [mailto:SBalick@ashby-geddes.com]
**Sent:** Tuesday, June 10, 2008 1:36 PM
**To:** prestonratliff@paulhastings.com
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; josephomalley@paulhastings.com; rherrmann@morrisjames.com; Lombardi, George C.; Aly, Imron T.; Erickson, Elizabeth H.; eleff@flhlaw.com; JDay; TLydon
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Hi Preston.  Your revised stipulation is not acceptable to Dey.

At the March 7th hearing Judge Farnan promised us an early Markman hearing if the Breath case settled, and since other than the completion of fact discovery with Barr nothing else is going to happen in this case until after a claim construction decision is issued, it is of great importance to Dey how soon the Markman hearing takes place.  We therefore are not willing to delete the text reminding His Honor of what he said in March and informing him that his conditions for an earlier Markman date have been met.  Were we to do so, there is a significant risk that Judge Farnan simply would sign the order and tell his staff to plug in a hearing date without giving them further instructions as to timing, and that a hearing date many months from now would be the result.  Judge Farnan is extremely busy, and he is unlikely to remember what he said three months ago as to how he intended to proceed.  As for the May 8th letter, not only is he also unlikely to remember or focus upon what was said in a letter that he saw a full month ago, but he probably never even saw the May 8th letter.  His case manager's call telling us that in light of the absence of a scheduling order we should submit our request for a Markman date in the form of an order probably means that she never passed the letter along to him, but rather is instead waiting to present him with our proposed order.

You have not disputed the accuracy of the text you deleted, you have not identified anything that is unfair

or prejudicial about it, and in fact you have not offered a single reason for your deletion of that text other than to say that Sepracor "does not see the need" for it. Although I fully appreciate that nothing would make you happier than for His Honor to forget what he told us in March and schedule a Markman hearing many months from now, your hope for such accidental delay is not a legitimate reason to delete this text.

Although our strong preference was to submit this as a document to which all parties had stipulated, we will convert our original text into the format of a regular (i.e., non-stipulated) order and send it to Judge Farnan for his consideration with a cover letter explaining that we have done so because you were unwilling to include the text reminding him of how he said he intended to proceed. If you change your mind and decide that you would prefer to sign the original stipulated order rather than bother His Honor with a dispute over this issue, and if Barr consents to our original text as well, then please let me know by no later than the close of business today. In the absence of consent by both Sepracor and Barr to the original stipulated order, Dey will file its letter and proposed order this evening.

Thanks.

Steve

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899 (19801 for courier deliveries)
Main: 302-654-1888
Direct: 302-504-3700
Facsimile: 302-654-2067
E-Mail: sbalick@ashby-geddes.com

---

**From:** Ratliff, Preston K. [mailto:prestonratliff@paulhastings.com]
**Sent:** Tuesday, June 10, 2008 10:53 AM
**To:** SBalick; JDay; TLydon; Leff, Elizabeth; Aly, Imron T.; Erickson, Elizabeth H.; Lombardi, George C.; rherrmann@morrisjames.com
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Counsel,

Attached in redline form are Sepracor's comments to the proposed order. The revised form of order directly responds to the request of Judge Farnan's case manager, i.e., it requests a Markman hearing in the form of a proposed scheduling order. Further, Sepracor does not see the need to include language in the order that attempts to remind Judge Farnan of what he said at the March hearing. As you will recall, Dey recently did that in its May 8, 2008 letter to the Court.

Very truly yours,

Preston

---

**Preston K. Ratliff II, Litigation Associate | Paul, Hastings, Janofsky & Walker LLP | 75 East 55th Street, New York, NY 10022| direct: 212 318 6055 | main: 212 318-6000 | direct fax: 212 230 7742 | prestonratliff@paulhastings.com| www.paulhastings.com**

---

**From:** SBalick [mailto:SBalick@ashby-geddes.com]

**Sent:** Friday, June 06, 2008 4:14 PM
**To:** Aly, Imron T.
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.; Ratliff, Preston K.; Leff, Elizabeth; rherrmann@morrisjames.com; Lombardi, George C.; Erickson, Elizabeth H.; JDay; TLydon
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Hi Imron. My apologies for the unexpected delay in getting back to you and the others. I agree with you that there no longer is a dispute about the hearing date we're requesting and that there no longer should be any need for competing proposals by the parties. However, my conversation with John Day the other night made clear that we need to approach this differently than with the letter I had circulated, and other commitments delayed my being able to draft an alternative proposal for consideration by you and Sepracor's counsel.

According to John, when Judge Farnan's case manager (Debbie) called it was in response to an earlier letter requesting the scheduling of a Markman hearing, and what she said was that there currently is no scheduling order in place in this case, that there needs to be a scheduling order in effect, and that her notes from the March hearing reflect that Judge Farnan wants us to submit our request for the scheduling of a Markman hearing in the form of a proposed scheduling order. That being the case, we obviously cannot simply submit a new letter asking for a Markman hearing, or she'll think that we've simply ignored what she said.

I re-read the March transcript, and unless Debbie had a private conversation with His Honor after the hearing in which he instructed her differently, her understanding is not what Judge Farnan said at the hearing. My reading is that His Honor said that we should notify him when Markman briefing is complete and request a hearing date, that if the Breath case has settled he'll give us an early hearing date, that we're not going to finish expert discovery until after he issues a Markman decision, and that once he issues a Markman decision we should be prepared to go to trial within 90 days. In essence that is the schedule for now. Basically, nothing else is going to happen in the case until he issues a claim construction decision, and the only issue at present is how soon we're going to have the Markman hearing.

In order to comply with what Judge Farnan told us at the hearing, and at the same time satisfy His Honor's case manager that we've done what she asked, I think the smartest thing for us to do is submit a simple stipulated order for Judge Farnan to sign, with no accompanying letter, and I've attached my proposal for your review. It reminds him of and is entirely consistent with what he said at the hearing, it provides a blank in which he can insert a Markman hearing date, and it gives his case manager an order reflecting how the litigation will proceed from here, so that she'll feel that she has done her job and gotten an order on the docket which so indicates.

Please let me know whether this document is acceptable. I've tried hard to draft it in a way that no one should find objectionable, and given the two days that I've now caused us to lose, I would greatly appreciate everyone's cooperation in authorizing me to get this on file as soon as possible.

Thanks.

Steve

---

**From:** Aly, Imron T. [mailto:IAly@winston.com]
**Sent:** Wednesday, June 04, 2008 4:29 PM
**To:** SBalick; Ratliff, Preston K.
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.; Leff, Elizabeth; rherrmann@morrisjames.com; Lombardi, George C.; Erickson, Elizabeth H.; JDay; TLydon
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Thank you, Steve. I appreciate your thoughtful approach. I will point out that I informed Ms. Leff by letter May 27 that we were not available in the third week of June (which was at the time the requested week for the hearing, per her May 23 letter). At this point, based on your email, is there

any dispute any longer? Can we all agree to say we would like a date as soon as possible but, to accommodate schedules and for preparation, not sooner than mid-July? Of course this is all subject to what John Day learned, so we are happy to wait until we learn more, but in the meantime wanted the question out there.

Imron

---

**From:** SBalick [mailto:SBalick@ashby-geddes.com]
**Sent:** Wednesday, June 04, 2008 3:05 PM
**To:** Ratliff, Preston K.
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.; Leff, Elizabeth; rherrmann@morrisjames.com; Lombardi, George C.; Aly, Imron T.; Erickson, Elizabeth H.; JDay; TLydon
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)


      Hi Preston. We don't have any objection to this revision. However, in light of your representation that Sepracor and Barr have scheduling conflicts that preclude your being able to be prepared for the hearing prior to mid-July, we're inclined to delete the dash and the words thereafter at the end of our paragraph (i.e., " -- if at all possible, in June 2008.")

      This afternoon was the first we've heard that you have scheduling conflicts necessitating a mid-July hearing. It had been our impression that you opposed a hearing sooner than mid-July because you simply felt you needed that much time to prepare, which struck us as excessive given that briefing was finished at the beginning of May. But in light of your representation, we'll delete our request for a June date but retain the text reminding His Honor that he promised us an early Markman hearing so that he hopefully won't set a date any later than mid-July. A revised letter with these revisions is attached for your review.

      One final point: I understand that my colleague John Day had gotten a call from Judge Farnan's case manager sometime last month, indicating how she wanted us to proceed. John is in trial, and I'm reluctant to send this letter without first speaking with him and making certain that this letter is not inconsistent with whatever instructions he was given. The attached draft therefore is subject to the possibility of our proposing further revisions after I've had the chance to speak with him this evening, even though I recognize that the letter may not be able to be submitted until tomorrow as a result.

      Best regards.

      Steve

---

**From:** Ratliff, Preston K. [mailto:prestonratliff@paulhastings.com]
**Sent:** Wednesday, June 04, 2008 2:33 PM
**To:** SBalick; Leff, Elizabeth; rherrmann@morrisjames.com; glombardi@winston.com; ialy@winston.com; eerickson@winston.com
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Steve,

We made a minor revision to the first sentence of Sepracor's and Barr's proposal regarding the scheduling of a Markman hearing (see attached). If Dey does not have any further comments, please circulate a proposed final version of the letter.

Very truly yours,

Preston

---

**From:** Ratliff, Preston K.
**Sent:** Wednesday, June 04, 2008 12:16 PM
**To:** SBalick; Leff, Elizabeth; rherrmann@morrisjames.com; glombardi@winston.com; ialy@winston.com; eerickson@winston.com
**Cc:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.
**Subject:** RE: Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

Steve,

Attached (in redline form) are comments to the proposed letter to the Court. These comments include Sepracor's and Barr's proposed language regarding the scheduling of a Markman hearing.

Very truly yours,

Preston

---

**From:** SBalick [mailto:SBalick@ashby-geddes.com]
**Sent:** Monday, June 02, 2008 9:14 PM
**To:** jblumenfeld@mnat.com; klouden@mnat.com; O'Malley, Joseph M.; Wexler, Bruce M.; Ratliff, Preston K.; rherrmann@morrisjames.com; glombardi@winston.com; ialy@winston.com; eerickson@winston.com
**Subject:** Sepracor v. Dey and Barr, C.A. No. 06-113-JJF (Consolidated)

    Hi everyone. Based on my understanding of the discussion during this afternoon's teleconference among counsel in the above litigation, I have drafted the attached revised letter to the Court seeking the scheduling of a Markman hearing. If you please will provide me with proposed language concerning your clients' positions, I will insert it where indicated.

    I note that Dey reserves the right to revise the wording of its proposal once it has seen Sepracor's and Barr's proposal. If Dey does make any such revisions, we will afford you the opportunity to further revise your wording as well once you have seen our further revised wording.

    Please respond as soon as you can. We would like to submit this on Tuesday.

    Best regards.

                     Steve

Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899 (19801 for courier deliveries)
Main: 302-654-1888
Direct: 302-504-3700
Facsimile: 302-654-2067
E-Mail: sbalick@ashby-geddes.com

```
_____
***********************************************************
IRS Circular 230 Disclosure:    As required by U.S.

Treasury Regulations governing tax practice, you are

hereby advised that any written tax advice contained

herein was not written or intended to be used (and cannot

be used) by any taxpayer for the purpose of avoiding

penalties that may  be imposed under the U.S. Internal

Revenue Code.
***********************************************************
This message is sent by a law firm and may contain

information that is privileged or confidential.  If you

received this transmission in error, please notify the

sender by reply e-mail and delete the message and any

attachments.

For additional information, please visit our website at

www.paulhastings.com.
```

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

```
_____
***********************************************************
IRS Circular 230 Disclosure:    As required by U.S.

Treasury Regulations governing tax practice, you are

hereby advised that any written tax advice contained

herein was not written or intended to be used (and cannot

be used) by any taxpayer for the purpose of avoiding

penalties that may  be imposed under the U.S. Internal

Revenue Code.
***********************************************************
This message is sent by a law firm and may contain

information that is privileged or confidential.  If you

received this transmission in error, please notify the
```

```
    sender by reply e-mail and delete the message and any

    attachments.

    For additional information, please visit our website at

    www.paulhastings.com.
```

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
****************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEPRACOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEY, L.P. and DEY, INC., ) | C.A. No. 06-113-JJF |
| ) | (Consolidated) |
| Defendants. ) | |
| _____) | |
| SEPRACOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BARR LABORATORIES, INC., ) | |
| ) | |
| Defendant. ) | |

**STIPULATED ORDER**

WHEREAS, during the March 7, 2008 hearing on Sepracor, Inc.'s motion to consolidate its case against Dey, L.P. and Dey, Inc. (C.A. No. 06-113-JJF) with its case against Barr Laboratories, Inc. (C.A. No. 07-438-JJF), the Court asked Sepracor to announce any settlement of the *Sepracor v. Breath* case in the District of Massachusetts (the "*Breath* case"), in order to inform the scheduling of the *Markman* hearing in this Delaware case;

WHEREAS, claim construction briefing in this case is complete;

WHEREAS, the *Breath* case has settled; and

WHEREAS, due to scheduling commitments in June, Sepracor's counsel and Barr's counsel are not available for a *Markman* hearing until mid-July 2008, but the parties respectfully

- **Deleted:** decided to grant Sepracor's consolidation motion but stated that if the
- **Deleted:** were to settle
- **Deleted:** then the Court would schedule an early
- **Deleted:**
- **Deleted:** WHEREAS, on March 20, 2008, the Court entered an order (D.I. 262) that, *inter alia*: ¶
(i) consolidated the aforementioned Delaware cases; (ii) directed the parties to contact the Court ¶
――――――――Page Break――――――――
to schedule a *Markman* hearing once claim construction briefing was complete; (iii) directed that the completion of expert discovery occur after the Court issues its *Markman* decision; and ¶
(iv) stated that the parties should be prepared to go to trial within 90 days after the issuance of the Court's *Markman* decision; ¶

{00221960;v1}

request the scheduling of a *Markman* hearing in mid-July 2008 or as soon thereafter as the Court's calendar permits; now therefore,

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, as follows:

1. The Court will conduct a *Markman* hearing on _____, 2008 at _____.

2. One week after the issuance of the Court's *Markman* decision, the parties shall submit a proposed schedule for the completion of fact and expert discovery, and shall request the scheduling of dates for the pretrial conference and trial.

2

| MORRIS NICHOLS ARSHT & TUNNELL LLP | ASHBY & GEDDES |
|---|---|
| _____ | _____ |
| Jack B. Blumenfeld (I.D. #1014) | Steven J. Balick (I.D. #2114) |
| Karen Jacobs Louden (I.D. #2881) | John G. Day (I.D. #2403) |
| 1201 N. Market Street | Tiffany Geyer Lydon (I.D. #3950) |
| P.O. Box 1347 | 500 Delaware Avenue, 8th Floor |
| Wilmington, DE  19899 | P.O. Box 1150 |
| (302) 658-9200 | Wilmington, DE  19899 |
| jblumenfeld@mnat.com | (302) 654-1888 |
| klouden@mnat.com | sbalick@ashby-geddes.com; |
| *Attorneys for Plaintiff Sepracor Inc.* | jday@ashby-geddes.com |
|  | tlydon@ashby-geddes.com |
|  | *Attorneys for Defendants Dey, L.P. and Dey, Inc.* |

**Deleted:** Delaware

MORRIS JAMES LLP

_____
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 571-1750
rherrmann@morrisjames.com
mmatterer@morrisjames.com
*Attorneys for Defendant Barr Laboratories, Inc.*

 SO ORDERED, this _____ day of _____, 2008.

_____
United States District Judge