IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-113-JJF |
| DEY L.P. and DEY, INC., | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Sepracor Inc.'s ("Sepracor") Motion For A Protective Order (D.I. 347). For the reasons discussed Sepracor's Motion will be DENIED.

Sepracor fails to persuade the Court that there is good cause to prohibit the depositions. There is no evidence to show that Dey L.P. and Dey, Inc., (collectively "Dey") have acted in bad faith, nor has Sepracor shown that it will face a significant burden that would warrant a protective order. The root of Sepracor's argument is that Dey missed its chance to depose the witnesses (Hal Butler and Scott Wilkinson). While there has been a fair amount of time lost in this case, Sepracor has not demonstrated any particular ways that it will be prejudiced by the Court allowing the depositions.

On the issue of timing, in cases where timing issues (either the passage of extended time or very short notice) have been determined to warrant a protective order due to prejudice, the

time constraints have been much more dramatic than are present in this case. See, Harry A. V. Duncan, 223 F.R.D. 536 (D. Mont. 2004); Lloyd v. Cessna Aircraft Co., 430 F. Supp. 25 (E.D. Tenn. 1976); Spangler v. Southeastern Greyhound Lines, 10 F.R.D. 10 (D. Tenn. 1950).  In those cases depositions were sought days before trial or in massive quantities shortly before trial.  The time issues here are of a different magnitude where two depositions are sought after the close of discovery, but not particularly close to trial.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 15 day of September, 2009, that Plaintiff's Motion For A Protective Order (D.I. 347) is **DENIED**.

_September 15, 2009_
DATE

_____
UNITED STATES DISTRICT JUDGE

2